IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MORGAN, LEWIS & BOCKIUS LLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CV 2748 |
| | ) | Judge Pallmeyer |
| CITY OF EAST CHICAGO, | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff Morgan, Lewis & Bockius LLP ("Morgan Lewis"), by its undersigned attorneys, moves the Court for entry of an order remanding the above-captioned action to the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. § 1447(c). In support of this motion, Morgan Lewis states:

1. Morgan Lewis is a limited liability partnership.

2. For diversity jurisdiction purposes, the citizenship of a limited liability partnership is determined by the citizenship of all its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007); *Commwealth Ins. Co v. Titan Tire Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004).

3. Charles Lubar ("Lubar") is a Morgan Lewis partner. (D'Agostino Decl., ¶3, attached as Exhibit A to Memorandum of Law in Support of Motion to Remand.)

4. Lubar is a United States citizen domiciled in London, United Kingdom. (*Id.*)

5. Lisa Yano ("Yano") is a Morgan Lewis partner. (*Id.* ¶4.)

6. Yano is a United States citizen domiciled in Tokyo, Japan. (*Id.*)

7. A U.S. citizen domiciled abroad has no State citizenship for purposes of diversity jurisdiction. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731, 733 (7th Cir. 2003) *see also Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68-69 (2d Cir. 1990); *Thompson v. Deloitte & Touche LLP*, 503 F. Supp. 2d 1118, 1121-125 (S.D. Iowa 2007).

8. Because Lubar and Yano are "stateless" for diversity purposes, their status precludes the Court from exercising diversity jurisdiction over this action.

9. Furthermore, even if Lubar is considered a dual citizen of the United States and the United Kingdom (*see* Ex. A, ¶3), his U.S. citizenship is controlling, and his foreign citizenship does not confer diversity jurisdiction on the Court. *See Sadat v. Mertes*, 615 F.2d 1176, 1187-88 (7th Cir. 1980).

10. Because Lubar and Yano's status destroys diversity of citizenship between Morgan Lewis and Defendant, the City of East Chicago, the Court has no subject matter jurisdiction over this action.

11. The Court's lack of subject matter jurisdiction requires that this action be remanded to the Circuit Court of Cook County.

12. Additionally, because this action was wrongfully removed, Morgan Lewis is entitled to recover the attorney's fees incurred as a result of its removal. *See, e.g., Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007); *Tenner v. Zurek*, 168 F.3d 328, 330-31 (7th Cir. 1999).

**FOR THESE REASONS**, Morgan Lewis requests that the Court enter an order remanding this action to the Circuit Court of Cook County and awarding reasonable attorney's fees incurred as a result of the removal of this action.

Dated:   June 5, 2008                          Respectfully submitted,

/s/ Tina B. Solis
One of the Attorneys for
MORGAN, LEWIS & BOCKIUS LLP

F. Thomas Hecht (ARDC #1168606)
Tina B. Solis (ARDC #6242461)
Seth A. Horvath (ARDC #6283110)
Ungaretti & Harris LLP
3500 Three First National Plaza
Chicago, Illinois 60602
Telephone (312) 977-4400
Facsimile (312) 977-4405

**SERVICE OF DOCUMENTS BY ELECTRONIC MEANS**

I, Tina B. Solis, an attorney, certify that service of this document was accomplished pursuant to ECF on all Electronic Filing Users of record this 5th day of June 2008.

/s/ Tina B. Solis

1160184-3                                3