IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MORGAN, LEWIS & BOCKIUS LLP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF EAST CHICAGO, ) <br> ) <br> Defendant. ) | <br><br><br><br>No. 08 CV 2748 <br> Judge Pallmeyer <br> Magistrate Judge Schenkier |

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S MOTION TO REMAND**

Plaintiff Morgan, Lewis & Bockius LLP ("Morgan Lewis"), by its undersigned attorneys, submits the following Memorandum of Law in support of its Motion to Remand the above-captioned action to the Circuit Court of Cook County, Illinois.

**BACKGROUND**

Morgan Lewis filed the Complaint in this action in the Circuit Court of Cook County, Illinois, on April 11, 2008. The Complaint alleges that Defendant, the City of East Chicago (the "City" or "East Chicago"), refused to pay the agreed legal fees charged by Morgan Lewis to the City in connection with Morgan Lewis' representation of the City in approximately forty matters, including numerous civil rights and breach of contract actions. (Docket #13, Ex. A, ¶1.) The Complaint seeks to recover 3.2 million dollars in legal fees and costs, plus interest, from the City. (*Id.* ¶6.)

On May 12, 2008, the City filed a Notice of Removal removing this action from the Circuit Court of Cook County to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (Docket #13.) According to the City, this Court has original jurisdiction under 28 U.S.C. § 1332(a), because the amount in controversy exceeds the jurisdictional minimum of

$75,000, exclusive of interest and costs, and diversity of citizenship exists between Morgan Lewis and East Chicago. (*Id.* ¶11.) The City asserts that it is a citizen of Indiana, and that "none of [Morgan Lewis'] partners, of counsel attorneys, or senior counsel are domiciled in the State of Indiana," but rather "are citizens of Illinois, with the exception of one, who is a citizen of Minnesota." (*Id.* ¶7.)

## ARGUMENT

28 U.S.C. § 1332 grants federal district courts original jurisdiction on the basis of diversity of citizenship. *See* 28 U.S.C. § 1332. The United States Supreme Court has interpreted the statute to require "'complete diversity.'" *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). Complete diversity means that the parties on one side of a controversy have different citizenship than each of the parties on the other side. *See Strawbridge*, 7 U.S. at 267. For diversity jurisdiction purposes, the citizenship of a limited liability partnership is determined by the citizenship of all its partners. *Carden*, 494 U.S. at 195-96; *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007); *Commwealth Ins. Co v. Titan Tire Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004). An individual's State citizenship is based on his or her domicile, which is determined by the individual's residence in a State plus the intent to remain a resident there. *See Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980).

Charles Lubar ("Lubar") is a Morgan Lewis partner. (Ex. A, D'Agostino Decl. ¶3.) He is a United States citizen domiciled in London, United Kingdom. (*Id.*) Lisa Yano ("Yano") is also a Morgan Lewis partner. (*Id.* ¶4.) She is a United States citizen domiciled in Tokyo, Japan. (*Id.*) As set forth below, Lubar and Yano's status precludes

the Court from exercising diversity jurisdiction over this controversy. Accordingly, this action must be remanded to the Circuit Court of Cook County. *See* 28 U.S.C. § 1447(c).

**I.  East Chicago's Notice of Removal improperly considers only the citizenship of the partners practicing in Morgan Lewis' Chicago office in determining whether the Court has diversity jurisdiction over this controversy.**

In its Notice of Removal, East Chicago correctly acknowledges that "[Morgan Lewis'] citizenship for purposes of diversity jurisdiction is the citizenship of its owners, partners, or other principals." (Docket #13, ¶5.)  But East Chicago then confines its inquiry into Morgan Lewis' citizenship to the citizenship of the partners practicing in Morgan Lewis' Chicago office. This is improper.

As mentioned, the citizenship of a limited liability partnership is determined by the citizenship of *all* its partners. *See Carden*, 494 U.S. at 195-96 (rejecting the contention that to determine the citizenship of an artificial entity for diversity purposes the court may consult the citizenship of less than all of the entity's members and adhering "to the oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members'"); *Camico*, 474 F.3d at 992 ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."); *Commonwealth Ins.*, 398 F.3d at 881 n.1 ("[L]imited liability companies are *unincorporated* entities, and, for diversity purposes, 'limited liability companies are citizens of every state of which any member is a citizen.'" (emphasis in original)). Therefore, the Court must consider the citizenship of the partners in all Morgan Lewis' offices to determine whether diversity jurisdiction exists in this case.

