**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MORGAN, LEWIS & BOCKIUS LLP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 08-cv-2748 |
| | ) | |
| **CITY OF EAST CHICAGO,** | ) | **Judge: Rebecca R. Pallmeyer** |
| | ) | **Magistrate Judge:** |
| **Defendant.** | ) | **Sidney I. Schenkier** |

**MOTION TO COMPEL OF THE
DEFENDANT, CITY OF EAST CHICAGO**

The Defendant, City of East Chicago, ("East Chicago"), by its attorneys, Eichhorn & Eichhorn, requests that the Court enter an order pursuant to Fed.R.Civ.P. 37 which: a) compels the Plaintiff, Morgan, Lewis & Bockius LLP, ("Morgan Lewis"), to produce certain documents identified in this motion and in East Chicago's supporting Brief which are responsive to its Request For Production Nos. 1, 3, 4, 6 and 7, and permits East Chicago to supplement its Response to Morgan Lewis' Motion To Remand, [DE 14], and re-depose/depose certain witnesses; or, in the alternative, b) denies Morgan Lewis' Motion To Remand and/or strikes the Affidavit of Ms. Clare D'Agostino, styled as a "Declaration," which is the purported evidentiary basis for Morgan Lewis' motion.

1.    East Chicago removed this matter to the United States District Court for the Northern District of Illinois on May 12, 2008.  [DE 1-2, 6, 9]  The Plaintiff, Morgan, Lewis & Bockius LLP, ("Morgan Lewis"), filed a Motion To Remand, ("motion"), on June 5, 2008.  [DE 14]

2.    On June 19, 2008, East Chicago issued a set of Requests For Production pursuant to the expedited discovery schedule which was established by the Court on June 9, 2008.  (See attached Exhibit A, Plaintiff's Responses And Objections To Defendant's First Requests For Production,

generally, and Group Exhibit B, the Court's June 9, 2008 docket entry, [DE 17], and the transcript

of the June 9, 2008 hearing.)  These Requests For Production seek information relevant to two

alleged Morgan Lewis partners whose domicile Morgan Lewis has asserted as a basis for this Court's

lack of subject matter jurisdiction, Mr. Charles Lubar and Ms. Lisa Yano.  [DE 14]

       3.      East Chicago requested that Morgan Lewis provide "All documents upon which Ms.

Clare D'Agostino relied with regard to her Declaration of June 4, 2008."  (See Exhibit A, Request

No. 1, p. 3.)  Ms. D'Agostino is the Affiant whose testimony serves as the basis for Morgan Lewis'

motion and it did not object to this request.  (See [DE 15, Exhibit A] and attached Exhibit A,

Request No. 1, p. 3.)  Instead, Morgan Lewis acknowledged that responsive documents were relevant

and no specific privilege was asserted over any specific document until July 9, 2008.  (See Exhibit

A, Request No. 1, p. 3 and attached Exhibit C, East Chicago's Certification Of Good Faith Efforts

To Resolve Discovery Disputes, ¶4.)  East Chicago has recently learned, however, that certain e-

mails and/or phone recordings from Mr. Lubar and Ms. Yano upon which Ms. D'Agostino relied to

give her Affidavit testimony have not been produced and some may have been spoliated.  (See

Exhibit C, ¶4, attached Exhibit D, Deposition of Ms. D'Agostino, pp. 68-74, 81 and [DE 15, Exhibit

A, ¶¶ 3 and 4].)  These outstanding documents also are responsive to East Chicago's request for all

documents which refer to the domicile or citizenship of Mr. Lubar and Ms. Yano in its Request For

Production Nos. 3 and 4, respectively.  (See Exhibit A, Request Nos. 3 & 4, pp. 4-7.)  No privilege

log or showing has been made to support a claim of privilege over any of these items.  Ms.

D'Agostino's Affidavit also is based upon these materials; privileged or not, any objection to

producing them has been waived because Morgan Lewis has placed Mr. Lubar's and Ms. Yano's

domicile at issue and Ms. D'Agostino's testimony is based at least in part upon these documents. (See Exhibit C, ¶4; Exhibit D, pp. 68-74 and 81, and [DE 15, Exhibit A, ¶¶3-4].)

4.      East Chicago also requested "All partnership agreements which form the basis for Plaintiff's claims that Mr. Lubar and Ms. Yano are partners of Morgan Lewis."  (See Exhibit A, Plaintiff's Responses to Request For Production No. 6, p. 7.)  Request No. 6 sought the very partnership agreement which allegedly establishes Mr. Lubar and Ms. Yano as Morgan Lewis partners as of May 12, 2008.  Unless they are established as partners by this contractual agreement as of that date, they are not relevant to this Court's subject matter jurisdiction.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).  Ms. D'Agostino confirmed that the only way anyone can become a partner with Morgan Lewis is by executing a partnership agreement mutually binding by the consent of both the person and the partnership.  (See Exhibit D, pp. 25-27.)  The document may contain other relevant information, for example, a mandatory retirement policy may be relevant to Mr. Lubar's intent as to his place of domicile.  Morgan Lewis has refused to produce this document. (Exhibit C, generally; Exhibit D, pp. 25-29, 34-37.)

5.      Finally, East Chicago requested that Morgan Lewis provide "All documents which reflect an ownership or occupancy interest in real property held by Mr. Lubar and Ms. Yano, respectively, between January 1, 2002 and the present date.  (See Exhibit A, Request No. 7, p. 7.) Request No. 7 sought real property documents which are highly relevant to the issue of Mr. Lubar's and Ms. Yano's place of domicile, the inquiry at issue for their citizenship.  *Vlandis v. Kline*, 412 U.S. 441, 454 (1973).  Morgan Lewis has objected to producing all documents responsive to Request No 7, including such as title documents, mortgage agreements, leases, full tax returns with real estate

schedules, which would show property held potentially as residences, the circumstances of ownership, duration, etc.

6.    East Chicago has complied with the Court's Local Rule No. 37.2, which requires attorneys to confirm "(1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, . . . ."  (See Exhibit C.)

7.    An order compelling Plaintiff to produce documents responsive to Production Request Nos. 1, 3-4, 6 and 7 is appropriate, particularly where Plaintiff's current objection based on relevancy grounds constitutes "an evasive or incomplete disclosure, answer or response." Responses of this sort will be treated by the rules as if it had not been answered at all.  Fed.R.Civ.P. 37(a)(4). Morgan Lewis has refused to produce the e-mail correspondence and voice recording referenced by Ms. D'Agostino at pages 68-74 of her deposition, the Morgan Lewis partnership agreement executed by Mr. Lubar and Ms. Yano in effect on May 12, 2008, full federal tax returns for 2007 to show any real property schedules, and all other responsive documents to Request For Production No. 7 such as real property, title documents, sale documents, mortgages, leases, etc. which are responsive to certain of these requests.  For the reasons stated in this motion and in East Chicago's supporting Brief, the Court should:  a) compel the Plaintiff, Morgan Lewis, to produce these documents which are responsive to its Request For Production Nos. 1, 3, 4, 6 and 7, and permit East Chicago to supplement its Response to Morgan Lewis' Motion To Remand and re-depose Ms. D'Agostino and depose Mr. Lubar and Ms. Yano; or, in the alternative, b) deny Morgan Lewis' Motion To Remand and/or strike the Affidavit of Ms. Clare D'Agostino, styled as a "Declaration."

8.    In support of its Motion To Compel, East Chicago incorporates its supporting Brief in its entirety and with all exhibits.

WHEREFORE, the Defendant, City of East Chicago, requests that the Court enter an order which: a) compels the Plaintiff, Morgan, Lewis & Bockius LLP, to produce the documents identified in this motion above and in East Chicago's supporting Brief which are responsive to its Request For Production Nos. 1, 3, 4, 6 and 7, and permits East Chicago to supplement its Response to Morgan Lewis' Motion To Remand and re-depose Ms. D'Agostino and depose Mr. Lubar and Ms. Yano; or, in the alternative, b) denies Morgan Lewis' Motion To Remand and/or strikes the Affidavit of Ms. Clare D'Agostino, styled as a "Declaration."

Respectfully submitted,

**EICHHORN & EICHHORN, LLP**

By: s/Robert J. Feldt
One of the attorneys for the Defendant,
City of East Chicago

David C. Jensen
djensen@eichhorn-law.com
Robert J. Feldt
rfeldt@eichhorn-law.com
**EICHHORN & EICHHORN, LLP**
200 Russell Street
P.O. Box 6328
Hammond, IN 46320
219-931-0560

## CERTIFICATE OF SERVICE

I, Robert J. Feldt, hereby certify that on the __10th__ day of July, 2008, I electronically filed

the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such

filing to the following:

> F. Thomas Hecht
> Tina B. Solis
> UNGARETTI & HARRIS LLP
> 3500 Three First National Plaza
> Chicago, IL 60602
> fthecht@uhlaw.com
> tbsolis@uhlaw.com

       s/Robert J. Feldt_____
       Robert J. Feldt

# EXHIBIT A TO THE JULY 10, 2008 MOTION TO COMPEL OF THE DEFENDANT, CITY OF EAST CHICAGO

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MORGAN, LEWIS & BOCKIUS LLP,   )
                                      )
             Plaintiff,        )
                                      )
      v.                    )     No. 08 CV 2748
                                      )     Judge Pallmeyer
CITY OF EAST CHICAGO,         )     Magistrate Judge Schenkier
                                      )
           Defendant.     )

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO
## DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Morgan, Lewis & Bockius LLP ("Plaintiff" or "Morgan Lewis"), hereby serves its Responses and Objections to Defendant the City of East Chicago's ("Defendant" or "East Chicago") First Requests for Production of Documents. Morgan Lewis reserves the right to supplement or amend its Objections and Responses to these Requests for Production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

Morgan Lewis objects generally to East Chicago's First Requests for Production of Documents to the extent that they call for information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or defense.

Morgan Lewis also objects generally to East Chicago's First Requests for Production of Documents to the extent they impose burdens, obligations, or requirements in excess of those required or permitted by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, or any other applicable rule or order issued by the Court.



DEFENDANT'S EXHIBIT

A

Morgan Lewis further objects generally to East Chicago's First Requests for Production of Documents on the grounds they are vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Morgan Lewis further objects generally to East Chicago's First Requests for Production of Documents to the extent they contain no time limitation and are, therefore, temporally overbroad.

Morgan Lewis further objects generally to East Chicago's First Requests for Production of Documents to the extent the "Definition and Instructions" contained therein are overly broad.

Morgan Lewis further objects generally to East Chicago's First Requests for Production of Documents to the extent they exceed the scope of discovery permitted under the Court Order, dated June 9, 2008, permitting discovery on issues germane to the Motion to Remand.

Morgan Lewis further objects generally to East Chicago's First Requests for Production of Documents to the extent that the information and/or documents they seek is available from public sources.

Morgan Lewis further objects generally to East Chicago's First Requests for Production of Documents to the extent that the information and/or documents they seek is unreasonably cumulative, duplicative or obtainable from some other source that is more convenient, less burdensome or less expensive.

Subject to and without waiver of these General Objections, which are expressly incorporated by reference into each of the responses below, Morgan Lewis responds

1175436-2                                    2

more specifically.

