IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MORGAN, LEWIS & BOCKIUS LLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-cv-2748 |
| | ) | |
| CITY OF EAST CHICAGO, | ) | Judge: Rebecca R. Pallmeyer |
| | ) | Magistrate Judge: |
| Defendant. | ) | Sidney I. Schenkier |

**BRIEF OF THE DEFENDANT, CITY OF EAST CHICAGO,
IN SUPPORT OF ITS MOTION TO COMPEL**

The Defendant, City of East Chicago, ("East Chicago"), by its attorneys, Eichhorn & Eichhorn, states as follows for its Brief filed in support of its Motion To Compel:

**I.  INTRODUCTION**

East Chicago removed this matter to the United States District Court for the Northern District of Illinois on May 12, 2008. [DE 1-2, 6, 9] The Plaintiff, Morgan, Lewis & Bockius LLP, ("Morgan Lewis"), filed its Motion To Remand, ("motion"), on June 5, 2008. [DE 14] On June 19, 2008, East Chicago issued a set of Requests For Production pursuant to the expedited discovery schedule which was established by the Court on June 9, 2008. (See Exhibit A, Plaintiff's Responses to Production Requests, generally, and Group Exhibit B, the Court's June 9, 2008 docket entry, [DE 17], and transcript of the June 9, 2008 hearing.)[1] These Requests For Production seek information relevant to two alleged Morgan Lewis partners whose domicile Morgan Lewis has asserted as a basis for this Court's lack of subject matter jurisdiction. [DE 14] For the reasons stated herein, because Morgan Lewis has refused to produce documents which are responsive to certain of these requests, the Court

---

[1]Those Exhibits referenced in this Brief which are not filed under seal are attached to East Chicago's Motion To Compel.

should:  a) compel the Plaintiff, Morgan Lewis, to produce certain documents identified in East Chicago's Motion To Compel and this supporting Brief which are responsive to its Request For Production Nos. 1, 3, 4, 6 and 7, and permit East Chicago to supplement its Response to Morgan Lewis' Motion To Remand and re-depose/depose certain witnesses; or, in the alternative, b) deny Morgan Lewis' Motion To Remand and/or strike the Affidavit of Ms. Clare D'Agostino, styled as a "Declaration."

## II. ARGUMENT

Parties are permitted discovery as to any non-privileged matter which is relevant to any party's claims or defenses, in this instance Morgan Lewis' claim that this Court lacks subject matter jurisdiction because of the domicile of Mr. Charles Lubar and Ms. Lisa Yano. Fed.R.Civ.P. 26(b)(1). Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id*. Even material which might seem personal such as tax information is discoverable, particularly when, as here, the party responding to discovery has placed the subject area at issue in the case. *See*, *Poulos v. Naas Food, Incorporated*, 959 F.2d 69, 74-75 (7th Cir. 1992), (holding that the plaintiff waived any alleged privilege as to his income tax returns by seeking lost income.)

### A.  Request Nos. 1, 3 and 4

East Chicago requested that Morgan Lewis provide "All documents upon which Ms. Clare D'Agostino relied with regard to her Declaration of June 4, 2008." (See Exhibit A, Request No. 1, p. 3.) Ms. D'Agostino is the Affiant whose testimony serves as the basis for Morgan Lewis' motion and it did not object to this request. (See [DE 15, Exhibit A] and Exhibit A, Response to Request No. 1, p. 3.) Instead, Morgan Lewis acknowledged that responsive documents were relevant and no

specific privilege was asserted over any specific document until July 9, 2008. (See Exhibit A, Response to Request No. 1, p. 3 and attached Exhibit C, East Chicago's Certification Of Good Faith Efforts To Resolve Discovery Disputes, ¶4.)  East Chicago has recently learned, however, that certain e-mails and/or phone recordings from Mr. Charles Lubar and Ms. Lisa Yano upon which Ms. D'Agostino relied to give her Affidavit testimony have not been produced and some may have been spoliated. (See Exhibit C, ¶4 and Exhibit D, Deposition of Ms. D'Agostino, pp. 68-74, 81 and [DE 15, Exhibit A, ¶¶ 3 and 4].)  These outstanding documents also are responsive to East Chicago's request for all documents which refer to the domicile or citizenship of Mr. Lubar and Ms. Yano in its Request For Production Nos. 3 and 4, respectively. (See Exhibit A, Request Nos. 3 and 4, pp. 4-8.)  No privilege log or showing has been made to support a claim of privilege over any of these items.  Ms. D'Agostino's Affidavit also is based upon these materials; privileged or not, any objection to producing them has been waived because Morgan Lewis has placed Mr. Lubar's and Ms. Yano's domicile at issue and Ms. D'Agostino relied at least in part upon these documents in giving her testimony. (See Exhibit C, ¶4; Exhibit D, pp. 68-74 and 81, and [DE 15, Exhibit A, ¶¶3-4].)  *Poulos*, 959 F.2d at 74-75.

