IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MORGAN, LEWIS & BOCKIUS LLP, ) | |
| Plaintiff, ) | |
| ) | No. 08-cv-2748 |
| v. ) | |
| ) | Judge: Rebecca R. Pallmeyer |
| CITY OF EAST CHICAGO, ) | Magistrate Judge: |
| Defendant. ) | Sidney I. Schenkier |

**BRIEF OF THE DEFENDANT, CITY OF EAST CHICAGO, IN SUPPORT
OF ITS MOTION TO STRIKE THE AFFIDAVIT OF MS. CLARE D'AGOSTINO**

The Defendant, City of East Chicago, ("East Chicago"), by its attorneys, Eichhorn & Eichhorn, LLP, states as follows for its Brief filed in support of its Motion To Strike The Affidavit Of Clare D'Agostino, ("Ms. D'Agostino"):

**I. INTRODUCTION**

The Plaintiff, Morgan, Lewis & Bockius LLP, ("Morgan Lewis"), filed its Motion To Remand with supporting Memorandum on June 5, 2008. [DE 14-15] Morgan Lewis' motion seeks to defeat this Court's subject matter jurisdiction by arguing that two of its partners, Mr. Charles Lubar and Ms. Lisa Yano, are U.S. citizens domiciled abroad. No Affidavits from Mr. Lubar nor Ms. Yano were attached; Morgan Lewis' motion is supported instead by the Affidavit of Ms. Clare D'Agostino, Assistant Counsel for Morgan Lewis since 1994. [DE 14 and DE 15, Exhibit A, ¶1 and generally.] In her Affidavit, Ms. D'Agostino declared that Mr. Lubar and Ms. Yano are Morgan Lewis partners, are residents of the United Kingdom and Japan, respectively and that Mr. Lubar and Ms. Yano have no immediate plans to return to the U.S. to live on a permanent basis. [DE 15, Exhibit A] Ms. D'Agostino also declared that she has "personal knowledge regarding Mr. Lubar and Ms. Yano and their residence and work overseas, including their work location, citizenship status, and duration with Morgan Lewis" and that the information is true and correct based upon her

personal knowledge and on information that she obtained from personnel records and documents that were maintained by Morgan Lewis in the ordinary course of business. [DE 15, Exhibit A] When she was deposed, she confirmed that her averments in ¶¶3 and 4 of her Affidavit, including Mr. Lubar's and Ms. Yano's intent not to return to the U.S., were based upon hearsay statements made by them as a result of her preparation of her Affidavit for this litigation weeks after East Chicago's Notice Of Removal was filed. (See [DE 15, Exhibit A, ¶1] and Exhibit A, Deposition of Clare D'Agostino, pp. 9-13, 39-40, 43, 46, 68-74, 81.)[1]

## II. ARGUMENT

It is fundamental that affidavits[2] must be based upon personal knowledge. *America's Best Inns, Inc. v. Best Inns of Abilene*, 980 F.2d 1072, 1074 (7th Cir. 1992). A court should be shown "how the affiant knew or could have known such facts, and if there is no evidence from which an inference of personal knowledge can be drawn, then it is presumed that such does not exist." *Rivas v. RJM*, 377 B.R. 423, 427 (Bkrtcy.S.D.Fla. 2007). The testimony asserted should follow substantially the same form as though the affiant were testifying in court; and thus hearsay, conclusory statements of legal opinion and opinion testimony by one not shown to be qualified to testify to such will not suffice. Fed.R.Evid. 602. An affiant's statements concerning third parties' beliefs or intentions may be stricken absent a *demonstration* of personal knowledge. *Ramada Franchise Systems, Inc. v. Tresprop, Ltd.*, 75 F.Supp.2d 1205, 1209 (D.Kan. 1999). Several of the

---

[1] Those Exhibits referenced in this Brief which are not filed under seal are attached to East Chicago's Motion To Strike.

