**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| MORGAN, LEWIS & BOCKIUS LLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CV 2748 |
| | ) | Judge Pallmeyer |
| CITY OF EAST CHICAGO, | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendant. | ) | |

**REPLY IN FURTHER SUPPORT OF
PLAINTIFF'S MOTION TO REMAND**

Plaintiff Morgan, Lewis & Bockius LLP ("Morgan Lewis"), by its undersigned attorneys, submits the following Reply in further support of its Motion to Remand the above-captioned action to the Circuit Court of Cook County, Illinois.

**INTRODUCTION**

Morgan Lewis's Motion to Remand is based on the lack of diversity jurisdiction stemming from the status of Morgan Lewis partners Charles Lubar ("Mr. Lubar") and Lisa Yano ("Ms. Yano") as United States citizens domiciled abroad. (Docket 15 at 4-5.) Defendant the City of East Chicago ("East Chicago") tries to argue that Morgan Lewis created from whole cloth the legal principle that a limited liability partnership with partners who are U.S. citizens domiciled abroad is "stateless" for diversity purposes (Docket 28 at 5-9). East Chicago also asserts that Morgan Lewis is invoking this principle simply to "suit its own needs and to deprive East Chicago of its constitutional and statutory rights of access to the Federal Courts." (*Id*. at 2). East Chicago mischaracterizes both the law and the circumstances before the Court.

Morgan Lewis and its attorneys, as officers of the Court, have an obligation to inform the Court of the jurisdictional defect present in this case. The basis of that defect is well established in the case law of the United States Supreme Court and of multiple circuit courts. Because the Court has no subject matter jurisdiction over this action, the only appropriate course of action for the Court to pursue is to remand the matter to Circuit Court of Cook County.

## ARGUMENT

**I.    MORGAN LEWIS'S INVOCATION OF THE JURISDICTIONAL DEFECT IN THIS CASE IS BASED ON ITS OBLIGATION TO CALL THE COURT'S ATTENTION TO ITS LACK OF SUBJECT MATTER JURISDICTION.**

Morgan Lewis asserted in the Memorandum of Law in support of its Motion to Remand that it "is not attempting to escape the diversity jurisdiction of the federal courts" and is merely acting on its "responsibility" to the Court in raising the admittedly "unusual jurisdictional defect present in this case." (Docket 15 at n.1.) Morgan Lewis stands on this assertion. Morgan Lewis has no strategic agenda in pursuing its Motion to Remand. In drawing the Court's attention to the jurisdictional defect present in this case, Morgan Lewis and its attorneys simply are acting in accordance with their obligations as officers of the court. Indeed, it is immaterial to Morgan Lewis whether this action proceeds in state court or federal court, as long as the merits are reached expeditiously.

Unfortunately, this cannot occur in federal court. The Court's lack of subject matter jurisdiction will jeopardize the validity of any judgment reached in the proceedings. Morgan Lewis cannot waive the defect in the Court's subject matter jurisdiction, and if the Court were not apprised of this defect now, at the outset of the proceedings, then any subsequent judgments rendered would be subject to collateral

attack or *sua sponte* invalidation on the basis of the Court's lack of subject matter jurisdiction. As the United States Supreme Court has noted:

> [N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings. Similarly, a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion.

*Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted); *see also Voelker v. Porsche Cars North Amer., Inc.*, 353 F.3d 516, 521 (7th Cir. 2003) ("Federal courts are obliged to inquire *sua sponte* wherever the propriety of the removal of a claim to federal court is in question.").

In contrast to Morgan Lewis's reasons for seeking remand, East Chicago's motives for resisting it are less straightforward. East Chicago, by its own admission, wants the Court to retain jurisdiction over this matter so that East Chicago subsequently can contest personal jurisdiction and venue and seek transfer to the United States District Court for the Northern District of Indiana. (Docket 28 at n.1.) The inconsistency of this position is a telling sign of the gamesmanship East Chicago initiated when it filed its Notice of Removal. Essentially, East Chicago is asking the Court to declare that the Court *has* jurisdiction so that it can then attempt to convince the Court that it *has no* jurisdiction, and/or that venue is more appropriate in the Northern District of Indiana.

## II. CHARLES LUBAR'S STATUS AS A U.S. CITIZEN DOMICILED IN LONDON AND LISA YANO'S STATUS AS A U.S. CITIZEN DOMICILED IN TOKYO PRECLUDE THE COURT FROM EXERCISING DIVERSITY JURISDICTION OVER THIS CONTROVERSY.