**II. Charles Lubar's status as a U.S. citizen domiciled in London and Lisa Yano's status as a Morgan Lewis partner domiciled in Tokyo preclude the Court from exercising diversity jurisdiction over this controversy.**

Section 1332(a)(1) of the diversity statute allows for diversity jurisdiction where the controversy is between "citizens of different States." 28 U.S.C. § 1332(a)(1); *see also* 28 U.S.C. § 1332(a)(3) (allowing diversity jurisdiction where controversy is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties"). A U.S. citizen domiciled abroad has no State citizenship. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State. The problem in this case is that [the defendant], although a United States citizen, has no domicile in any State.") (emphasis in original) (internal citations omitted); *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731, 733 (7th Cir. 2003) (district court's dismissal of action under doctrine of *forum non conveniens* was not abuse of discretion where diversity jurisdiction was unavailable because partner in defendant law firm was U.S. citizen domiciled in Canada and therefore had no State citizenship); *see also Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68-69 (2d Cir. 1990) (no diversity jurisdiction over controversy where partners in defendant law firm were U.S. citizens domiciled abroad); *Thompson v. Deloitte & Touche LLP*, 503 F. Supp. 2d 1118, 1121-125 (S.D. Iowa 2007) (no diversity jurisdiction over controversy where partner in limited liability partnership was U.S. citizen domiciled abroad).

Because Lubar is domiciled in London and Yano is domiciled in Tokyo, they are "stateless" for purposes of diversity of citizenship. *See Newman-Green*, 490 U.S. at 828-

29. And, because Lubar and Yano are Morgan Lewis partners, their "stateless" status precludes the Court from exercising jurisdiction over this controversy under the diversity statute. *See, e.g., ISI Intern.*, 316 F.3d at 733; *Cresswell*, 922 F.2d at 68-69; *Thompson*, 503 F. Supp. 2d at 1121-125.[1]

Indeed, Morgan Lewis has prevailed on the same position in other litigation. *See Swiger v. Allegheny Energy, Inc.*, 2006 WL 1409622 (E.D. Pa. May 19, 2006); *Swiger v. Allegheny Energy, Inc.*, 2007 WL 442383 (E.D. Pa. Feb. 7, 2007) (original orders attached hereto as Exhibit B). In *Swiger*, the district court granted Morgan Lewis' motion to dismiss for lack of subject matter jurisdiction on the ground Lubar was a domiciliary of London.[2] *Swiger*, 2007 WL 442383, at *4-5. The court in *Swiger* reasoned:

> Given that for diversity purposes, the court must consult the citizenship of *all* of the members of an artificial entity such as a general or limited partnership and because a United States citizen who is not domiciled in one of the United States cannot invoke diversity jurisdiction in one particular state, we must conclude that we are without jurisdiction to act in this matter.

*Swiger*, 2007 WL 442383, at *5.

As in *Swiger*, the Court lacks subject matter jurisdiction over the controversy at hand. The fact that Lubar is a U.S. citizen, but a London domiciliary, and Yano is a U.S. citizen, but a Tokyo domiciliary, eliminates diversity of citizenship between East Chicago and Morgan Lewis.

---

[1] In drawing the Court's attention to the unusual jurisdictional defect present in this case, Morgan Lewis is not attempting to escape the diversity jurisdiction of the federal courts, but is merely doing what it believes it has a responsibility to do.

[2] Yano's status was not brought to the attention of the court in *Swiger* because Yano did not become a Morgan Lewis partner until March 1, 2007. (Ex. A, ¶4.) The court in *Swiger* issued its orders prior to that date.

III. **Even if Charles Lubar is considered a dual citizen of the United States and the United Kingdom, the Court still has no basis for exercising diversity jurisdiction over this controversy.**

Section 1332(a)(2) of the diversity statute allows for jurisdiction where the controversy is between "citizens of a State and citizens or subjects of a foreign state." *See* 28 U.S.C. § 1332(a)(2). However, even if Lubar is considered a dual citizen of the United States and the United Kingdom (*see* Ex. A, ¶3), this section of the diversity statute still does not support the Court's exercise of diversity jurisdiction.