## SPECIFIC OBJECTIONS AND/OR RESPONSES
### (in addition to all General Objections)

### REQUESTS FOR DOCUMENTS

**1.    All documents upon which Ms. Clare D'Agostino relied with regard to her Declaration of June 4, 2008.**

**OBJECTIONS AND/OR RESPONSE:** Morgan Lewis responds that Clare D'Agostino ("Ms. D'Agostino") relied on documents maintained by Morgan Lewis in the ordinary course of business, including information from various files and/or databases on residence and the information available on the Morgan Lewis website regarding Charles Lubar ("Mr. Lubar") and Lisa Yano ("Ms. Yano"). This information and documents relevant to the Motion to Remand will be produced.

**2.    All documents utilized as the basis for the representations about Mr. Lubar's citizenship, domicile or partnership in the *Swiger* matter, Civil Action No. 05-CV-5725, United States District Court for the Eastern District of Pennsylvania.**

**OBJECTIONS AND/OR RESPONSE:** Morgan Lewis will produce the first page of Mr. Lubar's 2005 United Kingdom tax return (ML00128); the first page of Mr. Lubar's 2004 United States tax return (ML00129); statements for bar dues paid by Mr. Lubar in 2004 and 2005 to the Maryland Bar; (ML00130-131); statements for bar dues paid by Mr. Lubar in 2004 and 2005 to the District of Columbia Bar (as an inactive member) (ML00132-133); a November 2005 statement from the Law Society regarding Mr. Lubar's registration as a Registered Foreign Lawyer (ML00134); Mr. Lubar's Washington, D.C. driver's license (ML00136); a June 2006 bank statement from Mr. Lubar's bank account with Coutts Bank, Geneva, Switzerland (ML00137); a July 2006 bank statement from Mr. Lubar's bank account with SunTrust Bank, Orlando, Florida,

1175436-2                                                3

which account is located in Washington, D.C. (ML00138-139); a 2004 interest statement from an account with Fleet National Bank, Scranton, Pennsylvania, relating to Mr. Lubar's payment of New York real estate tax (ML00147); a May 2006 statement from Mr. Lubar's Citigroup Global Markets, Inc. brokerage account (ML00140); January 2006 and March 2006 Chase mortgage loan statements for Mr. Lubar's apartment in New York, New York (ML00142-143); a June 2006 Citibank mortgage account statement for Mr. Lubar's apartment in New York, New York (ML00141); a July 2006 statement for payment of property maintenance fees for residential property owned by Mr. Lubar in London, United Kingdom (ML00144); a January 2006 statement for payment of property maintenance fees for Mr. Lubar's apartment in New York, New York (ML00145); a January 2005 statement regarding payment of real estate taxes for Mr. Lubar's apartment in New York, New York (ML00146); a 2004 United States tax return mortgage interest statement for Mr. Lubar's apartment in New York, New York (ML00148). Each of these documents is redacted so as not to reflect any confidential personal information.

   **3.    All documents which refer to Mr. Lubar's citizenship and/or domicile.**

   **OBJECTIONS AND/OR RESPONSE:** Morgan Lewis will produce all of the documents described in response to Request No. 2 (ML00128-48), as well as Mr. Lubar's United Kingdom passport (ML00001-0037); Mr. Lubar's United States passport (ML00038-00067); Mr. Lubar's certificate of naturalization as a British citizen (ML00155); Mr. Lubar's business card (ML00069); Mr. Lubar's letterhead (ML00070); a statement for bar dues paid in 2007 by Mr. Lubar to the Maryland Bar (ML00071); a statement for bar dues paid in 2008 by Mr. Lubar to the District of Columbia Bar (as an inactive member) (ML00075); Mr. Lubar's 2006 application for renewal as a Registered

Foreign Lawyer (ML00072); a 2008 statement from the Law Society regarding Mr. Lubar's registration as a Registered Foreign Lawyer (ML00073); a June 24, 2008 e-mail from the Solicitors Regulation Authority confirming that Mr. Lubar is a Registered Foreign Lawyer (ML00074); a June 27, 2008 statement from the Solicitors Regulation Authority regarding Mr. Lubar's registration as a Registered Foreign Lawyer (ML00156); the cover sheet of Mr. Lubar's 2006 U.S. tax return (ML00076); the first page of Mr. Lubar's 2006 United States tax return (ML00077); Form 2555 of Mr. Lubar's 2006 United States tax return (ML00078-80); Form 1042-S of Mr. Lubar's 2007 United States tax return (ML00081); the first and second pages of Mr. Lubar's 2007 United Kingdom tax return (ML00082-83); September 2007 and May 2008 account statements from SunTrust Bank, Orlando, Florida which account is located in Washington, D.C. (ML00084-85); a March 2008 account statement for Leumi Bank, Jersey (ML00086); a March 2008 account statement from Citibank, New York, New York (ML00087); a January 2007 account statement from Coutts & Co. Bank, London, United Kingdom (ML00088); a June 2008 statement regarding Mr. Lubar's payment of rent for his apartment in London, United Kingdom (ML00096-97); a January 2008 gas bill for Mr. Lubar's apartment in London, United Kingdom (ML000103); an April 2008 electric bill for Mr. Lubar's apartment in London, United Kingdom (ML00104); a January 2008 tax bill for residential property owned by Mr. Lubar in London, United Kingdom (ML00100); April 2008 and June 2008 statements for Mr. Lubar's payment of property maintenance fees for residential property owned by Mr. Lubar in London, United Kingdom (ML00089, 00092-95); July 2007 and September 2007 statements for Mr. Lubar's payment of property maintenance fees for his apartment in New York, New

1175436-2                                    5

York (ML00090-91); April 2008 and May 2008 Citibank mortgage account statements for Mr. Lubar's apartment in New York, New York (ML00098-99); July 2007 and October 2007 gas and electric bills for Mr. Lubar's apartment in New York, New York (ML00101-102). Each of these documents is redacted so as not to reflect any confidential personal information.

4.    **All documents which refer to Ms. Yano's citizenship and/or domicile.**

**OBJECTIONS AND/OR RESPONSE:** Morgan Lewis will produce the first page of Ms. Yano's United States passport (ML00105); Ms. Yano's Japanese driver's license (ML00107); Ms. Yano's Certificate of Alien Registration (ML00106); a statement for bar dues paid in 2008 by Ms. Yano to the California Bar (ML00109); a statement for bar dues paid in 2006 by Ms. Yano to the New York Bar (ML00111); a 2007 statement acknowledging Ms. Yano's change of attorney registration information for the New York Bar (ML00112); a 2008 statement from the New York State Unified Court System regarding Ms. Yano's registration as a member of the New York Bar (ML00110); Ms. Yano's Notice for Registration as Foreign Lawyer in Japan (ML00113-115); the Governmental Gazette providing notice of Ms. Yano's registration as a Foreign Lawyer; (ML00116); Ms. Yano's business card (ML00108); the first page of Ms. Yano's 2006 United States tax return (ML00117); an April 2008 bank account statement from Citibank (ML00118); a May 2008 consolidated bank and brokerage account statement from Citibank (ML00119); a May 2008 brokerage account statement from Fidelity Investments (ML00120); a May 2008 Citibank mortgage loan statement for residential property owned by Ms. Yano in Kanagawa-Ken, Japan (ML00121-123); a 2008 property registration statement for residential property owned by Ms. Yano in Kanagawa-Ken,

Japan (ML00125-127); a 2008 tax bill for Ms. Yano's condominium in Tokyo, Japan (ML00124). Each of these documents is redacted so as not to reflect any confidential personal information.

**5.** **Any document related to or showing that any individual classified as or considered to be a partner with Morgan Lewis is a citizen or domiciliary of the State of Indiana, and for each such individual, provide all partnership documents.**

<u>OBJECTIONS AND/OR RESPONSE</u>: Morgan Lewis responds by stating that there are no responsive documents to this request in Morgan Lewis' possession, custody, or control.

**6.** **All partnership agreements which form the basis for Plaintiff's claims that Mr. Lubar and Ms. Yano are partners of Morgan Lewis.**

<u>OBJECTIONS AND/OR RESPONSE</u>: Morgan Lewis objects to this request on the grounds that it is beyond the discovery authorized by the Court on issues related to the Motion to Remand. It is not reasonably calculated to lead to the discovery of admissible evidence. Morgan Lewis further responds by stating that information confirming Mr. Lubar and Ms. Yano's status as Morgan Lewis partners is publicly available on Morgan Lewis' website, on the Martindale-Hubbell Law Directory, and from various other similar sources. Morgan Lewis further responds by producing the letterhead of Mr. Lubar (ML00070) and the business card of Ms. Yano (ML00108), which acknowledge the status of each as "Partner."

**7.** **All documents which reflect an ownership or occupancy interest in real property held by Mr. Lubar and Ms. Yano, respectively, between January 1, 2002 and the present date.**

<u>OBJECTIONS AND/OR RESPONSE</u>: Morgan Lewis will produce the following documents regarding Mr. Lubar: January 2006 and March 2006 Chase

mortgage loan statements for Mr. Lubar's apartment in New York, New York (ML00142-143); a June 2006 Citibank mortgage account statement for Mr. Lubar's apartment in New York, New York (ML00141); a July 2006 statement for payment of property maintenance fees for residential property owned by Mr. Lubar in London, United Kingdom (ML00144); a January 2006 statement for payment of property maintenance fees for Mr. Lubar's apartment in New York, New York (ML00145); a January 2005 statement regarding payment of real estate taxes for Mr. Lubar's apartment in New York, New York (ML00146); a 2004 United States tax return mortgage interest statement for Mr. Lubar's apartment in New York, New York (ML00148); a June 2008 statement regarding Mr. Lubar's payment of rent for his apartment in London, United Kingdom (ML00096-97); a January 2008 gas bill for Mr. Lubar's apartment in London, United Kingdom (ML000103); an April 2008 electric bill for Mr. Lubar's apartment in London, United Kingdom (ML00104); a January 2008 tax bill for residential property owned by Mr. Lubar in London, United Kingdom (ML00100); April 2008 and June 2008 statements for Mr. Lubar's payment of property maintenance fees for residential property owned by Mr. Lubar in London, United Kingdom (ML00089, 00092-95); July 2007 and September 2007 statements for Mr. Lubar's payment of property maintenance fees for his apartment in New York, New York (ML00090-91); April 2008 and May 2008 Citibank mortgage account statements for Mr. Lubar's apartment in New York, New York (ML00098-99); and July 2007 and October 2007 gas and electric bills for Mr. Lubar's apartment in New York, New York (ML00101-102).

Morgan Lewis will produce the following documents regarding Ms. Yano: a May 2008 Citibank mortgage loan statement for residential property owned by Ms. Yano in

1175436-2                                    8

Kanagawa-Ken, Japan (ML00121-123); a 2008 property registration statement for residential property owned by Ms. Yano in Kanagawa-Ken, Japan (ML00125-127); and a 2008 tax bill for Ms. Yano's condominium in Tokyo, Japan (ML00124).