**B.  Request Nos. 6 and 7**

East Chicago also requested "All partnership agreements which form the basis for Plaintiff's claims that Mr. Lubar and Ms. Yano are partners of Morgan Lewis." (See Exhibit A, Request No. 6, p. 7.) Request No. 6 sought the very partnership agreement which allegedly establishes Mr. Lubar and Ms. Yano as partners as of May 12, 2008.  Unless they are established as partners by this contractual agreement as of that date, they are not relevant to this Court's subject matter jurisdiction. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).  Finally, East Chicago requested that Morgan

Lewis provide "All documents which reflect an ownership or occupancy interest in real property held by Mr. Lubar and Ms. Yano, respectively, between January 1, 2002 and the present date. (See Exhibit A, Request No. 7, p. 7.) Request No. 7 sought real property documents which are highly relevant to the issue of Mr. Lubar's and Ms. Yano's place of domicile, the inquiry at issue for their citizenship. *Vlandis v. Kline*, 412 U.S. 441, 454 (1973). Morgan Lewis has objected to producing certain documents responsive to Request Nos. 6 and 7. (See Exhibit A, Responses to Request Nos. 6 and 7, Exhibit C and Exhibit D, pp. 25-29, 34-37.)

One of East Chicago's attorneys, Mr. Robert J. Feldt, requested in writing on July 2, 2008 and on July 2, 3 and 9, 2008 during telephonic conferences with one of Morgan Lewis' attorneys, Ms. Tina Solis, that Morgan Lewis produce the partnership agreement requested in Request No. 6, as well as complete tax returns to show all real property schedules and all mortgages, title documents, leases, *etc.,* for the time period requested in Request No. 7. (See attached Exhibit C.) Mr. Feldt and Ms. Solis conferred further during the July 3, 2008 deposition of Ms. D'Agostino. (See Exhibit D, pp. 25-29, 34-37.) Ms. D'Agostino confirmed that the only way anyone can become a partner with Morgan Lewis is by executing a partnership agreement mutually binding by the consent of both the person and the partnership. (See Exhibit D, pp. 25-27.)

Morgan Lewis has refused to produce the partnership agreement which is the basis of the legal relationship between it and Mr. Lubar and Ms. Yano which is the basis of its motion. (See Exhibit A, Response to Request No. 6, Exhibit C and Exhibit D, pp. 25-29, 34-37.) Morgan Lewis specifically objected to producing the applicable partnership agreement only on the basis that: a) the documents requested were beyond the Court's order allowing discovery as to its motion; b) the documents were not relevant for discovery purposes; and c) Morgan Lewis had produced other

4

undated hearsay documents in which Morgan Lewis had represented Ms. Lubar's and Ms. Yano's status as partners, such as his letterhead and her business card. (See Exhibit A, Response to Request No. 6.)

The partnership agreement is highly relevant for several reasons, however. First, the agreement is the actual document which supposedly creates the legal relationship upon which Morgan Lewis relies to support its request for remand. Any supposed "evidence" of Mr. Lubar's or Ms. Yano's partnership status other than the partnership agreement itself is nothing more than a self-serving, hearsay assertion by Morgan Lewis and the discovery rules do not restrict East Chicago to what evidence Morgan Lewis chooses to spoon-feed it. Any such other hearsay documents, assuming that they are considered its business records, also do not reflect Mr. Lubar's or Ms. Yano's acceptance of the legal relationship asserted. Second, certain anticipated aspects of the document are likely to be highly relevant. For example, the partnership agreement may contain a mandatory retirement age. Mr. Lubar is sixty-seven (67) years old and may have passed or may be approaching a mandatory retirement age. (See Exhibit D, pp. 25-29, 34-37 and Exhibit E, Restricted And Sealed Document: documents produced by Morgan Lewis, ML39.) Mr. Lubar has a residence in New York and he has returned to New York numerous times over the last year and was there the day before East Chicago filed its Notice Of Removal. (See Exhibit E, ML38-39, 48-51, 53-54, 58-59, 61, 63, 90-91, 101-102.) His intent with regard to his domicile as of May 12, 2008 is the essence of Morgan Lewis' argument for remand, particularly if his voluntary or involuntary retirement was approaching.[2] The partnership agreement also is likely to establish contractual rights for the claims