[2] The title of the document "Declaration" is not material since an affidavit is synonymous with a declaration. See Black's Law Dictionary 7 (8th ed.2004), (defining an "affidavit" as "[a] voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public."

factual allegations contained in Ms. D'Agostino's Declaration are either conclusory in that she did not demonstrate how she came to have personal knowledge of them, or are based on hearsay. [DE 15, Exhibit A, ¶¶3-4]; (Exhibit A, pp. 68-74, 81.)

Ms. D'Agostino cannot have personal knowledge of the intent of either Mr. Lubar or Ms. Yano regarding whether they planned to "return to the United States," or where they consider their residence or home to be for that matter, except by way of inadmissible hearsay. [DE 15, Exhibit A, ¶¶3-4] Personal knowledge of such facts would require Ms. D'Agostino to know the private intentions and beliefs of another person, which is impossible. The only other way for Ms. D'Agostino to know of the private thoughts of Mr. Lubar and Ms. Yano would be if they supposedly told her, which for purposes of her Affidavit is inadmissible hearsay. Fed.R.Evid. 801-802; *U.S. v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005), (holding that a lawyer's affidavit containing statements of his client was inadmissible hearsay); *Robinson Engineering Co. Pension Plan and Trust v. George*, 223 F.3d 445, 451-52 (7th Cir. 2000). She confirmed this in her deposition. (See Exhibit A, pp. 68-74, 81.) Because her Affidavit in this regard is based upon hearsay, it is inadmissible. Fed.R.Evid. 802; *U.S. v. Neely*, 980 F.2d 1074, 1083 (7th Cir. 1992); *U.S. v. Harvey*, 959 F.2d 1371, 1375 (7th Cir. 1992); *U.S. v. Harris*, 942 F.2d 1125, 1130 (7th Cir. 1991); *U.S. v. Carter*, 910 F.2d 1524 (7th Cir. 1990). She also cannot offer her own opinion or conclusions as to Mr. Lubar's or Ms. Yano's state of mind. *U.S. v. Benson*, 941 F.2d 598, 604-605 (7th Cir. 1991); *U.S. v. Ricketts*, 146 F.3d 492, 496-497 (7th Cir. 1998); *Schultz v. Thomas*, 832 F.2d 108, 109-111 (7th Cir. 1987). *Klein v. Vanek*, 86 F.Supp.2d 812, 818-819 (N.D.Ill. 2000). Finally, Morgan Lewis has failed to produce or has spoliated any evidence from Mr. Lubar and Ms. Yano in response to Ms. D'Agostino's inquiries as to their intended places of domicile. (Exhibit A, pp. 68-74, 81; see, also, East Chicago's

Motion To Compel and its supporting Brief, generally, and Exhibit B, Plaintiff's Responses And Objections to East Chicago's Requests For Production Nos. 1 and 3-4.)  The only appropriate persons to address the question of Mr. Lubar's and Ms. Yano's places of domicile as of May 12, 2008 are Mr. Lubar and Ms. Yano themselves.[3]  Without such evidence, Morgan Lewis' motion is unsupported, or at best fails to overcome the presumption that Mr. Lubar and Ms. Yano are domiciled in one of the fifty (50) States.  (See East Chicago's Response to Morgan Lewis' Motion To Remand, generally and Section II.C.)

Ms. D'Agostino's familiarity with personal information for Mr. Lubar and Ms. Yano also is limited.  The last time that she saw Mr. Lubar was nearly two years ago at a social event for the partnership.  (Exhibit A, p. 31.)  She saw him before that previously in the same year but does not recall what they discussed and she does not recall when she previously saw him before that.  (Exhibit A, pp. 31-32.)  She has not been to his apartment in New York or London.  (Exhibit A, p. 32.)  She does not know if he owns any other property.  (Exhibit A, p. 32.)  While she knows his wife's name, she does not know his children's names.  (Exhibit A, p. 33.)  She does not know his travel schedule or how much time he spends at any particular location.  (Exhibit A, pp. 33-34.)  She does not know how many times he has been in the United States in the year 2008.  (Exhibit A, p. 34.)  She does not where he was on the day that East Chicago filed its Notice Of Removal on May 12, 2008.  (Exhibit A, p. 34.)  His passport documents show in fact that he has been to New York, where he maintains a residence, numerous times in 2008 and 2007, including on May 11, 2008.  (See Exhibit B,

---

[3] East Chicago requested these depositions but Morgan Lewis' objection to them was sustained. (See Group Exhibit C, the Court's June 9, 2008 docket entry, [DE 17], the June 9, 2008 hearing transcript, and East Chicago's notices and subpoenas for depositions, with transmittal correspondence.)