The principle on which Morgan Lewis relies in support of its Motion to Remand—that a limited liability partnership with partners who are U.S. citizens domiciled abroad is "stateless" for diversity purposes—is firmly established in the case

law of the United States Supreme Court and of multiple circuit courts.  Morgan Lewis has clearly and forthrightly explained the state of the law to the Court and specified how the law applies to the present circumstances.  (Docket 15 at 4-5.)

East Chicago, on the other hand, has not cited a single case where a court faced with circumstances similar to those before the Court found that it had subject matter jurisdiction.  Instead, East Chicago attempts to replace the established analysis of "stateless" partners that flows from the case law with an analysis that ignores the status of those partners altogether.

According to East Chicago, it has demonstrated that diversity exists between itself and Morgan Lewis by showing that "Morgan Lewis is a Citizen of nine (9) different States by virtue of the States of domicile of hundreds of its partners," and that none of those partners is domiciled in Indiana.  (Docket 28 at 6.)  East Chicago then repeatedly insists that Morgan Lewis's citizenship for diversity purposes should be determined based on the consideration of the citizenship of all Morgan Lewis's partners, not just "one or two."  (*Id.* at 5-6, 8-9.)  In support of this position, East Chicago cites *Carden v. Arkoma Associates*, 494 U.S. 185, 189-96 (1990), *Camico Mutual Insurance Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007), and *Commonwealth Insurance Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004).

East Chicago's reliance on these cases as the basis for refuting Morgan Lewis's argument is puzzling, as East Chicago appears to agree with Morgan Lewis that the cases stand for the proposition that the citizenship of each of the members of an artificial entity must be considered in determining the citizenship of the entity.  Indeed, as the United States Supreme Court articulated in *Carden*:

> We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of "all the members," "the several persons composing such association," "each of its members."

*Carden*, 494 U.S. at 195-96 (internal citations omitted). The Seventh Circuit's decisions in *Camico* and *Commonwealth* simply apply this general rule in the specific context of a limited liability partnership. *See Camico*, 474 F.3d at 992; *Commonwealth*, 398 F.3d at 881 n.1.

After acknowledging the proposition that the citizenship of a limited liability partnership is determined by the citizenship of each of its partners, East Chicago shies away from applying it to the facts before the Court. This aspect of East Chicago's argument brings the flaw of its proposed diversity analysis into sharp focus. East Chicago appears to agree that if a Morgan Lewis partner, such as Mr. Lubar or Ms. Yano, were a citizen of the State of Indiana, that fact would destroy diversity.[1] East Chicago refuses, however, to apply the same logic to this situation, where Mr. Lubar and Ms. Yano are "stateless" rather than citizens of Indiana. In other words, while East Chicago acknowledges that "complete diversity" is the applicable rule, East Chicago declines to apply that rule to "stateless" partners.

East Chicago offers no justification for this position, failing to convincingly distinguish cases that invoke the "stateless" status of a U.S. citizen domiciled abroad as the basis for lack of diversity jurisdiction. The United States Supreme Court applied this

---

[1] East Chicago repeatedly emphasizes the importance of the fact that no Morgan Lewis partner is a citizen of the State of Indiana. (*See* Docket 28 at 2 ("Morgan Lewis has no partner who is a Citizen of the State of Indiana."), at 4 ("Morgan Lewis further admits that hundreds of its partners are domiciled in the States of Illinois, New York, New Jersey, California, Pennsylvania, Massachusetts, Florida, Texas and Minnesota, and that none are domiciled in the State of Indiana."), at 6 ("[E]ven if Mr. Charles Lubar or Ms. Lisa Yano were to be found to be 'stateless'…the only relevance of this point would be that neither Mr. Lubar nor Ms. Yano is a Citizen of the State of Indiana.")

principle in *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989), and the Seventh Circuit did so in *Sadat v. Mertes*, 615 F.2d 1176, 1180-82 (7th Cir. 1980), and again in *ISI International, Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731, 733 (7th Cir. 2003). Indeed, like the instant case, *ISI International* involved a situation where a "stateless" partner in a limited liability partnership destroyed diversity jurisdiction over the partnership. *See ISI Int'l*, 316 F.3d at 733. Morgan Lewis does not dispute that the Seventh Circuit made this determination in the context of reviewing the dismissal of an action pursuant to the doctrine of *forum non conveniens*.[2] This, however, does not in any way alter the Seventh Circuit's acceptance of the effect statelessness has on diversity, *see, e.g., Sadat*, 615 F.2d at 1180-82, and it certainly does not suggest that the Seventh Circuit is prepared to modify the application of this rule when a limited liability partnership is involved. Furthermore, East Chicago's rationale for distinguishing *ISI International* on its facts is unpersuasive. (Docket 28 at 7.) In that case, the "stateless" status of the single partner who was a U.S. citizen domiciled in Canada was enough to defeat diversity. *See ISI Int'l*, 316 F.3d at 733. The same would have been true regardless of whether all the other partners in the Canadian law firm at issue were U.S. citizens from states other than Illinois or Canadian citizens, and, thus, regardless of whether the diversity inquiry was conducted under paragraph (a)(1) or paragraph (a)(2) of the diversity statute.