A U.S. citizen with dual citizenship is not a "citizen[] or subject[] of a foreign state" under section 1332(a)(2). *See Sadat*, 615 F.2d at 1187-88 (district court had no diversity jurisdiction under section 1332(a)(2) where plaintiff was dual citizen of United States and Egypt). Rather, the U.S. citizenship of a dual citizen is controlling. *See id*. at 1187 (noting that, as a general matter, "only the American nationality of the dual citizen should be recognized under 28 U.S.C. § 1332(a)"); *see also Coury v. Prot*, 85 F.3d 244, 247-48 (5th Cir. 1996) ("For purposes of diversity jurisdiction, only the American nationality of a dual citizen is recognized."); *Mutuelles Unies v. Kroll & Lindstrom*, 957 F.2d 707, 711 (9th Cir. 1992) (U.S. citizenship of partners in defendant law firm who were dual citizens controlled in determining whether diversity jurisdiction existed pursuant to section 1332(a)(2)); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991) (U.S. citizen who was also naturalized Spanish citizen was not foreign national for purposes of diversity because "[i]n matters of diversity jurisdiction American citizenship will determine diversity").

Because Lubar's U.S. citizenship is controlling, he cannot qualify as a "citizen[] or subject[] of a foreign state" for purposes of section 1332(a)(2). Therefore, even if

Lubar is considered a dual citizen, there is no diversity of citizenship between Morgan Lewis and East Chicago under paragraph (a)(2) of the diversity statute.[3]

IV. **Because the Court has no subject matter jurisdiction over this controversy, the action must be remanded to the Circuit Court of Cook County.**

28 U.S.C. § 1447(c) provides, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In this case, the only basis East Chicago has alleged in support of the Court's subject matter jurisdiction is the diversity of citizenship between itself and Morgan Lewis and the satisfaction of the jurisdictional amount in controversy provided for by 28 U.S.C. § 1332. (Docket #13, ¶11.) Since there is, in fact, no diversity of citizenship between East Chicago and Morgan Lewis, the Court has no subject matter jurisdiction, and the action must be remanded to the Circuit Court of Cook County pursuant to section 1447(c).

V. **Morgan Lewis is entitled to recover the attorney's fees incurred as a result of the removal of this action.**

Prior to filing its Motion to Remand, Morgan Lewis, by its attorneys, provided counsel for East Chicago with (a) a description of the circumstances that defeat diversity jurisdiction and (b) the case law illustrating the operative legal principles. Morgan Lewis requested that East Chicago's counsel consent to the motion or withdraw East Chicago's Notice of Removal. Counsel for East Chicago refused, necessitating the filing of the motion.

---

[3] In any case, section 1332(a)(2) confers jurisdiction where one side of the controversy involves aliens only. *See Newman-Green*, 490 U.S. at 828 ("Subsection 1332(a)(2)…confers jurisdiction in the District Court when a citizen of a State sues aliens only.") Here, even if Lubar is considered a citizen of the United Kingdom, the rest of Morgan Lewis' partners are U.S. citizens.

Where a case is wrongfully removed, and the removing party is made aware of the operative facts and law that compel returning the case to state court, an award of attorney's fees for bringing the motion is appropriate. *See* 28 U.S.C. 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); *see also Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007) ("As a general rule, if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees."); *Tenner v. Zurek*, 168 F.3d 328, 330-31 (7th Cir. 1999) (affirming district court's award of attorney's fees pursuant to section 1447(c) and noting no showing of bad faith on part of moving party is necessary to justify such award). Consequently, Morgan Lewis is entitled to an award of reasonable attorney's fees.

## CONCLUSION

**FOR THESE REASONS**, Morgan Lewis requests that the Court enter an order remanding this action to the Circuit Court of Cook County and awarding reasonable attorney's fees incurred as a result of the removal of this action.