**8.    All documents the Plaintiff utilized in preparing the purported data regarding Mr. Lubar that appears on the Plaintiff's website, which can be found on the World Wide Web at:**
**http://www.morganlewis.com/index.cfm/personID/4c4115b6-f068-4acf-99ae-66b044 b64144/fromSearch/1/fuseaction/people.viewBio.**

**OBJECTIONS AND/OR RESPONSE:** East Chicago's request for documents encompasses numerous pieces of information and data on Morgan Lewis' website, including, *inter alia*, Mr. Lubar's photograph, practice areas, and civic involvements. Documentation regarding this information clearly is irrelevant to the issues presented by the Motion to Remand in the above-captioned action. In addition, the term "purported data" is vague and undefined, and Morgan Lewis has no basis for determining what information the term refers to. Subject to and without waiver of these objections, Morgan Lewis responds by stating that, upon information and belief, the information in Mr. Lubar's biography on the Morgan Lewis website is based on communications with Mr. Lubar, as well as documents maintained by Morgan Lewis in the ordinary course of business, including information from various files and/or databases. Morgan Lewis further responds by stating that some of the information on Mr. Lubar's biography is publicly available information accessible through the Martindale-Hubbell Law Directory and various other similar sources.

**9.    All documents the Plaintiff utilized in preparing the purported data regarding Ms. Yano that appears on the Plaintiff's website, which can be found on the World Wide Web at:**
**http://www.morganlewis.com/index.cfm/personID/6ad4225b-629b-42b0-813e-28cc993cc35a/fromSearch/1/fuseaction/people.viewBio.**

1175436-2                                          9

**OBJECTIONS AND/OR RESPONSE:** East Chicago's request for documents encompasses numerous pieces of information and data on Morgan Lewis' website, including, *inter alia*, Ms. Yano's photograph, practice areas, and civic involvements. Documentation regarding this information clearly is irrelevant to the issues presented by the Motion to Remand in the above-captioned action. In addition, the term "purported data" is vague and undefined, and Morgan Lewis has no basis for determining what information the term refers to. Subject to and without waiver of these objections, Morgan Lewis responds by stating that, upon information and belief, the information in Ms. Yano's biography on the Morgan Lewis website is based on communications with Ms. Yano, as well as documents maintained by Morgan Lewis in the ordinary course of business, including information from various files and/or databases. Morgan Lewis further responds by stating that some of the information on Ms. Yano's biography is publicly available information accessible through the Martindale-Hubbell Law Directory and various other similar sources.

10.    **With respect to Mr. Lubar, a copy of all passports held and all information evidencing the issuing nation for each passport.**

**OBJECTIONS AND/OR RESPONSE:** Morgan Lewis will produce Mr. Lubar's United Kingdom passport (ML00001-00037) and Mr. Lubar's United States passport (ML00038-00067), designated as confidential.

11.    **With respect to Ms. Yano, a copy of all passports held and all information evidencing the issuing nation for each passport.**

**OBJECTIONS AND/OR RESPONSE:** Morgan Lewis will produce the first page of Ms. Yano's United States passport (ML00105), designated as confidential.

12.    **All documents related to any naturalization, oath, process, action or test by which Mr. Lubar became a citizen or subject of any nation.**

**OBJECTIONS AND/OR RESPONSE:** Morgan Lewis will produce Mr. Lubar's

United Kingdom passport (ML00001-00037) and his certificate of naturalization as a

British citizen (ML00155), designated as confidential.

13.    **All documents related to any naturalization, oath, process, action, or test by which Ms. Yano became a citizen or subject of any nation.**

**OBJECTIONS AND/OR RESPONSE:** Morgan Lewis responds by stating that

there are no responsive documents to this request in Morgan Lewis' possession, custody,

or control.

14.    **All documents upon which the plaintiff relied to support the Motion and Memorandum to Remand this matter.**

**OBJECTIONS AND/OR RESPONSE:** Morgan Lewis objects to this request on

the ground that it seeks material protected by the attorney-client privilege and work

product privilege.  Subject to and without waiver of these objections, Morgan Lewis will

produce the Declaration of Clare D'Agostino, dated June 4, 2008 (ML00149-150); a copy

of Mr. Lubar's biography reproduced from Morgan Lewis' website (ML00151-52); and a

copy of Ms. Yano's biography, reproduced from Morgan Lewis' website (ML00153-54).

Dated:    June 27, 2008

Respectfully submitted,

One of the Attorneys for
MORGAN, LEWIS & BOCKIUS
LLP


F. Thomas Hecht (ARDC #1168606)
Tina B. Solis (ARDC #6242461)

Seth A. Horvath (ARDC #6283110)
Ungaretti & Harris LLP
3500 Three First National Plaza
Chicago, Illinois 60602
Telephone (312) 977-4400
Facsimile (312) 977-4405

1175436-2                    12

## CERTIFICATE OF SERVICE

I, Seth A. Horvath, an attorney, hereby certify that I served a copy of the foregoing PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS on the attorneys listed below by Federal Express and electronic mail on June 27, 2008 at or before 5:00 p.m.

David C. Jensen, #18395
Robert J. Feldt, #14284
Eichhorn & Eichhorn, LLP
200 Russell Street
P.O. Box 6328
Hammond, IN 46325

_____
Seth A. Horvath

# EXHIBIT B TO THE JULY 10, 2008 MOTION TO COMPEL OF THE DEFENDANT, CITY OF EAST CHICAGO

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2748 | **DATE** | 6/9/2008 |
| **CASE TITLE** | Morgan, Lewis & Bockius LLP vs. City of East Chicago | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to remand [14] entered and continued for briefing. Response 7/10/2008; reply 7/24/2008; ruling 7/31/2008 at 9:00. Parties to proceed promptly with discovery on issues germane to this motion. Plaintiff to respond to written disclosures within 7 days of receipt of Defendant's request, and promptly to produce the affiant for deposition.

Notices mailed by Judicial staff.

00:08

| | Courtroom Deputy Initials: | ETV |
|---|---|---|



08C2748 Morgan, Lewis & Bockius LLP vs. City of East Chicago

Page 1 of 1

## Robert J. Feldt

| | |
|---|---|
| **From:** | <usdc_ecf_ilnd@ilnd.uscourts.gov> |
| **To:** | <ecfmail_ilnd@ilnd.uscourts.gov> |
| **Sent:** | Tuesday, July 01, 2008 3:08 PM |
| **Subject:** | Activity in Case 1:08-cv-02748 Morgan, Lewis & Bockius LLP v. City of East Chicago |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### United States District Court

### Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1

## Notice of Electronic Filing

The following transaction was entered on 7/1/2008 at 3:08 PM CDT and filed on 7/1/2008
**Case Name:**       Morgan, Lewis & Bockius LLP v. City of East Chicago
**Case Number:**     1:08-cv-2748
**Filer:**
**Document Number:** 20

**Docket Text:**
**TRANSCRIPT OF PROCEEDINGS held on 6/9/08 before the Honorable Rebecca R. Pallmeyer. Court Reporter Contact Information: FRANCES WARD (312)435-5561 OR frances_ward@ilnd.uscourts.gov.**

**IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov. Under Quick Links select Electronic Transcript Procedures.**

**Redaction Request due 7/22/2008. Redacted Transcript Deadline set for 8/1/2008. Release of Transcript Restriction set for 9/29/2008. (Ward, Frances)**

**1:08-cv-2748 Notice has been electronically mailed to:**

**Robert Jon Feldt        rfeldt@eichhorn-law.com**

**F. Thomas Hecht        fthecht@uhlaw.com**

**David C. Jensen        djensen@eichhorn-law.com**

**Tina B. Solis      tbsolis@uhlaw.com, acparker@uhlaw.com**

**1:08-cv-2748 Notice has been delivered by other means to:**

**The following document(s) are associated with this transaction:**

**Document description:Main Document**
**Original filename:n/a**
**Electronic document Stamp:**
**[STAMP dcecfStamp_ID=1040059490 [Date=7/1/2008] [FileNumber=4965571-0]**
**[5204571cb3334439233540cc0413a0ee3783f185cdfc63d5279e189e35e7f1722ef0**
**7160249a25ebeeffa8013f7cdb7986e83161051b342746e893337e9718e6]]**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MORGAN, LEWIS & BOCKIUS, LLP, | ) | |
| | ) | Docket No. 08 C 2748 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF EAST CHICAGO, | ) | Chicago, Illinois |
| | ) | June 9, 2008 |
| Defendant. | ) | 9:36 a.m. |

TRANSCRIPT OF PROCEEDINGS - Motion
BEFORE THE HONORABLE REBECCA R. PALLMEYER

APPEARANCES:


For the Plaintiff:          UNGARETTI & HARRIS, LLP
                            BY:  MR. F. THOMAS HECHT
                                 MR. SETH HORVATH
                            3500 Three First National Plaza
                            Chicago, Illinois  60602


For the Defendant:          EICHHORN & EICHHORN, LLP
                            BY:  MR. ROBERT J. FELDT
                            200 Russell Street, P.O. Box 6328
                            Hammond, Indiana  46320




Court Reporter:             FRANCES WARD, CSR, RPR, FCRR
                            Official Court Reporter
                            219 S. Dearborn Street, Suite 2118
                            Chicago, Illinois  60604
                            (312) 435-5561
                            frances_ward@ilnd.uscourts.gov

1          THE CLERK:  08 C 2748, Morgan, Lewis & Bockius
2    versus City of East Chicago on a motion.
3          MR. HORVATH:  Good morning, your Honor.
4          Seth Horvath for plaintiff, Morgan, Lewis &
5    Bockius.
6          MR. HECHT:  Thomas Hecht, your Honor, for Morgan,
7    Lewis as well.
8          THE COURT:  Good morning.
9          MR. FELDT:  Rob Feldt for the defendant.
10         THE COURT:  Good morning.
11         This is also a motion for remand, correct?
12         MR. HORVATH:  That's right, your Honor.
13         THE COURT:  Is there a diversity problem?
14         Remind me of the nature of the motion.
15         MR. HORVATH:  That's right.  Our motion to remand
16   argues that there is no diversity jurisdiction here.  And the
17   notice of removal that was filed is based entirely on the
18   idea that there is diversity.
19         So our argument goes that because Morgan,
20   Lewis & Bockius has two partners that are United States
21   citizens domiciled abroad, they are stateless for purposes of
22   diversity jurisdiction.
23         THE COURT:  And if you are stateless, you can't
24   bring a case -- you can't be in federal court; is that right?
25         MR. HORVATH:  That's correct, your Honor.

1          THE COURT:  Response?

2          MR. FELDT:  Well, these are very complicated

3    factual issues.  We were just served with the motion last

4    Wednesday.  We need time to issue, take, and -- take

5    discovery and brief the response.  And I have asked already

6    for information to try to speed that process up.  I was

7    rejected.

8          So what I would like, if your Honor is willing, is

9    120 days to issue and obtain written and oral discovery with

10   a response due 30 days after that.

11         MR. HORVATH:  I don't know that 120 days is

12   necessary on this.  I think it's -- I don't think it's that

13   complicated of an issue.

14         THE COURT:  You know, I wouldn't ever set 150 days'

15   response date on a motion for remand in any event.

16         But it seems to me the argument here is that there

17   are two members of Morgan, Lewis & Bockius who are not U.S.

18   citizens and, therefore, that that destroys diversity.

19         MR. FELDT:  Correct.

20         THE COURT:  That's a legal question.

21         What I think there may be some factual issues

22   regarding would be those two partners or members.  And what I

23   would suggest is that there be some written discovery on

24   those individuals and then a response in, say, 30 days.