---

[2]Mr. Lubar's intent is a highly fact-sensitive inquiry, and East Chicago has been prevented from questioning him by Morgan Lewis' objection. (See Exhibit B and Group F, Deposition Notices and Subpoenas and transmittal letters for Mr. Lubar, Ms. Yano and Ms. D'Agostino.) Morgan Lewis

which Morgan Lewis has pled here; specifically, the agreement is likely to establish that only the partnership as a collective is entitled to the fees sought by Morgan Lewis and that no individual partner has any private right of action or claim for any individual fee billed. The right to bring a claim may be even more restricted to the partners from a specific office which billed the fees sought. These facts are highly relevant to certain arguments which East Chicago intends to make in response to Morgan Lewis' contention that one partner's alleged "stateless" status erases the citizenship of all of its other hundreds of partners.

Finally, East Chicago requested that Morgan Lewis provide "All documents which reflect an ownership or occupancy interest in real property held by Mr. Lubar and Ms. Yano, respectively, between January 1, 2002 and the present date. (See Exhibit A, Request No. 7, p. 7.) Request No. 7 sought real property documents which are highly relevant to the issue of Mr. Lubar's and Ms. Yano's place of domicile, the inquiry at issue for their citizenship. *Vlandis v. Kline*, 412 U.S. 441, 454 (1973). Morgan Lewis has objected to producing all documents responsive to Request No 7, including such as title documents, mortgage agreements, leases, full tax returns with real estate schedules, which would show property held potentially as residences, the circumstances of ownership, duration, etc. There is no basis for producing some, but not all, responsive documents, particularly when those not produced may contain relevant information which those produced do not, such as duration or termination dates.

---

did not support its motion with his Affidavit testimony, instead providing hearsay testimony of his purported intent through a surrogate who is an attorney for the partnership. [DE14 & DE15, Exhibit A, ¶1] (See, also, Exhibit D, pp. 68-74, 81, Exhibit E, ML38-39, 48-51, 53-54, 58-59, 61, 63, 90-91, 101-102 and East Chicago's Motion To Strike and supporting Brief.)

East Chicago has complied with the Court's Local Rule No. 37.2, which requires attorneys to confirm "(1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, . . . ." An order compelling Plaintiff to produce documents responsive to Production Request Nos. 1, 3-4 and 6-7 is appropriate where Plaintiff's current objection based on relevancy grounds constitutes "an evasive or incomplete disclosure, answer or response." Responses of this sort will be treated by the rules as if it had not been answered at all. Fed.R.Civ.P. 37(a)(4).

WHEREFORE, the Defendant, City of East Chicago, requests that the Court enter an order which: a) compels the Plaintiff, Morgan, Lewis & Bockius LLP, to produce the documents identified herein which are responsive to its Request For Production Nos. 1, 3, 4, 6 and 7, and permits East Chicago to supplement its Response to Morgan Lewis' Motion To Remand and re-depose Ms. D'Agostino and depose Mr. Lubar and Ms. Yano; or, in the alternative, b) denies Morgan Lewis' Motion To Remand and/or strikes the Affidavit of Ms. Clare D'Agostino, styled as a "Declaration."

Respectfully submitted,

**EICHHORN & EICHHORN, LLP**

By: s/Robert J. Feldt
    One of the attorneys for the Defendant,
    City of East Chicago

David C. Jensen
djensen@eichhorn-law.com
Robert J. Feldt
rfeldt@eichhorn-law.com
**EICHHORN & EICHHORN, LLP**
200 Russell Street, P.O. Box 6328
Hammond, IN 46320
219-931-0560

## **CERTIFICATE OF SERVICE**

      I, Robert J. Feldt, hereby certify that on the __10th__ day of July, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

> F. Thomas Hecht
> Tina B. Solis
> UNGARETTI & HARRIS LLP
> 3500 Three First National Plaza
> Chicago, IL 60602
> fthecht@uhlaw.com
> tbsolis@uhlaw.com

                                        s/Robert J. Feldt
                                        Robert J. Feldt