4

Response to Production No. 3, and Exhibit D, Restricted And Sealed Document: documents produced by Morgan Lewis, ML 38-40, 48, 49, 50, 51, 53, 54, 58, 59, 61, 63, 68, 90-91, 101-102.) She knows that he was born in Washington, D.C. but she does not know where he grew up or if he has an extended family, brothers, sisters, aunts, uncles. (Exhibit A, pp. 37-38.) She does not know if his family has a family home or estate or farm in the United States or if his family owns any other property in the United States besides his apartment in New York. (Exhibit A, p. 38.) She has never discussed with Mr. Lubar what he intends to do as far as retirement goes. (Exhibit A, p. 38.) The only time that she has discussed Mr. Lubar's supposed intent not to leave the United Kingdom has been in conjunction with the preparation of her declarations in this matter and in the Swiger matter for litigation purposes in support of another Motion To Remand. (Exhibit A, pp. 39-40, 68-74 and 81.)

      Ms. D'Agostino has had even less contact with Ms. Yano. She has spoken with her on the telephone, has exchanged e-mails and met her on one occasion. (Exhibit A, p. 43.) During her meeting, telephone calls or e-mails with Ms. Yano, she has never discussed anything about her personal life. (Exhibit A, p. 46.) She knows Ms. Yano was born in New Jersey but does not know where and does not know where she grew up. (Exhibit A, pp. 46-47.) She does not know if Ms. Yano has any brothers or sisters or if her parents are alive. (Exhibit A, p. 47.) She does not know if Ms. Yano's family owns any property in the United States. She knows that she has two children but does not know their names or ages or if her husband lives with them in Tokyo. (Exhibit A, pp. 47-48.) She does not know anything about the building where Ms. Yano supposedly lives in Toyko, including if she owns or rents. As with Mr. Lubar, she does not know anything about Ms. Yano's travel schedule. (Exhibit A, pp. 33-34, 49 and 68.) Again, like Mr. Lubar, the only information

which supports her statement that Ms. Yano resides in Japan and has no immediate plans to leave Japan and to return to the United States on a permanent basis is from hearsay created as a result of Ms. D'Agostino's preparation of her Affidavit for use in this litigation. (Exhibit A, pp. 68-74 and 81.)

### III.  CONCLUSION

Paragraphs 3-4 of Ms. D'Agostino's Affidavit are based upon inadmissible hearsay and they should be stricken.  Moreover, without those paragraphs, the remaining portions of her Affidavit contain no material information as to Mr. Lubar's or Ms. Yano's domicile.  Finally, her Affidavit is based in part upon information and documents which Morgan Lewis has refused to produce or which may have been spoliated.

**WHEREFORE**, the Defendant, City of East Chicago, requests that the Court enter an order which strikes the Affidavit of Ms. Clare D'Agostino.

    Respectfully submitted,

    **EICHHORN & EICHHORN, LLP**

    By: s/Robert J. Feldt
        One of the attorneys for the Defendant,
        City of East Chicago

David C. Jensen
Robert J. Feldt
**EICHHORN & EICHHORN, LLP**
200 Russell Street
P.O. Box 6328
Hammond, IN 46325
219-931-0560

**CERTIFICATE OF SERVICE**

    I, Robert J. Feldt, hereby certify that on the __10th__ day of July, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

    F. Thomas Hecht
    Tina B. Solis
    UNGARETTI & HARRIS LLP
    3500 Three First National Plaza
    Chicago, IL 60602
    fthecht@uhlaw.com
    tbsolis@uhlaw.com

    s/Robert J. Feldt
    Robert J. Feldt