---

[2] Indeed, Morgan Lewis acknowledged this aspect of the case in its Memorandum of Law. (*See* Docket 15 at 4.) East Chicago's claim that Morgan Lewis relied on *ISI International* out of context, and East Chicago's related citation to the United States Supreme Court's new Second Amendment decision, *District of Columbia v. Heller*, 2008 WL 2520816 (U.S. June 26, 2008), are nothing more than rhetorical devices designed to undercut Morgan Lewis's credibility and divert the Court's attention from the valid application of the "stateless" citizen rule in *ISI International*.

Additionally, numerous other courts have reached the conclusion that a partnership with partners who are U.S. citizens domiciled abroad is "stateless" for diversity purposes. *See, e.g., Herrick Co. v. SCS Communications, Inc.*, 251 F.3d 315, 322-324 (2d Cir. 2001); *Creswell v. Sullivan & Cromwell*, 922 F.2d 60, 68-69 (2d Cir. 1990); *Thompson v. Deloitte & Touche LLP*, 503 F. Supp. 2d 1118, 1121-125 (S.D. Iowa 2007); *Swiger v. Allegheny Energy, Inc.*, 2007 WL 442383, at *4-5 (E.D. Pa. Feb. 7, 2007). *Swiger* is particularly persuasive, because, as previously discussed (*see* Docket 15 at 5), it involved the status of one of the *same* Morgan Lewis partners at issue in this case, Mr. Lubar. East Chicago's only attempt to address the *Swiger* decision is its oblique reference to "a district court judge in another Circuit who reached an ill-reasoned conclusion" contrary to the position advocated by East Chicago. (Docket 28 at 9.). This failure to discuss *Swiger* in detail is unsurprising, as East Chicago cannot distinguish *Swiger* factually and has offered no viable alternative to the legal reasoning employed by the *Swiger* court and the other decisions cited above.

This leaves East Chicago to complain that it has "been deprived of the opportunity to fully address [the] alleged inapplicability" of paragraphs (a)(2) and (a)(3) of the diversity statute to this case, and that it needs to be given the opportunity to assess whether Mr. Lubar's United States citizenship or United Kingdom citizenship is "predominant." (Docket 28 at 7.) East Chicago raises this argument in response to Morgan Lewis's point that even if Mr. Lubar is considered a dual citizen of the United States and the United Kingdom, the Court still has no diversity jurisdiction over the controversy. (Docket 15 at 6.) There is, however, no need to allow East Chicago to inquire further into the "predominant" citizenship of Mr. Lubar. The Court could ignore

Mr. Lubar entirely and still conclude that Ms. Yano's status negates diversity. Morgan Lewis merely wishes to emphasize that if, for some reason, Ms. Yano's status were disregarded, but Mr. Lubar's were acknowledged, the additional fact of Mr. Lubar's dual citizenship would not alter the outcome of the diversity analysis in any way. The reason for this, as already discussed (*id.* at 6-7), is twofold. First, Mr. Lubar's U.S. citizenship is controlling as a matter of law. *See Sadat*, 615 F.2d at 1187-88; *Coury v. Prot*, 85 F.3d 244, 247-48 (5th Cir. 1996); *Mutuelles Unies v. Kroll & Lindstrom*, 957 F.2d 707, 711 (9th Cir. 1992); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991). Second, even if it were not, Morgan Lewis's partners are not foreign citizens only, as would be required for jurisdiction to lie pursuant to paragraph (a)(2) of the diversity statute. *See Newman-Green*, 490 U.S. at 828.

In sum, even though the effect of "stateless" partners on the citizenship of a limited liability partnership adds an additional layer of complexity to the application of the diversity statute, this complexity is for Congress, not the courts, to address. *See, e.g., Carden*, 494 U.S. 196-97 (recognizing that holding that a limited partnership is a citizen of every state in which one of its partners resides could be seen as "technical" and "unresponsive to policy considerations raised by the changing realities of business organization," but explaining that the task of "accommodating our diversity jurisdiction to the changing realities of commercial organization" is "performed more legitimately by Congress than by the courts"); *Creswell*, 922 F.2d at 68 ("Though we are unclear as to Congress's rationale for not granting United States citizens domiciled abroad rights parallel to those it accords foreign nationals, the language of § 1332(a) is specific and requires the conclusion that a suit by or against United States citizens domiciled abroad

may not be premised on diversity."). For present purposes, settled law dictates the remand of this action to the Circuit Court of Cook County.