Dated:　June 5, 2008　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　/s/ Tina B. Solis
　　　　　　　　　　　　　　　　　　　　　　　One of the Attorneys for
　　　　　　　　　　　　　　　　　　　　　　　MORGAN, LEWIS & BOCKIUS LLP

　　　　　　　　　　　　　　　　　　　　　　　F. Thomas Hecht (ARDC #1168606)
　　　　　　　　　　　　　　　　　　　　　　　Tina B. Solis (ARDC #6242461)
　　　　　　　　　　　　　　　　　　　　　　　Seth A. Horvath (ARDC #6283110)
　　　　　　　　　　　　　　　　　　　　　　　Ungaretti & Harris LLP

                                            3500 Three First National Plaza
                                            Chicago, Illinois 60602
                                            Telephone (312) 977-4400
                                            Facsimile (312) 977-4405

## **SERVICE OF DOCUMENTS BY ELECTRONIC MEANS**

      I, Tina B. Solis, an attorney, certify that service of this document was accomplished pursuant to ECF on all Electronic Filing Users of record this 5th day of June 2008.

                                              /s/ Tina. B. Solis

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MORGAN, LEWIS & BOCKIUS LLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 CV 2748 |
| v. | ) | Judge Pallmeyer |
| | ) | Magistrate Judge Schenkier |
| CITY OF EAST CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

### DECLARATION OF CLARE D'AGOSTINO

I, Clare D'Agostino, declare and state as follows:

1. I am Assistant Counsel to the Firm for Morgan, Lewis & Bockius LLP ("Morgan Lewis") in Philadelphia, Pennsylvania. I have been employed by Morgan Lewis since 1985, and in my current position since 1994.

2. Currently Morgan Lewis has at least two Partners who are citizens of the United States and who are resident outside of the United States.

3. Specifically, Charles G. Lubar is a Partner resident in our London office. He has resided in the United Kingdom since 1971. He has been a Partner in the London office of Morgan Lewis since 1981. Mr. Lubar is a citizen of the United States and of the United Kingdom. He has not taken any steps to terminate his U.S. citizenship. In fact, he is subject to taxation by the U.S. Government and maintains a U.S. passport. Also, he is subject to taxation by the United Kingdom. Mr. Lubar has no immediate plans to leave the United Kingdom and to return to the U.S. to live on a permanent basis. A true and correct copy of his biographical sketch from the Morgan Lewis website is attached hereto as Exhibit A.

4. In addition, Lisa Yano is a Partner resident in our Tokyo Office. Ms. Yano has resided in Japan continuously since 1992. She has been a Partner in the Tokyo office of Morgan

1163776-2

Lewis since March 1, 2007. Ms. Yano is a citizen of the United States. She is not a citizen of Japan. She has not taken steps to terminate her U.S. citizenship. She is subject to taxation by the U.S. Government and maintains a U.S. passport. In addition, Ms. Yano is subject to taxation by Japan. Ms. Yano has no immediate plans to leave Japan and to return to the U.S. to live on a permanent basis. A true and correct copy of her biographical sketch from the Morgan Lewis website is attached hereto as Exhibit B.

5. I have personal knowledge regarding Mr. Lubar and Ms. Yano and their residence and work overseas, including their work location, citizenship status, and duration with Morgan Lewis. In addition, I am aware of the federal taxation requirements that Mr. Lubar and Ms. Yano must satisfy as Partners of Morgan Lewis.

6. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing information is true and correct based upon my personal knowledge and on information that I have obtained from personnel records and documents that are maintained by Morgan Lewis in the ordinary course of business.

_____
CLARE D'AGOSTINO

DATED: June 4, 2008

# D'Agostino Declaration

# EXHIBIT A

# Morgan Lewis

(search)ing for tl

events   news

Affiliated Sites:



back to results
new search

### practice areas
Business and Finance
Tax Consulting to U.S. Multinationals
Tax Controversy and Litigation
Tax

### honors + affiliations
Commission Member, United Kingdom Fulbright Commission

President, Yale Club of London

Listed in the Euromoney Legal Media Group's Guide to the World's Leading Tax Advisors

### bar admissions
Maryland

## Charles G. Lubar
partner

v-card

Email: clubar@morganlewis.com

**London**
Condor House
5-10 St. Paul's Churchyard
London, EC4M 8AL
Phone: +44 (0)20 3201 5531
Fax: +44 (0)20 3201 5001

print profile

**Charles G. Lubar is a partner in Morgan Lewis's Tax Practice.** Charles' practice focuses on all aspects of international taxation, including corporate, individual, trust and estate planning for U.S. persons doing business or living abroad and foreign persons doing business in the United States.