25         MR. FELDT:  If I may, your Honor, there is an

1   affiant who is neither of the two partners that are alleged

2   to be domiciled abroad.  So at the very least, we are

3   anticipating at least three depositions: the deposition of

4   the affiant and the deposition of each of the partners who

5   supposedly are the basis for no diversity jurisdiction.

6        MR. HORVATH:  Your Honor, I am not sure that the

7   depositions of the two partners who are in question here

8   would be necessary, because the affiant is one of the

9   assistant general counsel for Morgan, Lewis.  And I could

10  understand, perhaps, if there might be some further inquiry

11  into her knowledge of the status of these two partners, but I

12  don't think there is a need to depose the partners who are

13  U.S. citizens domiciled abroad.

14       MR. FELDT:  If I may, your Honor, domicile is an

15  issue that has to go to the intent of the person involved.

16  The person who has given the affidavit can only obtain

17  whatever information on that issue by hearsay and other

18  inadmissible forms of evidence.

19       Mr. Lubar, I believe his name is, for example, is,

20  by my estimate, about 68 years old.  And he is the one who is

21  supposedly in London.  If it was his intent to retire next

22  month and move back to the states and he had had that goal

23  for quite some time, that would be a highly relevant fact.

24       So those kind of issues are the issues that we need

25  to obtain in order to have a proper response to this motion.

1        THE COURT:  Well, first of all, somebody's intent

2   to move a month from now wouldn't alter the calculus, unless

3   we are talking about somebody who's on a six-week assignment

4   or something and that's what puts him in London.  That would

5   be a different story.  That person is not a permanent

6   resident of London.  He is just visiting.

7        But you are right that there be some factual issues

8   along those lines.

9        I guess I am more curious right now about the law

10  and how it can be that if you have a foreign national -- or

11  not a foreign national, but somebody residing outside the

12  United States you can't possibly be in federal court.  So I

13  am more interested in the law myself.

14       That having been said, I think it's appropriate for

15  you to proceed with the deposition of the affiant and any

16  documents relating to these two individuals.

17       If you want to depose individuals who are abroad,

18  that's a very complicated process.  And I question the wisdom

19  of that effort where we are really talking about what I

20  understand to be a collection action.  I think it's a

21  collection action.

22       So whether it proceeds in state court or federal

23  court, the real issues are not where does somebody live and

24  whether he intends to retire, but whether or not there is a

25  basis to claim that City of East Chicago owes this law firm

1   $3 million.

2              MR. HORVATH:  That's correct, your Honor.

3              THE COURT:  I hope we can keep our focus on that

4   issue.

5              But before that happens, we do need to decide

6   whether I have got the case or whether somebody else does.

7              So I am going to direct that you proceed with the

8   deposition of the affiant and any written discovery with

9   regard to these two, and then respond to the motion to remand

10  within 30 days.

11             Today is June 9th.  So the response to the motion

12  for remand would be due on July 10th.  And then a reply, can

13  we say July 24th?

14             MR. HECHT:  Yes, your Honor, that's fine.

15             MR. HORVATH:  That's fine, your Honor.

16             Your Honor, there was also a pretrial conference

17  scheduled in the case for the 26th of June.

18             THE COURT:  Right.  We will strike that date.  I

19  think it was June 12th we had it set.  Whichever date it is,

20  it will be stricken.

21             We now have a motion for -- the briefing on the

22  motion for remand, and why don't we set a date for ruling

23  sometime after July 24th.  I am going to suggest July 31st at

24  9:00 o'clock.

25             MR. FELDT:  In light of the fact that you have only

1    given me 30 days to respond, am I not allowed to take written

2    discovery? which would have to be expedited to be completed

3    within the 30 days.

4             THE COURT:  The documents you need on this issue I

5    think counsel should be able to produce within seven days.

6    So why don't you put together a request and serve that on

7    them.

8             MR. FELDT:  Thank you.

9             THE COURT:  Thank you.

10            MR. FELDT:  One last issue.  There is one other

11   calendar date.  Our responsive pleading is due next week.  I

12   think it's either the 18th or 19th.  In light of the pending

13   motion to remand, can we hold that obligation in abeyance

14   until after there is a ruling?

15            It was our intent to move to dismiss and ask the

16   Court to transfer the case to the Northern District of

17   Indiana.  If you are not going to keep the case, we would

18   just as soon make that motion in state court and not --

19            THE COURT:  What's the basis for the motion to

20   dismiss?

21            MR. FELDT:  Contesting personal jurisdiction.

22            THE COURT:  Okay.  So that, too, would be a matter

23   of whether it's going here or going there.

24            MR. FELDT:  That's my point.  And I don't think

25   that it would be efficient for us to file the motion and then

1   you just simply hold that one in abeyance until you resolve

2   the remand.  If you end up sending it back to state court,

3   then you won't see the motion at all.

4          THE COURT:  Right.  I will enter and continue your

5   response date to the pleadings.

6          All right.  July 31st at 9:00 o'clock.

7          In the meantime, the response to the motion for

8   remand will be filed on July 10th and the reply on July 24th.

9          MR. FELDT:  Thank you.

10          MR. HORVATH:  Thank you, your Honor.

11          MR. HECHT:  Thank you.

12                    *    *    *    *    *

13   I certify that the foregoing is a correct transcript from the
    record of proceedings in the above-entitled matter.

14

15   F_____ _____, 2008.
    Official Court Reporter

16

17

18

19

20

21

22

23

24

25

# EXHIBIT C TO THE JULY 10, 2008 MOTION TO COMPEL OF THE DEFENDANT, CITY OF EAST CHICAGO

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MORGAN, LEWIS & BOCKIUS LLP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 08-cv-2748** |
| | ) | |
| **CITY OF EAST CHICAGO,** | ) | **Judge: Rebecca R. Pallmeyer** |
| | ) | **Magistrate Judge:** |
| **Defendant.** | ) | **Sidney I. Schenkier** |

**CERTIFICATION OF GOOD FAITH EFFORTS TO
RESOLVE DISCOVERY DISPUTES OF THE DEFENDANT,
CITY OF EAST CHICAGO, IN SUPPORT OF ITS MOTION TO COMPEL**

The Defendant, City of East Chicago, ("East Chicago"), herein certifies that it has fully complied with Fed.R.Civ.P. 37(a)(1), which requires that a party moving to compel disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," as well as N.D. Ill. L.R. 37.2. In support of its Certification, East Chicago states as follows:

1.    After the Plaintiff refused to produce documents responsive to East Chicago's June 19, 2008 Request for Production No. 6, in particular the applicable partnership agreement, counsel for East Chicago, Mr. Robert Feldt, wrote to counsel for the Plaintiff, Ms. Tina Solis, to attempt to resolve the dispute over these discovery materials. On July 2, 2008, Mr. Feldt wrote:

> I note that certain documents were withheld in the Plaintiff's Responses to Requests For Production, albeit not as privileged. In particular you have withheld the partnership agreements. The partnership agreements are the legal documents which create the status of partner, by the consent of both the individual and the partnership, which is the very basis for your claim that Mr. Lubar and Ms. Yano defeat diversity jurisdiction. The partnership agreements are highly relevant and we are not required to accept the Plaintiff's hearsay representations that Mr. Lubar and Ms. Yano were



partners at the relevant time. . . Please reconsider your refusal to provide these documents.

(See attached Certification Exhibit No. 1, e-mail correspondence between counsel.)

2.      Mr. Feldt then spoke on July 2, 2008 by telephone shortly after he sent his July 2, 2008 e-mail correspondence at 10:35 a.m. with Ms. Solis to discuss these discovery issues. Ms. Solis again stated that Morgan, Lewis & Bockius LLP, ("Morgan Lewis"), would not produce the requested documents set forth in Mr. Feldt's attached e-mail correspondence but would revisit the issue. Both attorneys were in their respective offices.

3.      On July 2, 2008 Ms. Solis wrote to Mr. Feldt, "We have conferred with our client and will stand on our objections with respect to the request for the partnership agreements. . ." (See attached Certificate Exhibit No. 1.)

4.      During the July 3, 2008 telephonic deposition of Ms. Clare D'Agostino, the Affiant in support of Morgan Lewis' Motion To Remand, [DE14-15], Mr. Feldt attempted to question Ms. D'Agostino regarding her knowledge of the Morgan Lewis' partnership agreement at approximately 1:30-2:30 p.m. Ms. Solis objected to all of Mr. Feldt's attempts, however, and the attorneys conferred again as to this issue and Ms. D'Agostino was directed not to answer. (See East Chicago's Motion To Compel, Exhibit D, portions of the Deposition of Ms. D'Agostino, pp. 25-29.) The attorneys were in their respective offices during this telephonic conference/deposition. Mr. Feldt also learned during the deposition for the first time that ¶¶ 3-4 Ms. D'Agostino's June 4, 2008 Declaration was based at least in part upon e-mail correspondence from Mr. Charles Lubar and Ms. Lisa Yano and a possible voice recording of Ms. Yano. (See Exhibit D, pp. 68-74, 81.) Mr. Feldt conferred again with Ms. Solis by telephone at approximately 10:00-11:00 a.m. on July 9, 2008 to

2

obtain these e-mails and voice recording, the partnership agreement(s), real property documents responsive to East Chicago's Request For Production No. 7 such as title papers, mortgages, tax returns with leases and real estate schedules but Morgan Lewis again refused through Ms. Solis. Ms. Solis also noted at that time that a privilege objection was being raised as to the e-mails to which Ms. D'Agostino referred in her deposition from Mr. Lubar and Ms. Yano. Both attorneys were located in their respective offices.

5.     Despite the good faith and reasonable efforts which are discussed in this Certification to resolve these disputes over Morgan Lewis' written discovery responses both in writing and by several telephone conferences, the parties have been unable to resolve the discovery disputes over the documents which are identified in this Certification.

Respectfully submitted,

**EICHHORN & EICHHORN, LLP**

By: _____
One of the attorneys for the Defendant,
City of East Chicago

David C. Jensen
Robert J. Feldt
**EICHHORN & EICHHORN, LLP**
200 Russell Street
P.O. Box 6328
Hammond, IN 46320
219-931-0560

## Robert J. Feldt

**From:**    "Solis, Tina B." <tbsolis@uhlaw.com>
**To:**      "Robert J. Feldt" <rfeldt@eichhorn-law.com>
**Cc:**      "Horvath, Seth A." <sahorvath@uhlaw.com>
**Sent:**    Wednesday, July 02, 2008 3:06 PM
**Subject:** RE: Clare D'Agostino Deposition

Mr. Feldt:

We have conferred with our client and will stand on our objections with respect to the request for the partnership agreements. While we will adhere to our continuing duty to supplement pursuant to the federal rules, we will not be producing any additional documents prior to the deposition tomorrow.

Sincerely,

Tina B. Solis

---

**From:** Robert J. Feldt [mailto:rfeldt@eichhorn-law.com]
**Sent:** Wednesday, July 02, 2008 10:35 AM
**To:** Solis, Tina B.
**Cc:** Horvath, Seth A.
**Subject:** Re: Clare D'Agostino Deposition

Dear Ms. Solis,

We will be sending additional, separate notices of deposition to you today for the witnesses for whom we sent the federal form notices/subpoenas to you yesterday. We still would appreciate your written confirmation by return e-mail correspondence of your agreement with the procedure proposed for Ms. D'Agostino's deposition.