**III.    THE DOCUMENTS PRODUCED BY MORGAN LEWIS, THE DECLARATION OF CLARE D'AGOSTINO, AND CLARE D'AGOSTINO'S DEPOSITION TESTIMONY MORE THAN ADEQUATELY DEMONSTRATE THAT MR. LUBAR AND MS. YANO ARE U.S. CITIZENS DOMICILED ABROAD.**

Because the law is not on East Chicago's side, East Chicago also argues that Morgan Lewis has failed to provide sufficient proof that Mr. Lubar and Ms. Yano are U.S. citizens domiciled abroad. (Docket 28 at 9-12.) Morgan Lewis already has addressed East Chicago's attempt to create a factual issue in this case in its Responses to East Chicago's Motion to Compel and Motion to Strike (Docket 34, 35), and in the interest of judicial economy, Morgan Lewis will refrain from repeating the arguments set forth in those Responses at length. Morgan Lewis merely will reiterate certain key points as needed.

First and foremost, Morgan Lewis has produced an enormous amount of documentary evidence establishing the citizenship and domicile of Mr. Lubar and Ms. Yano. Those documents include Mr. Lubar and Ms. Yano's passports, driver's licenses, tax returns, bar registration statements, bank account statements, and various documents evincing their ownership of property in London, New York, and Tokyo. (Excerpt from Morgan Lewis's Responses and Objections to Defendant's First Requests for Production of Documents at 3-7, attached hereto as Ex. A.) Morgan Lewis also has produced Mr. Lubar's certificate of naturalization as a British citizen and Ms. Yano's certificate of alien registration. (*Id.*)

In addition to the above, Morgan Lewis has provided a declaration from its Assistant Counsel to the Firm, Clare D'Agostino ("Ms. D'Agostino"), setting forth her knowledge of facts relevant to Mr. Lubar and Ms. Yano's domicile. Morgan Lewis also has produced Ms. D'Agostino for a deposition.

Despite not having pointed to one scintilla of evidence suggesting that Mr. Lubar and Ms. Yano are *not* U.S. citizens domiciled, respectively, in London and Tokyo, East Chicago continues to insist that additional discovery is necessary. But East Chicago's requests for Morgan Lewis's partnership agreement and for the depositions of Mr. Lubar and Ms. Yano are unduly burdensome and duplicative, particularly considering the limited nature of the discovery related to Morgan Lewis's Motion to Remand. (Docket at 34.) Likewise, East Chicago's insistence that Ms. D'Agostino's declaration must be stricken fails to acknowledge that Ms. D'Agostino's position with Morgan Lewis requires her to have personal knowledge of numerous details regarding the firm's partners, and that Ms. D'Agostino's declaration was based on her consideration of business records and statements of intent that fall within exceptions to the hearsay rule. (Docket at 35.)

The fact of the matter is that Morgan Lewis has gone well beyond what is necessary to demonstrate that Mr. Lubar and Ms. Yano are U.S. citizens domiciled abroad. *See, e.g., Herrick*, 251 F.3d at 322-24 (relying solely on biographical materials compiled by law firm regarding partners who were U.S. citizens domiciled abroad in holding that opposing party, the proponent of diversity jurisdiction, had failed to carry the burden of establishing diversity). Despite its cavalier assertion that Morgan Lewis has failed to "overcome the presumption that [Mr. Lubar and Ms. Yano] are Citizens of one of the fifty (50) states" (Docket 28 at 9), East Chicago is incapable of carrying the burden

that ultimately remains on it to establish diversity of citizenship in this case. *See McNutt v. Gen. Motors Corp.*, 298 U.S. 178, 189 (1936) (for purpose of establishing jurisdictional facts, court "may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence"); *Herrick*, 251 F.3d at 324 (explaining that party invoking diversity jurisdiction maintains burden of persuasion in establishing specific initial domiciles that support existence of diversity jurisdiction).

## IV.    MORGAN LEWIS'S REQUEST FOR REASONABLE ATTORNEYS' FEES IS WELL FOUNDED.

Finally, East Chicago disputes the basis of Morgan Lewis's request for reasonable attorneys' fees, claiming that Morgan Lewis "misstates the standard for awarding attorney fees upon remand" (Docket 28 at 12) and that "Morgan Lewis has admitted that East Chicago had an objectively reasonable basis for seeking removal as of May 12, 2008" (*id.* at 13).