Charles also handles corporate and individual tax planning for in-bound investment into the United Kingdom, international estate taxation matters and issues involving the entertainment industry including the film, recording and publishing fields. He is well-known for several high profile tax structuring matters in which he took the leading role including the production of the Muppet Show in London and the acquisition of the ATV Music Catalogue (including the Beatles Catalogue) for Michael Jackson. He has represented many well-known personages over the years, including John Cleese, Ivo Pogorelich, Yehudi Menuhin, Jane Seymour, Erich Segal, Douglas Fairbanks, Jr. and others.

Charles is active in many civic and charitable organizations. He is the senior partner in the London office. As a Harvard Law Alumnus, he was selected as a Traphagen Distinguished alumni speaker to discuss his career with law school students as noted in a recent issue of Harvard Law School Bulletin. After working for the Internal Revenue Service in Washington in the Chief Counsel's office, Charles left the legal profession for two years to go into business in Nairobi, Kenya. Charles returned to practice in London in 1971 and established his own firm in 1974. In 1981, he opened the firm's London office. He speaks some Russian and French.

Charles is admitted to practice in Maryland only. He is a registered foreign lawyer with the Law Society of England and Wales.

### education
Georgetown University Law Center, 1967, LLM
Harvard Law School, 1966, JD
Yale University, 1963, BA

RELATED PUBLIC

October 1995 Con
National Partners
*Financial Law Re*

View all publicati

Privacy Policy   Terms of Use   Site Map   Contact Us   Client/Alumni Login

Copyright © 2008 by Morgan, Lewis & Bockius LLP. All Rights Reserved.

# D'Agostino Declaration

# EXHIBIT B



(search)ing for tl

events   news

Affiliated Sites:



back to results
new search

**practice areas**
Business and Finance
Life Sciences
Technology Transactions
Crossborder M&A
Joint Ventures and Strategic Alliances
Finance
Mergers and Acquisitions
Foreign Corrupt Practices Act (FCPA)

**bar admissions**
Japan, GJB
California
New York

**Lisa Yano**
partner
    v-card

Email: lyano@morganlewis.com

Tokyo
Shin-Tokyo Building, 9th Floor
3-1, Marunouchi 3-chome
Chiyoda-ku, Tokyo 100-0005, Japan
Phone: +81 3 5219 2507
Fax: +81 3 5219 2501

print profile

**Lisa Yano is a partner in Morgan Lewis's Business and Finance Practice.** She is also Co-Managing Partner of the firm's Tokyo office and of Morgan Lewis–TMI, the firm's joint venture in Japan with TMI Associates. Ms. Yano focuses her practice on mergers and acquisitions, private equity transactions, joint ventures, financing and restructuring transactions, telecommunications, licensing, and other technology matters.

Ms. Yano, who speaks Japanese, has practiced in Tokyo for more than 15 years and has represented Japanese companies in a broad range of cross-border corporate and financing transactions. She also regularly assists U.S. and other overseas companies in their activities in Japan. Ms. Yano has been named as a leading individual for corporate/M&A work in the 2006/2007 edition of the *Asia Pacific Legal 500* and is included in *Euromoney*'s "Guide to the World's Leading Technology, Media & Telecommunications Lawyers."

Ms. Yano is a visiting professor at the University of Tokyo School of Law, teaching courses on U.S. contract and intellectual property law.

Ms. Yano received her J.D. from Yale Law School in 1985 and her B.A. in economics, summa cum laude, from Kean University in 1980.

Ms. Yano is admitted to practice in New York and California and is registered in Japan as a *gaikokuho jimu bengoshi* (registered foreign lawyer).

**education**
Yale Law School, 1985, J.D.
Kean University, 1980, B.A., Summa Cum Laude

RELATED NEWS
03/01/07 Lisa Yan Tokyo Office
Morgan Lewis is pl Lisa Yano has join Managing Partner Co-Managing Parti TMI.

View all news

Privacy Policy   Terms of Use   Site Map   Contact Us   Client/Alumni Login

Copyright © 2008 by Morgan, Lewis & Bockius LLP. All Rights Reserved.