Also, I note that certain documents were withheld in the Plaintiff's Responses to Requests For Production, albeit not as privileged. In particular you have withheld the partnership agreements. The partnership agreements are the legal documents which create the status of partner, by the consent of both the individual and the partnership, which is the very basis for your claim that Mr. Lubar and Ms. Yano defeat diversity jurisdiction. The partnership agreements are highly relevant and we are not required to accept the Plaintiff's hearsay representations that Mr. Lubar and Ms. Yano were partners at the relevant time. We also are entitled to Ms. Yano's entire passport in order to show her travels outside the United States. If Mr. Lubar's passport was not produced in its entirety, we are entitled to his complete passport, as well. Finally, complete tax returns were not produced, which would have included any schedules related to real property owned. Please reconsider your refusal to provide these documents.

Very Truly Yours,

_____

Robert J. Feldt
Eichhorn & Eichhorn, LLP
200 Russell Street
P.O. Box 6328



DEFENDANT'S EXHIBIT
Cert. Co.
No. 1
ALL-STATE LEGAL®

7/2/2008

Hammond, IN 46325
rfeldt@eichhorn-law.com
(219) 931-0560, ext. 136 - voice
(219) 931-5370 - facsimile trans.

----- Original Message -----
**From:** Solis, Tina B.
**To:** Robert J. Feldt
**Cc:** Horvath, Seth A.
**Sent:** Monday, June 30, 2008 2:23 PM
**Subject:** Clare D'Agostino Deposition

Mr. Feldt:

I left you a voicemail earlier this afternoon regarding Ms. D'Agostino's availability this week for deposition. Please call me back as soon as possible so we can schedule the deposition this week.  Thank you in advance for your prompt response.

Sincerely,

Tina B. Solis

Information contained in this email transmission is privileged and confidential. If you are not the intended recipient, do not read, distribute or reproduce this transmission (including any attachments). If you have received this email in error, please notify the sender by email reply.

To ensure compliance with requirements imposed by the IRS, we inform you that, unless otherwise expressly indicated, any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.


Information contained in this email transmission is privileged and confidential. If you are not the intended recipient, do not read, distribute or reproduce this transmission (including any attachments). If you have received this email in error, please notify the sender by email reply.

To ensure compliance with requirements imposed by the IRS, we inform you that, unless otherwise expressly indicated, any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

## Robert J. Feldt

| | |
|---|---|
| **From:** | "Robert J. Feldt" <rfeldt@eichhorn-law.com> |
| **To:** | "Solis, Tina B." <tbsolis@uhlaw.com> |
| **Cc:** | "Horvath, Seth A." <sahorvath@uhlaw.com> |
| **Sent:** | Wednesday, July 02, 2008 11:13 AM |
| **Subject:** | Re: Clare D'Agostino Deposition |

Dear Ms. Solis,

Thank you for your response.  Of course, if you do change your position as to the documents, we will need them with sufficient time for review and to get them to Ms. D'Agostino before the start of her deposition.

Very Truly Yours,

Robert J. Feldt
Eichhorn & Eichhorn, LLP
200 Russell Street
P.O. Box 6328
Hammond, IN 46325
rfeldt@eichhorn-law.com
(219) 931-0560, ext. 136 - voice
(219) 931-5370 - facsimile trans.

----- Original Message -----
**From:** Solis, Tina B.
**To:** Robert J. Feldt
**Cc:** Horvath, Seth A.
**Sent:** Wednesday, July 02, 2008 10:41 AM
**Subject:** RE: Clare D'Agostino Deposition

Robert:

We agree to the procedure set forth in your letter dated July 1, 2008 for Ms. D'Agostino's deposition.  I will have to confer with my client as to the other issues you raise with respect to our document production.

Sincerely,

Tina Solis

**From:** Robert J. Feldt [mailto:rfeldt@eichhorn-law.com]
**Sent:** Wednesday, July 02, 2008 10:35 AM
**To:** Solis, Tina B.
**Cc:** Horvath, Seth A.
**Subject:** Re: Clare D'Agostino Deposition

Dear Ms. Solis,

We will be sending additional, separate notices of deposition to you today for the witnesses for whom

7/7/2008

we sent the federal form notices/subpoenas to you yesterday. We still would appreciate your written confirmation by return e-mail correspondence of your agreement with the procedure proposed for Ms. D'Agostino's deposition.

Also, I note that certain documents were withheld in the Plaintiff's Responses to Requests For Production, albeit not as privileged. In particular you have withheld the partnership agreements. The partnership agreements are the legal documents which create the status of partner, by the consent of both the individual and the partnership, which is the very basis for your claim that Mr. Lubar and Ms. Yano defeat diversity jurisdiction. The partnership agreements are highly relevant and we are not required to accept the Plaintiff's hearsay representations that Mr. Lubar and Ms. Yano were partners at the relevant time. We also are entitled to Ms. Yano's entire passport in order to show her travels outside the United States. If Mr. Lubar's passport was not produced in its entirety, we are entitled to his complete passport, as well. Finally, complete tax returns were not produced, which would have included any schedules related to real property owned. Please reconsider your refusal to provide these documents.

Very Truly Yours,

_____
Robert J. Feldt
Eichhorn & Eichhorn, LLP
200 Russell Street
P.O. Box 6328
Hammond, IN 46325
rfeldt@eichhorn-law.com
(219) 931-0560, ext. 136 - voice
(219) 931-5370 - facsimile trans.

----- Original Message -----
**From:** Solis, Tina B.
**To:** Robert J. Feldt
**Cc:** Horvath, Seth A.
**Sent:** Monday, June 30, 2008 2:23 PM
**Subject:** Clare D'Agostino Deposition

Mr. Feldt:

I left you a voicemail earlier this afternoon regarding Ms. D'Agostino's availability this week for deposition. Please call me back as soon as possible so we can schedule the deposition this week. Thank you in advance for your prompt response.

Sincerely,

Tina B. Solis

Information contained in this email transmission is privileged and confidential. If you are not the intended recipient, do not read, distribute or reproduce this transmission (including any attachments). If you have received this email in error, please notify the sender by email reply.

To ensure compliance with requirements imposed by the IRS, we inform you that, unless otherwise expressly indicated, any U.S.

7/7/2008

federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Information contained in this email transmission is privileged and confidential. If you are not the intended recipient, do not read, distribute or reproduce this transmission (including any attachments). If you have received this email in error, please notify the sender by email reply.

To ensure compliance with requirements imposed by the IRS, we inform you that, unless otherwise expressly indicated, any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

7/7/2008

## CERTIFICATE OF SERVICE

I, Robert J. Feldt, hereby certify that on the ___10th___ day of July, 2008, I electronically filed

the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such

filing to the following:

> F. Thomas Hecht
> Tina B. Solis
> UNGARETTI & HARRIS LLP
> 3500 Three First National Plaza
> Chicago, IL 60602
> fthecht@uhlaw.com
> tbsolis@uhlaw.com

Robert J. Feldt

# EXHIBIT D TO THE JULY 10, 2008 MOTION TO COMPEL OF THE DEFENDANT, CITY OF EAST CHICAGO

```
 1          IN THE DISTRICT COURT OF THE UNITED STATES
              FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3

    MORGAN, LEWIS & BOCKIUS LLP,      )
 4                                    )
                 Plaintiff,           )
 5                                    )
            -vs-                      ) No. 08 CV 2748
 6                                    )
    CITY OF EAST CHICAGO,             )
 7                                    )
                 Defendant.           )
 8

 9

10          Deposition of CLARE D'AGOSTINO via telephone, taken

11    before DONNA L. POLICICCHIO, C.S.R., and Notary Public,

12    pursuant to the Federal Rules of Civil Procedure for the

13    United States District Courts pertaining to the taking of

14    depositions, at 200 Russell Street, Eighth Floor,

15    Hammond, Indiana, commencing at 1:02 p.m., on the 3rd day

16    of July, 2008.

17

18

19

20

21

22

23

24
```


DEFENDANT'S EXHIBIT

D

1    can go ahead.  I think the question has already been

2    asked and answered, but she's welcome to answer it

3    again.

4        A    You previously asked me to make a statement,

5    and I made an estimate of 450 being U.S. citizens.

6    BY MR. FELDT:

7        Q    Okay.  Does that mean then 436 of the 450 are

8    U.S. citizens who are domiciled within one of the 50

9    United States?

10       A    It does.

11       Q    Are there other people who serve in the same

12   position as you to the partnership?

13       A    There is not.

14       Q    Do you have one superior?

15       A    Yes.

16       Q    And that would be --

17       A    That would be the general counsel to the firm.

18       Q    And who is that?

19       A    The person's name is Michael, M-I-C-H-A-E-L,

20   Bloom, B-L-O-O-M.

21       Q    How does a person become a partner with

22   Morgan Lewis?

23       MS. SOLIS:  Objection.  I think that's a little

24   vague, but go ahead, Clare, if you know.

Clare D'Agostino    July 3, 2008

Page 26

```
 1      A    There are two typical ways of becoming a
 2   partner at Morgan Lewis, either to join sometime in
 3   the associate years, either directly out of law
 4   school or the first year -- as a first-year
 5   associate, or to lateral in with some sort of
 6   experience, and then after a number of years, and
 7   it's greatly divergent as to how many years that will
 8   be, an associate may be proposed for partnership or
 9   in the interim the person might be promoted to
10   typically an of-counsel position and perhaps promoted
11   from there.   Alternatively, a person may become a
12   partner by joining the firm by lateraling in and
13   being admitted to the partnership immediately.
14   BY MR. FELDT:
15      Q    Okay.  When someone is either lateraled in or
16   asked to join the partnership, is signing a
17   partnership agreement a prerequisite for being
18   considered to be a Morgan Lewis partner?
19      A    As a part of the process, a lateral partner,
20   when an offer is extended, they will be asked to sign
21   our partnership agreement.
22      Q    Okay.  And what about someone who is an
23   associate who is asked to join the firm, do they also
24   have to a sign partnership agreement?
```

Clare D'Agostino    July 3, 2008

Page 27

1      A    They do.

2      Q    Can anyone be a partner at Morgan Lewis

3   without signing a partnership agreement?

4      A    They cannot.

5      Q    I'm not asking for privileged information

6   here.  All I want to know is whether you understand

7   what kind of suit this lawsuit by Morgan Lewis

8   against the City of East Chicago is.

9           Do you know the kind of claim that's raised

10  in this lawsuit?

11     A    I do, very basically.

12     Q    And that's all I'm interested in.

13          Do you basically understand it's an action

14  in order to collect attorneys' fees allegedly earned

15  by Morgan Lewis to be allegedly paid by the City of

16  East Chicago?

17     A    I so understand, yes.

18     Q    All right.  Can an individual partner bring

19  this kind of collection suit or does this right of

20  action belong only to the partnership as a

21  collective?

22     MS. SOLIS:  Objection.  That calls for a legal

23  conclusion.  She has testified that she is not

24  involved in any litigation matters, and I think that

Clare D'Agostino    July 3, 2008

Page 28

1    goes beyond her testimony here today as a fact

2    witness despite the fact that she has a J.D.