As to East Chicago's first point, Morgan Lewis acknowledges that the standard for determining whether to award attorneys' fees pursuant to 28 U.S.C. 1447(c) is one of objective reasonableness. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)). The objective reasonableness standard set forth in *Martin* was refined by the Seventh Circuit in *Lott v. Pfizer, Inc.*, 492 F.3d 789 (7th Cir. 2007), where the court noted that "[a]s a general rule, if, at the time, the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees." *Lott*, 492 F.3d at 792-93. Morgan Lewis was merely applying the objective reasonableness standard to the circumstances of this case in stating: "Where a case is wrongfully removed, and the removing party is made

aware of the operative facts and law that compel returning the case to state court, an award of attorney's fees for bringing the motion is appropriate." (Docket 15 at 8.)

East Chicago's second point—that Morgan Lewis has admitted that East Chicago had an objectively reasonable basis for seeking removal—mischaracterizes Morgan Lewis's good-faith efforts to resolve the jurisdictional dispute currently before the Court without engaging in extensive and costly motion practice and discovery. After Morgan Lewis's counsel became aware of Mr. Lubar's status as a U.S. citizen domiciled abroad and the implications of that status, Morgan Lewis's counsel notified counsel for East Chicago of the same and provided counsel for East Chicago with copies of the relevant authority. (Letter dated May 19, 2008, attached hereto as Ex. B.) Morgan Lewis's counsel explained exactly how Morgan Lewis intended to proceed if East Chicago chose not to withdraw its Notice of Remand.

As set forth in the letter of May 19, 2008, and in East Chicago's Motion to Remand, "clearly established law" in effect at the time East Chicago filed its Notice of Removal demonstrated that East Chicago had no basis for removing this action. *See Lott*, 492 F.3d at 793. Yet, when Morgan Lewis's counsel apprised counsel for East Chicago of the factual circumstances bringing that clearly established law into play, East Chicago chose not to withdraw its Notice of Remand. While Mr. Lubar and Ms. Yano's status as U.S. citizens domiciled abroad may not have been reasonably foreseeable to East Chicago, East Chicago had no "objectively reasonable basis for removal," *Martin*, 546 U.S. at 136, after it was informed of their status. If ever there is a case where attorneys' fees are appropriate under section 1447(c), it is where, as here, clearly established law undercuts the basis for removal at the time notice is filed, and the removing party is

subsequently made aware of the operative facts and law that compel returning the case to state court, but refuses to do so.  As a result, Morgan Lewis is entitled to an award of reasonable attorneys' fees.

## CONCLUSION

**WHEREFORE**, for the reasons set forth above, Morgan Lewis respectfully requests that the Court enter an order remanding this action to the Circuit Court of Cook County and awarding reasonable attorneys' fees incurred as a result of the removal of this action.

Dated: July 23, 2008                          Respectfully submitted,


                                              /s/ Tina B. Solis
                                              One of the Attorneys for
                                              MORGAN, LEWIS & BOCKIUS
                                              LLP

                                              F. Thomas Hecht (ARDC #1168606)
                                              Tina B. Solis (ARDC #6242461)
                                              Seth A. Horvath (ARDC #6283110)
                                              Ungaretti & Harris LLP
                                              3500 Three First National Plaza
                                              Chicago, Illinois 60602
                                              Telephone (312) 977-4400
                                              Facsimile (312) 977-4405


## SERVICE OF DOCUMENTS BY ELECTRONIC MEANS

I, Tina B. Solis, an attorney, certify that service of this document was accomplished pursuant to ECF on all Electronic Filing Users of record this 23rd day of July 2008.

                                              /s/ Tina. B. Solis

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| MORGAN, LEWIS & BOCKIUS LLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CV 2748 |
| | ) | Judge Pallmeyer |
| CITY OF EAST CHICAGO, | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO
DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Morgan, Lewis & Bockius LLP ("Plaintiff" or "Morgan Lewis"), hereby serves its Responses and Objections to Defendant the City of East Chicago's ("Defendant" or "East Chicago") First Requests for Production of Documents. Morgan Lewis reserves the right to supplement or amend its Objections and Responses to these Requests for Production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**GENERAL OBJECTIONS**

Morgan Lewis objects generally to East Chicago's First Requests for Production of Documents to the extent that they call for information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or defense.

Morgan Lewis also objects generally to East Chicago's First Requests for Production of Documents to the extent they impose burdens, obligations, or requirements in excess of those required or permitted by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, or any other applicable rule or order issued by the Court.

more specifically.