3        MR. FELDT:  Okay.

4    BY MR. FELDT:

5        Q    Do you have an understanding of the terms of

6    the partnership agreement which Mr. Lubar would have

7    signed and been a part of and Ms. Yano would have

8    signed and been a part of, say, beginning in 2004

9    going up to the present?

10        MS. SOLIS:    Objection.  Clare, I don't want you

11    to divulge any substantive knowledge about the

12    partnership agreement, but I believe you can answer

13    that question with a yes or no.

14        A    I would like to hear the question again.

15    BY MR. FELDT:

16        Q    Do you know the terms of the partnership

17    agreement to which Mr. Lubar and Ms. Yano would have

18    been a party with Morgan, Lewis & Bockius LLP in

19    effect from the years 2004 to the present?

20        A    I do.

21        Q    I'll ask the question again.  I know you're

22    going to object, Tina, but I just want to get it on

23    the record again.

24            Do the partnership agreements to which

Page 29

1   Mr. Lubar and Ms. Yano that they were parties to with
2   Morgan, Lewis & Bockius LLP from 2004 to the present
3   allow them to sue individually for the fees allegedly
4   earned by Morgan, Lewis & Bockius to be paid by the
5   City of East Chicago or does that right exist in the
6   partnership agreement only as a collective right of
7   the partnership itself?
8        MS. SOLIS:  Same objection as before.  I think
9   this goes beyond her testimony as a fact witness here
10  today.  She's not called as an expert.  She is not a
11  practicing lawyer nor does she have involvement with
12  this lawsuit from an attorney perspective, so I'm
13  going to instruct her not to answer that question.
14       MR. FELDT:  All right.  Okay.  I'll move on then.
15       MS. SOLIS:  Not to mention I think it calls for a
16  legal conclusion too, but I'll let that one go.
17       MR. FELDT:  Well, I'd be happy to look at the
18  document.
19       MS. SOLIS:  I know you would, Rob, but we don't
20  want you to do that.
21       MR. FELDT:  I know.
22  BY MR. FELDT:
23       Q   Let me talk to you a little bit then about
24  Charles Lubar.

1    have access to his travel schedule?

2        A    I do not.

3        Q    Do you know how many times he's been in the

4    United States in the year 2008?

5        A    I do not.

6        Q    Do you know where he was on the day that City

7    of East Chicago filed its notice of removal May 12th,

8    2008?

9        A    I do not.

10        Q    Do you know anything about where he keeps his

11    bank accounts?

12        A    I have certain information from the various

13    documents that were produced and which were shared

14    with me showing where certain accounts are, so yes.

15        Q    In your normal activities in your job, would

16    you have reason to see those documents or is the only

17    reason you saw them because we asked for certain

18    discovery in this litigation?

19        A    That is correct, the latter.

20        Q    The latter?

21        A    The latter.

22        Q    Have you ever -- Well, let me back up just a

23    second.

24            Does Morgan Lewis have a mandatory

Page 35

1    retirement age?

2        A    I cannot answer that question.

3        Q    Does that mean that you don't know or there

4    is some reason that you feel compelled not to answer?

5        MS. SOLIS:  I'm just going to interpose an

6    objection here.  Clare, if you think that it's going

7    to violate some sort of confidential or privileged

8    information, maybe we need to take a break.

9        THE WITNESS:  I think we should take a break.

10        MS. SOLIS:  Rob, can we -- I don't know how you

11    want to do this.

12        MR. FELDT:  Can you call her on a separate phone?

13        MS. SOLIS:  Okay.  We will -- We're going to keep

14    it on this line and then we're going to go to a

15    separate office.  Clare, do you have an empty office

16    close to you?

17        THE WITNESS:  I can put this on hold and you can

18    call my cell phone.

19        MS. SOLIS:  Okay.  All right.  Why don't you give

20    me that number and we'll go do that.

21        THE WITNESS:  267 --

22        MS. SOLIS:  267.

23        THE WITNESS:  303 --

24        MS. SOLIS:  303.

Page 36

1          THE WITNESS:  -- 3392.

2          MS. SOLIS:  3392.  We will call you momentarily.

3          THE WITNESS:  Okay.  I'll put this on hold.

4          MS. SOLIS:  We'll be right back, Mr. Feldt.

5          MR. FELDT:  All right.

6               (Recess was taken.)

7          MS. SOLIS:  So the record is clear, Rob, you can

8     go ahead and ask the question again and we'll make a

9     clear record on this.

10         MR. FELDT:  Okay.

11    BY MR. FELDT:

12         Q   Does Morgan Lewis have a mandatory retirement

13    age for attorneys?

14         MS. SOLIS:  And I'm going to object to that

15    question.  I think we're getting pretty far afield

16    for the purposes on which we're here today in which

17    Judge Pallmeyer ordered the affiant's deposition.  I

18    don't know what this has to do with citizenship or

19    what it has to do with the motion to remand, so I'm

20    not only objecting on that basis, but I'm going to

21    object on the fact that I think it would require us

22    to disclose some confidential information.  I'm going

23    to instruct the witness not to answer that one.

24         MR. FELDT:  All right.  Well, as far as the

Clare D'Agostino    July 3, 2008

Page 37

1    relevance, it certainly goes to his intent of

2    maintaining a domicile if he's nearing retirement,

3    and obviously I'm not getting to ask him that

4    question because you've objected to producing him.  I

5    shouldn't have to explain the relevance because

6    relevance is not a basis for directing a witness not

7    to answer, and if it's confidential information, we

8    certainly can agree that the testimony is subject to

9    the confidentiality order that's already in place.

10        MS. SOLIS:  Well, I think there is an easier way

11    to get your answer.  Why don't you just ask Clare

12    that direct question.  I mean, if that's what you're

13    looking for is if he has an intent to move when he

14    retires, I don't know, maybe she knows that.  Why

15    don't you just ask the direct question.

16        MR. FELDT:  Well, I can, and I can ask the other

17    question as well, but I'll ask her that question if

18    you're telling me that you're going to stand on your

19    objections.

20        MS. SOLIS:  We're going to stand on our objection

21    on that one.

22        MR. FELDT:  All right.

23    BY MR. FELDT:

24        Q    All right.  To come back to Mr. Lubar,

Page 68

1    Ms. Yano is living in Tokyo in the way that I live in

2    Philadelphia, Pennsylvania.  I live here.  That's

3    what I meant.

4        Q    I'm just making a note to myself, so bear

5    with me.

6            Do you know how much time Mr. Lubar spends

7    in London in his private residence on a monthly

8    basis?

9        A    I believe that we've already discussed that

10   in a slightly different way and we concluded that I

11   do not have access to either Mr. Lubar or, if you're

12   going there, Ms. Yano's travel arrangements, so I

13   cannot answer that question.

14       Q    Okay.  I appreciate that.  I'm asking the

15   question in a specific form, so bear with me.

16           I'm going to ask you the same question with

17   regard to Mr. Lubar's apartment in New York.  Do you

18   know how much time Mr. Lubar spends in his apartment

19   in New York on a monthly basis?

20       A    Personally, I do not.

21       Q    In Paragraph 3 then, when you say

22   "Specifically, Charles G. Lubar is a partner resident

23   in our London office," does that mean that you

24   think -- or do you use that term to mean that he

Clare D'Agostino    July 3, 2008

Page 69

1    works out of the London office?

2        A    That is correct.  It is a term that we use

3    here when we talk about where partners -- anyone is

4    working, I would say they are resident in, Mr. Lubar,

5    the London office.  If someone was speaking about me,

6    they would say I am resident in the Philadelphia

7    office.

8        Q    And when you say "here," you mean within

9    Morgan Lewis?

10       A    Yes, within Morgan Lewis.  That's how we talk

11   about people's office location.

12       Q    Now, you indicate in Paragraph 3 "Mr. Lubar

13   has no immediate plans to leave the United Kingdom

14   and to return to the U.S. to live on a permanent

15   basis."

16            What is that based upon?

17       A    That is based upon interaction with

18   Mr. Lubar, I believe it was via e-mail, asking him

19   about his intent.

20       Q    Okay.  And when was the e-mail?

21       A    Around the end of May or the beginning of

22   June.

23       Q    All right.  Did you initiate the e-mail?

24       MS. SOLIS:  I'm sorry.  You cut out a little bit,

1    Rob.  Can we have that one again?

2    BY MR. FELDT:

3       Q    Did you initiate the e-mail?

4       A    I don't remember.

5       Q    Do you recall if he sent the e-mail in

6    response to a phone call from you?

7       A    I do not remember.

8       Q    Do you recall if he sent the e-mail in

9    response to some form of question from you regardless

10   of whether it took an electronic or a telephone form?

11      A    It would have been definitely in relation to

12   a question.  I do not recollect whether it was via

13   telephone, via e-mail.  I specifically recollect that

14   we were in touch with Mr. Lubar to let him know that

15   I needed to make a declaration similar to before and

16   that we needed to discuss issues that had already

17   been discussed in preparation for an earlier

18   declaration.

19      Q    Okay.

20      A    That's my recollection.

21      Q    And when you say an earlier declaration, you

22   mean in the Swiger case?

23      A    I do.

24      MR. FELDT:  Okay.  I got to ask, Tina, do you

1    have this e-mail?  Are you aware of this e-mail?

2        MS. SOLIS:  Are you making a request for it?

3        MR. FELDT:  I thought we did.

4        MS. SOLIS:  I do not have it, but that does not

5    mean that I cannot ask the client for it.

6        MR. FELDT:  Okay.  Well, maybe you're answering

7    my question.  You didn't see it and determine it to

8    be nonresponsive?

9        MS. SOLIS:  My answer is the same as it was when

10   we spoke the other day.

11       MR. FELDT:  Okay.  Well, I personally think it's

12   responsive to our requests.

13       MS. SOLIS:  I think a lot of that depends who

14   else may be on that e-mail, but --

15       MR. FELDT:  Well, I obviously don't know anything

16   about that.

17   BY MR. FELDT:

18       Q    Ms. D'Agostino, without talking about who

19   else may have received the e-mail, other information

20   that may be in the e-mail other than specifically

21   with regard to the statement that serves as the basis

22   for this sentence in Paragraph 3, "Mr. Lubar has no

23   immediate plans to leave the United Kingdom and to

24   return to the U.S. to live on a permanent basis," do

Page 72

1    you recall the text that Mr. Lubar used to convey

2    that thought to you that resulted in this sentence in

3    Paragraph 3 of your declaration?

4         A    Not specifically.

5         Q    Did he specifically use the word "permanent"?

6    MS. SOLIS:  Objection.  Asked and answered.

7    BY MR. FELDT:

8         Q    This is more precise, but is the word

9    "permanent" --

10   MS. SOLIS:  She can't recall what he said, but go

11   ahead.

12   BY MR. FELDT:

13        Q    Is the word "permanent" your word or his?

14        A    I don't remember.

15        Q    Okay.  Then I guess I want to ask you the

16   same question about the sentence in Paragraph 4 that

17   deals with "partner resident," and is that the same

18   as you said about Mr. Lubar that it means she works

19   in the Tokyo office?

20        A    It is, that's correct.

21        Q    Then there is a sentence, "Ms. Yano has

22   resided in Japan continuously since 1992."

23             What is that based upon?

24        A    That is based upon telephone communication,

Page 73

1    e-mail communication between Ms. Yano and I when we

2    were establishing certain facts about Ms. Yano not

3    having had the benefit of earlier preparation as we

4    did with Mr. Lubar and is he ready to make this

5    statement.