### SPECIFIC OBJECTIONS AND/OR RESPONSES
#### (in addition to all General Objections)

### REQUESTS FOR DOCUMENTS

**1.    All documents upon which Ms. Clare D'Agostino relied with regard to her Declaration of June 4, 2008.**

**OBJECTIONS AND/OR RESPONSE:** Morgan Lewis responds that Clare D'Agostino ("Ms. D'Agostino") relied on documents maintained by Morgan Lewis in the ordinary course of business, including information from various files and/or databases on residence and the information available on the Morgan Lewis website regarding Charles Lubar ("Mr. Lubar") and Lisa Yano ("Ms. Yano"). This information and documents relevant to the Motion to Remand will be produced.

**2.    All documents utilized as the basis for the representations about Mr. Lubar's citizenship, domicile or partnership in the *Swiger* matter, Civil Action No. 05-CV-5725, United States District Court for the Eastern District of Pennsylvania.**

**OBJECTIONS AND/OR RESPONSE:** Morgan Lewis will produce the first page of Mr. Lubar's 2005 United Kingdom tax return (ML00128); the first page of Mr. Lubar's 2004 United States tax return (ML00129); statements for bar dues paid by Mr. Lubar in 2004 and 2005 to the Maryland Bar; (ML00130-131); statements for bar dues paid by Mr. Lubar in 2004 and 2005 to the District of Columbia Bar (as an inactive member) (ML00132-133); a November 2005 statement from the Law Society regarding Mr. Lubar's registration as a Registered Foreign Lawyer (ML00134); Mr. Lubar's Washington, D.C. driver's license (ML00136); a June 2006 bank statement from Mr. Lubar's bank account with Coutts Bank, Geneva, Switzerland (ML00137); a July 2006 bank statement from Mr. Lubar's bank account with SunTrust Bank, Orlando, Florida,

1175436-2                                3

which account is located in Washington, D.C. (ML00138-139); a 2004 interest statement from an account with Fleet National Bank, Scranton, Pennsylvania, relating to Mr. Lubar's payment of New York real estate tax (ML00147); a May 2006 statement from Mr. Lubar's Citigroup Global Markets, Inc. brokerage account (ML00140); January 2006 and March 2006 Chase mortgage loan statements for Mr. Lubar's apartment in New York, New York (ML00142-143); a June 2006 Citibank mortgage account statement for Mr. Lubar's apartment in New York, New York (ML00141); a July 2006 statement for payment of property maintenance fees for residential property owned by Mr. Lubar in London, United Kingdom (ML00144); a January 2006 statement for payment of property maintenance fees for Mr. Lubar's apartment in New York, New York (ML00145); a January 2005 statement regarding payment of real estate taxes for Mr. Lubar's apartment in New York, New York (ML00146); a 2004 United States tax return mortgage interest statement for Mr. Lubar's apartment in New York, New York (ML00148). Each of these documents is redacted so as not to reflect any confidential personal information.

3. **All documents which refer to Mr. Lubar's citizenship and/or domicile.**

**OBJECTIONS AND/OR RESPONSE:** Morgan Lewis will produce all of the documents described in response to Request No. 2 (ML00128-48), as well as Mr. Lubar's United Kingdom passport (ML00001-0037); Mr. Lubar's United States passport (ML00038-00067); Mr. Lubar's certificate of naturalization as a British citizen (ML00155); Mr. Lubar's business card (ML00069); Mr. Lubar's letterhead (ML00070); a statement for bar dues paid in 2007 by Mr. Lubar to the Maryland Bar (ML00071); a statement for bar dues paid in 2008 by Mr. Lubar to the District of Columbia Bar (as an inactive member) (ML00075); Mr. Lubar's 2006 application for renewal as a Registered

1175436-2                                          4

Foreign Lawyer (ML00072); a 2008 statement from the Law Society regarding Mr. Lubar's registration as a Registered Foreign Lawyer (ML00073); a June 24, 2008 e-mail from the Solicitors Regulation Authority confirming that Mr. Lubar is a Registered Foreign Lawyer (ML00074); a June 27, 2008 statement from the Solicitors Regulation Authority regarding Mr. Lubar's registration as a Registered Foreign Lawyer (ML00156); the cover sheet of Mr. Lubar's 2006 U.S. tax return (ML00076); the first page of Mr. Lubar's 2006 United States tax return (ML00077); Form 2555 of Mr. Lubar's 2006 United States tax return (ML00078-80); Form 1042-S of Mr. Lubar's 2007 United States tax return (ML00081); the first and second pages of Mr. Lubar's 2007 United Kingdom tax return (ML00082-83); September 2007 and May 2008 account statements from SunTrust Bank, Orlando, Florida which account is located in Washington, D.C. (ML00084-85); a March 2008 account statement for Leumi Bank, Jersey (ML00086); a March 2008 account statement from Citibank, New York, New York (ML00087); a January 2007 account statement from Coutts & Co. Bank, London, United Kingdom (ML00088); a June 2008 statement regarding Mr. Lubar's payment of rent for his apartment in London, United Kingdom (ML00096-97); a January 2008 gas bill for Mr. Lubar's apartment in London, United Kingdom (ML000103); an April 2008 electric bill for Mr. Lubar's apartment in London, United Kingdom (ML00104); a January 2008 tax bill for residential property owned by Mr. Lubar in London, United Kingdom (ML00100); April 2008 and June 2008 statements for Mr. Lubar's payment of property maintenance fees for residential property owned by Mr. Lubar in London, United Kingdom (ML00089, 00092-95); July 2007 and September 2007 statements for Mr. Lubar's payment of property maintenance fees for his apartment in New York, New