6        Q    You mean oral information in discussing it

7    with her specifically?

8        A    Yes.  I specifically recollect leaving voice

9    mail messages, receiving voice mail messages, and I

10   do believe there was an e-mail too.  The time

11   difference between Philadelphia and Tokyo sometimes

12   makes direct person-to-person communication sometimes

13   difficult, so we find ourselves sometimes exchanging

14   voice mails or e-mails, of course.

15       Q    I understand that.  I guess I would have a

16   similar comment about any e-mail, that it's

17   responsive, but let me move on to the voice mail

18   message.

19            Assuming that there was a voice mail

20   message, is that something you retained?

21       A    It is not.

22       Q    In Paragraph 4 there is a sentence "Ms. Yano

23   has no immediate plans to leave Japan and to return

24   to the U.S. to live on a permanent basis."

Clare D'Agostino    July 3, 2008

Page 74

1          Where does that information come from?

2      A    From either the exchange of voice mails or

3  the exchange of e-mails.  The exact one of those two

4  places I cannot answer at this point.

5      Q    Can you recall ever specifically discussing

6  not via some voice mail recorded or e-mail but

7  actually talking directly on the telephone or in

8  person with Ms. Yano about whether she intends to

9  stay in Japan or leaving Japan or return to the U.S.?

10     A    No, not person to person.

11     Q    And the word "permanent" in that sentence, do

12 you recall if that came from her in the voice mail or

13 e-mail, whatever form the communication took, or is

14 that your word?

15     A    I do not recollect.

16     MR. FELDT:  All right.  I'll pass the witness.

17                    EXAMINATION

18 BY MS. SOLIS:

19     Q    Ms. D'Agostino, I just have a couple

20 follow-up questions.

21          Do you remember when Mr. Feldt was asking

22 you the last time you saw Mr. Lubar person to person?

23 Do you remember that line of questioning?

24     A    Yes.

Clare D'Agostino    July 3, 2008

Page 81

1       MR. FELDT:  That's all still information from
2  him, right?
3       MS. SOLIS:  Well, not if she visibly sees him
4  there.  I think that's seeing it with her own two
5  eyes.  I just want to make sure the record is clear.
6  BY MR. FELDT:
7       Q    Do you have any information about Mr. Lubar's
8  intent other than what he's told you?
9       A    I do not.
10       Q    Do you have any information -- let me clarify
11  that question.
12          Do you have any information about
13  Mr. Lubar's intent as to where he will live or where
14  he has considered to be his domicile other than what
15  he has told you?
16       A    I have not.
17       Q    Do you have any information about Ms. Yano's
18  intent about where she intends to live or where she
19  has intended to live in the past or what she
20  considers to be her domicile other than what she has
21  told you?
22       A    I have not.
23       MR. FELDT:  I'll pass the witness.
24

# NOTICE FOR
# EXHIBIT E TO THE JULY 10, 2008
# MOTION TO COMPEL
# OF THE DEFENDANT,
# CITY OF EAST CHICAGO

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MORGAN, LEWIS & BOCKIUS LLP, | ) | No. 08-cv-2748 |
| Plaintiff, | ) | |
| v. | ) | Judge: Rebecca R. Pallmeyer |
| CITY OF EAST CHICAGO, | ) | Magistrate Judge: |
| Defendant. | ) | Sidney I. Schenkier |

**NOTICE OF RESTRICTED AND SEALED DOCUMENTS
PURSUANT TO LR 26.2 and LR 5.8: EXHIBIT E TO MOTION TO COMPEL**

**Statement:**      The Defendant, the City of East Chicago, ("East Chicago"), notifies the Court that Exhibit E to its Motion To Compel and related Brief is designated as a restricted document for filing with the Court under seal. Exhibit E includes pages numbered ML 38-40, 48-51, 53-54, 58-59, 61, 63, 68, 90, 91, 101, 102. These pages were produced by the Plaintiff in response to the City of East Chicago's Requests For Production and contain materials designated as restricted and confidential in accordance with the Court's Stipulation and Order Governing the Protection and Exchange of Confidential Material of June 24, 2008 and the Court's Order of July 10, 2008. The pages comprising Exhibit E to East Chicago's July 10, 2008, Motion To Compel and related Brief are provided under seal for filing pursuant to LR 26.2 and LR 5.8.

Pursuant to LR 26.2(c), copies of the June 24, 2008 and July 10, 2008 restricting orders have been included along with the restricted and sealed document presented for filing.

David C. Jensen
djensen@eichhorn-law.com

Robert J. Feldt
rfeldt@eichhorn-law.com

**EICHHORN & EICHHORN, LLP**
200 Russell Street
P.O. Box 6328
Hammond, IN 46320
219-931-0560

Respectfully submitted,

**EICHHORN & EICHHORN, LLP**

By: _____
One of the attorneys for the Defendant,
City of East Chicago

## CERTIFICATE OF SERVICE

I, Robert J. Feldt, hereby certify that on the ____10th____ day of July, 2008, I electronically filed

the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such

filing to the following:

       F. Thomas Hecht
       Tina B. Solis
       UNGARETTI & HARRIS LLP
       3500 Three First National Plaza
       Chicago, IL 60602
       fthecht@uhlaw.com
       tbsolis@uhlaw.com

                             _____
                             Robert J. Feldt

# EXHIBIT F TO THE JULY 10, 2008
# MOTION TO COMPEL
# OF THE DEFENDANT,
# CITY OF EAST CHICAGO

**Robert J. Feldt**

| | |
|---|---|
| **From:** | "Barbara Cernick" <bcernick@eichhorn-law.com> |
| **To:** | <tbsolis@uhlaw.com> |
| **Cc:** | "Robert Feldt" <rfeldt@eichhorn-law.com> |
| **Sent:** | Tuesday, July 01, 2008 3:07 PM |
| **Attach:** | Solis-ltr-re 7-3-08 deps.pdf; Yano-subpoena.pdf; DAgostino Dep Ex 1.pdf; DAgostino Dep Ex 2.pdf; DAgostino Dep Ex 3(1).pdf; DAgostino Dep Ex 3(2).pdf; DAgostino Dep Ex 3(3).pdf; DAgostino Dep Ex 3(4).pdf; DAgostino Dep Ex 4.pdf; DAgostino-subpoena.pdf; Lubar-subpoena.pdf |
| **Subject:** | Morgan Lewis v. City of East Chicago, Our File No. 411.11197 |

Sent at the request of Robert J. Feldt, please see the attached correspondence and enclosures to that letter. Hard copies will follow by Federal Express delivery.  Thank you.  Barbara, Secretary

Barbara R. Cernick
bcernick@eichhorn-law.com
Eichhorn & Eichhorn, LLP
200 Russell Street
P.O. Box 6328
Hammond, IN 46325
(219) 931-0560 - voice
(219) 931-5370 - facsimile



DEFENDANT'S
EXHIBIT
Group F

7/9/2008

# EICHHORN & EICHHORN, LLP

DAVID C. JENSEN*
PAUL A. RAKE
JOHN M. McCRUM
ROBERT J. FELDT**
GREGORY A. CRISMAN
ALYSSA STAMATAKOS
DAVID J. BEACH
LOUIS W. VOELKER, III
JOHN P. TWOHY*

MICHAEL ROTH
MATTHEW S. VER STEEG
KIRK D. BAGROWSKI*

MICHAEL P. MULCHAY
TRENTON W. GILL
DAVID J. LANGE*
KAROL A. SCHWARTZ
LOGAN C. HUGHES*

MEGAN C. BRENNAN*
MALLORY R. INSELBERG
JUSTIN M. TREASURE
NICHOLAS G. BRUNETTE
BRETT T. CLAYTON
MICHAEL D. KARRAS
CARLY A. BRANDENBURG

—————————————————ATTORNEYS AT LAW—————————————————

HAMMOND OFFICE
200 RUSSELL STREET
POST OFFICE BOX 6328
HAMMOND, INDIANA 46325
TELEPHONE: (219) 931-0560
TELECOPIER: (219) 931-5370

INDIANAPOLIS OFFICE
9101 NORTH WESLEYAN ROAD
SUITE 401
INDIANAPOLIS, IN 46268
TELEPHONE: (317) 228-9670
TELECOPIER: (317) 228-9569

FREDERICK F. EICHHORN, JR.
WILLIAM H. EICHHORN
RETIRED

* ALSO ADMITTED IN ILLINOIS
**ALSO ADMITTED IN ILLINOIS & MINNESOTA

TOLL FREE NUMBER: (866) 931-0560

July 1, 2008

PLEASE REPLY TO:     Hammond Office

VIA FEDERAL EXPRESS
and E-MAIL TRANSMISSION

Ms. Tina B. Solis
**UNGARETTI & HARRIS LLP**
3500 Three First National Plaza
Chicago, IL 60602

> Re:  **Morgan Lewis Bockius, LLP v. City of East Chicago**
> Cause No. 1:08-cv-2748
> Our File No. 411.11197

Dear Ms. Solis:

This will acknowledge my agreement with you to proceed with the deposition of Ms. D'Agostino via a telephonic deposition with all parties calling a central telephone number at 2:00 p.m. EDT, 1:00 p.m. CDT, on July 3, 2008. It is my understanding that you are agreeable to the court reporter being present with me at our offices in Hammond, Indiana and swearing in the witness in Philadelphia via telephone. The court reporter which we have retained is Merrill Legalink, Chicago, Illinois. We would be most appreciative if you could confirm that this process is acceptable to you and your client in writing by return e-mail. The call-in information for this telephone deposition is as follows: dial in number: 877-322-9654, participant code: 510059. A copy of the notice of deposition/subpoena is enclosed.

Copies of the marked exhibits also are enclosed and are attached as PDF files to the electronic version of this letter. They consist of the Plaintiff's Responses And Objections To Defendant's Requests For Admission, Supporting Interrogatory, And Supporting Request For Production, the Plaintiff's Responses And Objections To Defendant's First Requests For Production Of Documents, the documents produced and Ms. D'Agostino's Declaration and attachments. Per your representation during our June 30, 2008 telephone conference, it is my understanding that you have produced all responsive documents and that there are no responsive documents which have been withheld, for example, due to attorney-client privilege, and hence, no privilege log. We would be most appreciative if you could confirm this in writing by return e-mail, as well.

# EICHHORN & EICHHORN, LLP

Ms. Tina B. Solis
July 1, 2008
Page 2

Finally, also enclosed are notices of deposition/subpoenas for Mr. Charles Lubar and Ms. Lisa Yano. As I indicated during our June 30, 2008 telephone conference, these are being submitted to you only to preserve our requests for these depositions for the record. We acknowledge that the Honorable Rebecca P. Pallmeyer already has rejected our request to take these depositions and that you object to these depositions and the notices.

Please contact me if you have any questions or comments.

Very truly yours,

**EICHHORN & EICHHORN, LLP**

By: _Robert J. Feldt_

Robert J. Feldt

RJF:brc
Enclosures

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | ILLINOIS |
|---|---|---|

MORGAN, LEWIS & BOCKIUS LLP

V.