1175436-2                                  5

York (ML00090-91); April 2008 and May 2008 Citibank mortgage account statements for Mr. Lubar's apartment in New York, New York (ML00098-99); July 2007 and October 2007 gas and electric bills for Mr. Lubar's apartment in New York, New York (ML00101-102). Each of these documents is redacted so as not to reflect any confidential personal information.

    4.    **All documents which refer to Ms. Yano's citizenship and/or domicile.**

    **OBJECTIONS AND/OR RESPONSE:** Morgan Lewis will produce the first page of Ms. Yano's United States passport (ML00105); Ms. Yano's Japanese driver's license (ML00107); Ms. Yano's Certificate of Alien Registration (ML00106); a statement for bar dues paid in 2008 by Ms. Yano to the California Bar (ML00109); a statement for bar dues paid in 2006 by Ms. Yano to the New York Bar (ML00111); a 2007 statement acknowledging Ms. Yano's change of attorney registration information for the New York Bar (ML00112); a 2008 statement from the New York State Unified Court System regarding Ms. Yano's registration as a member of the New York Bar (ML00110); Ms. Yano's Notice for Registration as Foreign Lawyer in Japan (ML00113-115); the Governmental Gazette providing notice of Ms. Yano's registration as a Foreign Lawyer; (ML00116); Ms. Yano's business card (ML00108); the first page of Ms. Yano's 2006 United States tax return (ML00117); an April 2008 bank account statement from Citibank (ML00118); a May 2008 consolidated bank and brokerage account statement from Citibank (ML00119); a May 2008 brokerage account statement from Fidelity Investments (ML00120); a May 2008 Citibank mortgage loan statement for residential property owned by Ms. Yano in Kanagawa-Ken, Japan (ML00121-123); a 2008 property registration statement for residential property owned by Ms. Yano in Kanagawa-Ken,

1175436-2          6

Japan (ML00125-127); a 2008 tax bill for Ms. Yano's condominium in Tokyo, Japan (ML00124). Each of these documents is redacted so as not to reflect any confidential personal information.

**5.    Any document related to or showing that any individual classified as or considered to be a partner with Morgan Lewis is a citizen or domiciliary of the State of Indiana, and for each such individual, provide all partnership documents.**

<u>**OBJECTIONS AND/OR RESPONSE**</u>: Morgan Lewis responds by stating that there are no responsive documents to this request in Morgan Lewis' possession, custody, or control.

**6.    All partnership agreements which form the basis for Plaintiff's claims that Mr. Lubar and Ms. Yano are partners of Morgan Lewis.**

<u>**OBJECTIONS AND/OR RESPONSE**</u>: Morgan Lewis objects to this request on the grounds that it is beyond the discovery authorized by the Court on issues related to the Motion to Remand.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Morgan Lewis further responds by stating that information confirming Mr. Lubar and Ms. Yano's status as Morgan Lewis partners is publicly available on Morgan Lewis' website, on the Martindale-Hubbell Law Directory, and from various other similar sources.  Morgan Lewis further responds by producing the letterhead of Mr. Lubar (ML00070) and the business card of Ms. Yano (ML00108), which acknowledge the status of each as "Partner."