CITY OF EAST CHICAGO

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  08-cv-2748

TO:  CLARE D'AGOSTINO
c/o F. Thomas Hecht/Tina B. Solis, UNGARETTI & HARRIS
3500 Three First National Plaza, Chicago, IL 60602

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case  telephonically.

| PLACE OF DEPOSITION   Telephonically at EICHHORN & EICHHORN, LLP (with Court Reporter) 200 Russell Street, Hammond, IN 46325 | DATE AND TIME 7/3/08 2:00 p.m. EDT |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents responsive to the June 19, 2008 First Requests For Production Of Documents and Requests for Admission, Supporting Interrogatory, And Supporting Request For Production of the Defendant, City of East Chicago.

| PLACE   Telephonically at EICHHORN & EICHHORN, LLP (with Court Reporter) 200 Russell Street, Hammond, IN 46325 | DATE AND TIME 7/3/08 2:00 p.m. EDT |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)          Attorney for the Defendant | DATE 7/1/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David C. Jensen, Robert J. Feldt, EICHHORN & EICHHORN, LLP, 200 Russell Street, Hammond, IN 46325

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 7/1/2008 | 200 Russell Street<br>Hammond, IN 46325 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| CLARE D'AGOSTINO<br>c/o F. Thomas Hecht/Tina B. Solis | Overnight Mail and E-mail as PDF attachment |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Robert J. Feldt | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | 7/1/2008 | | |
|---|---|---|---|
| | DATE | | SIGNATURE OF SERVER |

ADDRESS OF SERVER

200 Russell Street, Hammond, IN 46325

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
　(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
　(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
　(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
　(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
　　(i) fails to allow reasonable time for compliance;
　　(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
　　(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) If a subpoena
　　(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
　　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
　　(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
　(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
　(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
　(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
　(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
　(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
　(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | ILLINOIS |
|---|---|---|

MORGAN, LEWIS & BOCKIUS LLP

V.

CITY OF EAST CHICAGO

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  08-cv-2748

TO:   CHARLES LUBAR
c/o F. Thomas Hecht/Tina B. Solis, UNGARETTI & HARRIS
3500 Three First National Plaza, Chicago, IL 60602

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   UNGARETTI & HARRIS<br>3500 Three First National Plaza, Chicago, IL 60602 | DATE AND TIME<br>7/3/08 8:00 a.m. CDT |
|---|---|

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents responsive to the June 19, 2008 First Requests For Production Of Documents and Requests for Admission, Supporting Interrogatory, And Supporting Request For Production of the Defendant, City of East Chicago.

| PLACE   UNGARETTI & HARRIS<br>3500 Three First National Plaza, Chicago, IL 60602 | DATE AND TIME<br>7/3/08 8:00 a.m. CDT |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Robert J. Feldt*   Attorney for the Defendant | DATE<br>7/1/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David C. Jensen, Robert J. Feldt, EICHHORN & EICHHORN, LLP, 200 Russell Street, Hammond, IN 46325

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 7/1/2008 | 200 Russell Street<br>Hammond, IN 46325 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| CHARLES LUBAR<br>c/o F. Thomas Hecht/Tina B. Solis | Overnight Mail and E-mail as PDF attachment |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Robert J. Feldt | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     7/1/2008
_____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

200 Russell Street, Hammond, IN 46325

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nevertheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | ILLINOIS |

MORGAN, LEWIS & BOCKIUS LLP

V.

CITY OF EAST CHICAGO

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  08-cv-2748

TO:  **LISA YANO**
c/o F. Thomas Hecht/Tina B. Solis, UNGARETTI & HARRIS
3500 Three First National Plaza, Chicago, IL 60602

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| | |
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   UNGARETTI & HARRIS<br>3500 Three First National Plaza, Chicago, IL 60602 | DATE AND TIME<br>7/3/08 11:00 a.m. CDT |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents responsive to the June 19, 2008 First Requests For Production Of Documents and Requests for Admission, Supporting Interrogatory, And Supporting Request For Production of the Defendant, City of East Chicago.

| PLACE   UNGARETTI & HARRIS<br>3500 Three First National Plaza, Chicago, IL 60602 | DATE AND TIME<br>7/3/08 11:00 a.m. CDT |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *[signature]*  Attorney for the Defendant | DATE<br>7/1/2008 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>David C. Jensen, Robert J. Feldt, EICHHORN & EICHHORN, LLP, 200 Russell Street, Hammond, IN 46325 | |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 7/1/2008 | 200 Russell Street<br>Hammond, IN 46325 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| LISA YANO<br>c/o F. Thomas Hecht/Tina B. Solis | Overnight Mail and E-mail as PDF attachment |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Robert J. Feldt | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | 7/1/2008 | | |
|---|---|---|---|
| | DATE | | SIGNATURE OF SERVER |

ADDRESS OF SERVER

200 Russell Street, Hammond, IN 46325

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises— or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Robert J. Feldt**

| | |
|---|---|
| **From:** | "Barbara Cernick" <bcernick@eichhorn-law.com> |
| **To:** | <tbsolis@uhlaw.com> |
| **Cc:** | "Robert Feldt" <rfeldt@eichhorn-law.com> |
| **Sent:** | Wednesday, July 02, 2008 1:57 PM |
| **Attach:** | Yano-NOD.pdf; DAgostino-NOD.pdf; Lubar-NOD.pdf |
| **Subject:** | Morgan Lewis v. City of East Chicago, Our File No. 411.11197 |

Sent at the request of Robert J. Feldt, please see the attached Notices Of Deposition.  Hard copies will follow by U.S. mail with no cover letter.  Thank you.  Barbara, Secretary


Barbara R. Cernick
bcernick@eichhorn-law.com
Eichhorn & Eichhorn, LLP
200 Russell Street
P.O. Box 6328
Hammond, IN 46325
(219) 931-0560 - voice
(219) 931-5370 - facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DIVISION OF ILLINOIS

| | | |
|---|---|---|
| MORGAN, LEWIS & BOCKIUS LLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-cv-2748 |
| | ) | |
| CITY OF EAST CHICAGO, | ) | Judge: Rebecca R. Pallmeyer |
| | ) | Magistrate Judge: |
| Defendant. | ) | Sidney I. Schenkier |

## <u>NOTICE OF DEPOSITION</u>

To:    Mr. Charles Lubar
       c/o F. Thomas Hecht/Tina B. Solis
       UNGARETTI & HARRIS LLP
       3500 Three First National Plaza
       Chicago, IL 60602

PLEASE TAKE NOTICE that on the 3rd day of July, 2008, at the hour of 8:00 a.m., prevailing time, at the offices of Ungaretti& Harris LLP, 3500 Three First National Plaza, Chicago, IL 60602, the undersigned will proceed to take the deposition of Mr. Charles Lubar before a duly authorized court reporter. The deposition will continue without interruption until completed. The deponent is requested to bring the documents listed in the Subpoena previously served upon you.

Respectfully submitted,

**EICHHORN & EICHHORN, LLP**

By: _____
       One of the attorneys for the Defendant,
       City of East Chicago

David C. Jensen
Robert J. Feldt
**EICHHORN & EICHHORN, LLP**
200 Russell Street
P.O. Box 6328
Hammond, IN 46320
219-931-0560

## CERTIFICATE OF SERVICE

I, Robert J. Feldt, certify that on the _2nd_ day of July, 2008, a true and complete copy of

the foregoing Notice Of Deposition was served upon:

> Tina B. Solis
> UNGARETTI & HARRIS LLP
> 3500 Three First National Plaza
> Chicago, IL 60602
> tbsolis@uhlaw.com

by depositing a copy in the United States mail, first class postage prepaid, in a properly addressed

envelope and by e-mail transmission.

Robert J. Feldt

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DIVISION OF ILLINOIS

| | | |
|---|---|---|
| MORGAN, LEWIS & BOCKIUS LLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-cv-2748 |
| | ) | |
| CITY OF EAST CHICAGO, | ) | Judge: Rebecca R. Pallmeyer |
| | ) | Magistrate Judge: |
| Defendant. | ) | Sidney I. Schenkier |

## NOTICE OF TELEPHONIC DEPOSITION

To:    Ms. Clare D'Agostino
       c/o F. Thomas Hecht/Tina B. Solis
       UNGARETTI & HARRIS LLP
       3500 Three First National Plaza
       Chicago, IL 60602

PLEASE TAKE NOTICE that on the 3rd day of July, 2008, at the hour of 1:00 p.m., prevailing time, the undersigned will proceed to take the telephonic deposition of Ms. Clare D'Agostino at the offices of Eichhorn & Eichhorn, LLP, 200 Russell Street, Hammond, IN 46320 with a duly authorized court reporter present. The deposition will continue without interruption until completed. The deponent is requested to have available the documents listed in the Subpoena previously served upon you.

Respectfully submitted,

EICHHORN & EICHHORN, LLP

By: _____
       One of the attorneys for the Defendant,
       City of East Chicago

David C. Jensen
Robert J. Feldt
EICHHORN & EICHHORN, LLP
200 Russell Street
P.O. Box 6328
Hammond, IN 46320
219-931-0560

## CERTIFICATE OF SERVICE

I, Robert J. Feldt, certify that on the _Owl_ day of July, 2008, a true and complete copy of

the foregoing Notice Of Telephonic Deposition was served upon:

>    Tina B. Solis
>    UNGARETTI & HARRIS LLP
>    3500 Three First National Plaza
>    Chicago, IL 60602
>    tbsolis@uhlaw.com

by depositing a copy in the United States mail, first class postage prepaid, in a properly addressed

envelope and by e-mail transmission.

_____
Robert J. Feldt

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DIVISION OF ILLINOIS

| | | |
|---|---|---|
| MORGAN, LEWIS & BOCKIUS LLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-cv-2748 |
| | ) | |
| CITY OF EAST CHICAGO, | ) | Judge: Rebecca R. Pallmeyer |
| | ) | Magistrate Judge: |
| Defendant. | ) | Sidney I. Schenkier |

### NOTICE OF DEPOSITION

To:    Ms. Lisa Yano
       c/o F. Thomas Hecht/Tina B. Solis
       UNGARETTI & HARRIS LLP
       3500 Three First National Plaza
       Chicago, IL 60602

PLEASE TAKE NOTICE that on the 3rd day of July, 2008, at the hour of 11:00 a.m., prevailing time, at the offices of Ungaretti& Harris LLP, 3500 Three First National Plaza, Chicago, IL 60602, the undersigned will proceed to take the deposition of Ms. Linda Yano before a duly authorized court reporter. The deposition will continue without interruption until completed. The deponent is requested to bring the documents listed in the Subpoena previously served upon you.

Respectfully submitted,

**EICHHORN & EICHHORN, LLP**

By: _____
   One of the attorneys for the Defendant,
   City of East Chicago

David C. Jensen
Robert J. Feldt
**EICHHORN & EICHHORN, LLP**
200 Russell Street
P.O. Box 6328
Hammond, IN 46320
219-931-0560

## CERTIFICATE OF SERVICE

I, Robert J. Feldt, certify that on the _____ day of July, 2008, a true and complete copy of

the foregoing Notice Of Deposition was served upon:

> Tina B. Solis
> UNGARETTI & HARRIS
> 3500 Three First National Plaza
> Chicago, IL 60602
> tbsolis@uhlaw.com

by depositing a copy in the United States mail, first class postage prepaid, in a properly addressed

envelope and by e-mail transmission.

Robert J. Feldt