**7.    All documents which reflect an ownership or occupancy interest in real property held by Mr. Lubar and Ms. Yano, respectively, between January 1, 2002 and the present date.**

<u>**OBJECTIONS AND/OR RESPONSE**</u>: Morgan Lewis will produce the following documents regarding Mr. Lubar: January 2006 and March 2006 Chase

1175436-2                          7

# EXHIBIT B

# UNGARETTI
## ᴙ HARRIS

**SETH A. HORVATH**
Direct No.: (312) 977-4443
Facsimile:   (312) 977-4405
sahorvath@uhlaw.com

UNGARETTI ᴙ HARRIS LLP

**CHICAGO**
3500 Three First National Plaza
Chicago, Illinois 60602.4224
Telephone: 312.977.4400
Fax: 312.977.4405

**WASHINGTON**
1500 K Street, N.W., Suite 250
Washington, D.C. 20005.1714
Telephone: 202.639.7500
Fax: 202.639.7505

**SPRINGFIELD**
400 E. Jefferson Street, Suite 1200
Springfield, Illinois 62701.1053
Telephone: 217.544.7000
Fax: 217.544.7950

www.uhlaw.com

May 19, 2008

**VIA FEDERAL EXPRESS AND E-MAIL**

Robert J. Feldt
Eichhorn & Eichhorn
200 Russell Street
P.O. Box 6328
Hammond, IN  46320

Re:    Motion to Remand *Morgan, Lewis & Bockius LLP v. City of East Chicago,*
       Case No. 08 CV 2748, to the Circuit Court of Cook County

Dear Mr. Feldt:

As you know, on May 16, 2008, we discussed and agreed to the extension of time you requested to file your Answer to the Complaint in the above-captioned matter. We also placed you on notice that we intend to file a motion to remand the matter to the Circuit Court of Cook County. The basis of our motion to remand is that the United States District Court for the Northern District of Illinois lacks subject matter jurisdiction over the dispute due to the absence of complete diversity between the parties. *See* 28 U.S.C. § 1332. We are confident that, if filed, our motion will be granted. Therefore, to avoid the unnecessary time and expense of litigating the motion, we request that you review the enclosed materials and consider withdrawing your notice of removal.

The case law from the United States Supreme Court and the United States Court of Appeals for the Seventh Circuit clearly establishes that the citizenship of a limited liability partnership is determined based on the citizenship of all its partners. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). The case law also establishes that a United States citizen domiciled abroad has no state citizenship. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *ISI Intern., Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731, 733 (7th Cir. 2003). In this case, Charles Lubar, one of Morgan, Lewis & Bockius's ("Morgan Lewis") partners, is a United States citizen domiciled in London. He is therefore "stateless" for purposes of diversity jurisdiction. This fact precludes a federal court from exercising diversity jurisdiction over Morgan Lewis under paragraph (a)(1) of the diversity statute either. *See* 28 U.S.C. § 1332(a)(1).

UNGARETTI
&HARRIS

Mr. Mark Feldt
May 19, 2008
Page 2

        Even to the extent a federal court might conclude Mr. Lubar has dual citizenship, this
would not affect the outcome of the diversity analysis. A United States citizen with dual
citizenship is not a "citizen[] or subject[] of a foreign state" under paragraph (a)(2) of the
diversity statute because the United States citizenship of a dual citizen is controlling. *Sadat v.
Mertes*, 615 F.2d 1176, 1187 (7th Cir. 1980). Therefore, a federal court has no jurisdiction over
Morgan Lewis pursuant to paragraph (a)(2) of the diversity statute either. *See* 28 U.S.C.
§ 1332(a)(2).

        In addition to the cases cited above, we have included for your review cases from other
jurisdictions where courts have held that no diversity jurisdiction existed over a controversy
where a partnership had partners who were United States citizens domiciled abroad. *See, e.g.,
Thompson v. Deloitte & Touche*, 503 F. Supp. 2d 1118, 1121-125 (S.D. Iowa 2007); *Cresswell v.
Sullivan & Cromwell*, 922 F.2d 60, 68-69 (2d Cir. 1990). We have also included the orders
entered in *Swiger v. Allegheny Energy, Inc. et al.*, No. 05 CV 5725, a case where Morgan Lewis,
as a named defendant, successfully maintained the position it intends to assert here regarding the
effect of Mr. Lubar's status on the citizenship of the partnership.

        While we are mindful of the time and effort that undoubtedly went into your preparation
of the notice of removal, we hope that you recognize the case law on this issue is well-settled,
and therefore agree to withdraw the notice. Mr. Lubar's status as a U.S. citizen domiciled abroad
is a jurisdictional nuance specific to Morgan Lewis that you could not reasonably have foreseen.
Please consider this a good faith effort on our part to avoid the unnecessary litigation of this
issue and the request for attorney fees that would follow its resolution in our favor. *See* 28
U.S.C. § 1447(c).

        I would appreciate it if you could inform me within the next week whether you intend to
withdraw your notice of removal. If you have any questions, I can be reached at (312) 977-4443.

Sincerely,

Seth A. Horvath


SAH/ci
Enclosures


cc:    F. Thomas Hecht, Ungaretti & Harris (w/o encls.)
       Tina B. Solis, Ungaretti & Harris (w/o encls.)

1131476-1