IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MORGAN, LEWIS & BOCKIUS LLP, ) | |
|     Plaintiff, ) | No. 08-cv-2748 |
| v. ) | |
| ) | Judge: Rebecca R. Pallmeyer |
| CITY OF EAST CHICAGO, ) | Magistrate Judge: |
|     Defendant. ) | Sidney I. Schenkier |

**REPLY BRIEF OF THE DEFENDANT, CITY OF
EAST CHICAGO, IN SUPPORT OF ITS MOTION TO COMPEL**

The Defendant, City of East Chicago, ("East Chicago"), by its attorneys, Eichhorn & Eichhorn, states as follows for its Reply Brief in support of its Motion To Compel, ("motion"):

**I. INTRODUCTION**

On June 19, 2008, East Chicago issued a set of fourteen (14) Requests For Production pursuant to the expedited discovery schedule established by the Court on June 9, 2008. These Requests were narrowly tailored to obtain the relevant information necessary to determine Mr. Charles Lubar's and Ms. Lisa Yano's domiciles and partnership status. [DE23, Exhibit A, the Plaintiff's Responses to Requests For Production, generally]; [DE 14, the Court's June 9, 2008 docket entry]; [DE 17, the transcript of the June 9, 2008 hearing][1] The Plaintiff responded without asserting a single privilege-based objection to any of the individual Requests or to the specific responsive documents. [DE23, Exhibit A] It provided only 156 total pages of material, 68 pages of which were limited to copies of blank and stamped pages from Mr. Lubar's British and U.S. passports. [DE23, Exhibit A] Other than Mr. Lubar's passports, the Plaintiff produced only eighty-eight (88) pages of material. The Plaintiff admits that it did not provide all documents responsive

---

[1] Those exhibits referenced in this Reply Brief which were not filed under seal are attached to East Chicago's Motion To Compel. East Chicago incorporates in this Reply Brief by this reference its motion and supporting Memorandum Of Law in their entireties and with all exhibits. [DE23, 24]

to each particular Request, even where the materials were relevant and no objection was asserted. It also did not assert that any of the specific responsive but un-produced materials were proprietary, confidential,[2] or privileged, no did it provide a privilege log for such materials.

The Plaintiff's Response to East Chicago's motion seeks to distract the Court from the proper standards for liberal discovery and the Plaintiffs' discovery obligations. It also touts its quite minimal efforts in producing documents responsive to East Chicago's Requests, while ignoring the fact that it has no right to selectively omit other relevant and responsive materials.[3] Likewise, the Plaintiff has failed to demonstrate that its new-found privilege claims are timely, sufficiently asserted, meritorious and not waived by the testimony of its Affiant, Ms. Clare D'Agostino, and its Motion To Remand. For the reasons set forth in East Chicago's motion and this Reply Brief, the Court should: a) compel Morgan Lewis to produce documents identified in East Chicago's Motion To Compel which are responsive to Request For Production Nos. 1, 3, 4, 6 and 7, and permit East Chicago to supplement its Response to Morgan Lewis's Motion To Remand and depose Mr. Lubar

---

[2] The parties already have in place a protective order for proprietary/confidential materials. [DE18, 19]

[3] In a further attempt to steer the Court from the discovery issues governing this case, the Plaintiff argues in its Response that East Chicago has somehow acted in bad faith by removing this case to this District Court. [DE34, pp. 1-2] East Chicago was entitled to remove this matter and the Plaintiff's efforts to avoid discovery are representative of its efforts to deny East Chicago its constitutional and statutory right to federal forum for this dispute. [DE23-26, 28, generally] The Plaintiff also incorrectly asserts that it has done all that it can to respond to discovery and produced Ms. Clare D'Agostino with less than one week's notice, [DE34, pp. 1-2]. The Plaintiff ignores the fact that her deposition was first requested at the June 9, 2008 hearing and it never provided dates for her availability. [DE23, Exhibit B, the Court's June 9, 2008 docket entry and hearing transcript, generally] (See, also, Sections I. & II. of this Reply Brief and attached Exhibit A, Mr. Feldt's e-mail correspondence of June 26, 2008 and June 27, 2008.) East Chicago also requested a lengthier discovery schedule, but the Plaintiff opposed that request, as well. [DE23, Exhibit B]

and Ms. Yano; or, in the alternative, b) deny Morgan Lewis's Motion To Remand and/or strike the Affidavit of Ms. Clare D'Agostino, styled as a "Declaration."

## II. ARGUMENT

Parties are permitted discovery as to any non-privileged matter which is relevant to any party's claims or defenses. Fed.R.Civ.P. 26(b)(1). Here, East Chicago sought information relevant to analyze the Plaintiff's claim that the Court lacks subject matter jurisdiction because Mr. Lubar and Ms. Yano are allegedly domiciled abroad. The threshold for allowing discovery is low; relevant information need only be reasonably calculated to lead to the discovery of admissible evidence. *Id*; *see, also, Herbert v. Lando*, 441 U.S. 153, 177 (1978), (noting that the rules of discovery are to be accorded a broad and liberal treatment.) Even material which might seem personal, such as tax information, is discoverable. This is particularly true when, as here, the party responding to discovery has placed the personal subject area directly at issue. *See*, *Poulos v. Naas Food, Incorporated*, 959 F.2d 69, 74-75 (7th Cir. 1992), (holding that the plaintiff waived any alleged privilege as to his income tax returns by seeking lost income.)

Longstanding precedent rejects the Plaintiff's suggestion that East Chicago be denied the relevant items sought in its Requests For Production. As the Supreme Court has explained,

> [T]he deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. [fn.omitted] Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession.

*Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Parties asserting a privilege also must make their objections in a timely fashion; "the applicability of the privilege turns on the adequacy and timeliness

of the showing as well as the nature of the document." *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984), *cert. dismissed*, 469 U.S. 1199 (1985); *see also Applied Systems, Inc., v. Northern Ins. Co. of New York*, 1997 WL 639235, pp. 1-3 (N.D. Ill. 1997), *citing Peat*.

### A. Request Nos. 1, 3 and 4

The Plaintiff's delayed assertion of privilege will not relieve it of its duty to supply East Chicago with those documents responsive to its request for "[a]ll documents upon which Ms. Clare D'Agostino relied with regard to her Declaration of June 4, 2008." [DE23, Exhibit A, p. 3, Request No. 1] The Plaintiff responded to Request No. 1 by asserting "Clare D'Agostino relied on documents maintained by Morgan Lewis in the ordinary course of business, including information from various files and/or databases on residence and the information available on the Morgan Lewis website regarding Charles Lubar ("Mr. Lubar") and Lisa Yano ("Ms. Yano"). This information and documents relevant to the Motion to Remand will be produced." [DE23, Exhibit A, p. 3, Response to Request No. 1] The Plaintiff did not assert any specific objection, privileged-based or otherwise, in response to East Chicago's Request No. 1. East Chicago's Request Nos. 3 and 4 also sought all documents which refer to Mr. Lubar and Ms. Yano's respective citizenship. In response to Request Nos. 3 and 4, the Plaintiff again provided only some responsive materials and failed, again, to assert any specific objection or claim of privilege.

Fed.R.Civ.P. 26(b)(5) defines the proper means to assert an objection based on privilege:

When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(i) expressly make the claim; and

(ii) describe the nature of the documents, communications, or tangible things not produced

4

or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

In its Response to East Chicago's motion, the Plaintiff argued "Counsel for Morgan Lewis first became aware of the potential existence of the e-mail communications [between Ms. D'Agostino, Mr. Lubar and Ms. Yano] at Ms. D'Agostino's deposition, and after confirming that the e-mails did, in fact exist, promptly informed opposing counsel that they were subject to the attorney client privilege." [DE 34, p. 4] What the Plaintiff is asking the Court to do is excuse its alleged failure to discover the very communications upon which its Affiant's "Declaration" was based, the only testimonial support for its Motion To Remand. [DE25, 26, generally] The Plaintiff cannot exempt itself from complying with discovery rules, particularly when these materials are the basis for Ms. D'Agostino's testimony, Fed.R.Civ.P. 26(b)(5); *Poulos*, 959 F.2d at 74-75, and its blanket claim that the email and telephone voice-mail communications from Mr. Lubar and Ms. Yano which are the basis for Ms. D'Agostino's testimony are inappropriate, as "a blanket claim of privilege that does not specify what information is protected will not suffice." Fed.R.Civ.P. 26(b)(5); *United States v. White*, 970 F.2d 328, 334-335 (7th Cir. 1992); *Kodish v. Oakbrook Terrace Fire Protection District*, 235 F.R.D. 447, 452-454 (N.D. Ill. 2006). East Chicago is not aware of any authority that allows the Plaintiff to exempt itself from the rules of discovery by its own supposed failure to ascertain that Ms. D'Agostino relied upon alleged privileged materials to form the underlying basis for her testimony about Mr. Lubar's and Ms. Yano's domiciles. The cases which the Plaintiff cites certainly do not stand for such a principal and the converse is true. Fed.R.Civ.P. 26(b)(5); *Poulos*, 959 F.2d at 74-75.[4]

---

[4]The Plaintiff completely ignores in its Response the Seventh Circuit's opinion in *Poulos*, the fact that Ms. D'Agostino's testimony as to domicile is based upon these alleged privileged materials and the fact that it was the Plaintiff which placed these matters at issue via its Motion To Remand.

The Plaintiff was required to adhere to its discovery obligations, even given the Court's shortened discovery schedule; "[t]he response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." *Autotech Technologies, LP v. Automation Direct.com, Inc.*, 236 F.R.D. 396, 398-399 (N.D. Ill. 2006). By failing to comply with Rule 26(b)(5) and by failing to assert any specific objection in response to East Chicago's Requests Nos. 1, 3, or 4, the Plaintiff waived its right to claim the emails and voice-mails are privileged. "Failure to timely assert objections to discovery requests may result in a waiver of all objection that could have been seasonably asserted." *Id.*, (relying, *inter alia,* upon *Poulos*, 959 F.2d at 74.)

Beyond this, the Plaintiff cites no authority which supports its position that the documents even qualify as privileged. It simply expects East Chicago and the Court, without even a privilege log, to agree with its characterization that the documents are privileged because "Morgan Lewis's General Counsel, Michael Bloom, was involved in their exchange, either as a sender or a carbon-copy recipient." [DE 34, p. 4] The attorney-client privilege protects communications made in confidence by a client to an attorney in the attorney's professional capacity for the purpose of obtaining legal advise. *White*, 970 F.2d at 334-335, (rejecting claims of privilege); *Kodish*, 235 F.R.D. at 453. When a client communicates material that does not reflect his or her lawyer's legal reasoning and is not made for the purpose of eliciting the lawyer's professional advice or other legal assistance, the communications are not privileged. *U.S. v. Frederick*, 182 F.3d 496, 500-502 (7th Cir. 1999), (rejecting claims of privilege for documents prepared for audit, tax and litigation purposed.)[5]

---

[5]Despite *Frederick* and *Poulous*, the Plaintiff continues to rely upon non-published district court opinions for the notion that tax returns are not discoverable as "confidential." [DE34, p. 8] These cases relate to protective orders and public disclosure. Since tax returns are not privileged and

The Plaintiff cannot create a privilege where it otherwise does not exist by copying or involving its general counsel in email exchanges, particularly those of a factual nature and unrelated to legal advice. *Id.*;*White*, 970 F.2d at 334-335; *Kodish*, 235 F.R.D. at 453, (explaining that "the mere attendance of an attorney at a meeting does not render everything said or done at that meeting privileged.") The Plaintiff here has failed to prove the essential elements of its untimely privilege claim.

The Plaintiff also argues that, as its attorney, Ms. D'Agostino's testimony in reliance upon the email and telephone voice-mail communications from Mr. Lubar and Ms. Yano is not a waiver because it is akin to a situation where an attorney referenced communications with a client in order to bargain with other parties on the client's behalf, *Sylgab Steel & Wire Corp. v. Imoco-Gateway Corp.*, 62 F.R.D. 454, 460 (N.D. Ill 1974), or a situation where an individual made broad references to underlying facts contained in privileged communication but "never mentioned the particular communication in question," *Charles Woods Tel. Corp. v. Capital Cities/ABC, Inc.,* 869 F.2d 1155, 1162 (8th Cir. 1989). Ms. D'Agostino's reliance on the unproduced materials, however, is in no way comparable to the facts involved in these cases. [DE25-26, generally] The Plaintiff placed the domiciles of Mr. Lubar and Ms. Yano directly at issue in its Motion To Remand and then refused to produce testimony from the very people with personal knowlege relevant to the basis for remand. It instead has produced an Affidavit from one of its attorneys whose knowledge of Mr. Lubar's and Ms. Yano's intent as to their domicile[6] is based upon alleged hearsay communications from Mr.

---

there already is a protective order in place in this case, [DE18, 19], there is no merit to this assertion.

[6]Ms. D'Agostino's "Declaration" does not actually address their intent at the relevant time period, the date of East Chicago's Notice Of Removal, May 12, 2008. Mr. Lubar was actually in New York on May 11, 2008, where he has maintained a residence for years.

Lubar and Ms. Yano which were provided to the attorney for the express purpose of this litigation. [DE25-26, generally] The Plaintiff has not only refused to provide the relevant individuals to the inquiry; it now also refuses to produce the materials upon which its surrogate Affiant based her information. *See*, *Poulos*, 959 F.2d at 74-75. Such a strategy hardly reflects a "broad and liberal" standard for permitting discovery and it should not be condoned. If the Plaintiff will not produce the e-mails and voice-mails which are the basis for its Affiant's testimony, then that testimony should be stricken and/or its Motion To Remand should be denied.

### B. Request Nos. 6 and 7

East Chicago also requested "All partnership agreements which form the basis for Plaintiff's claims that Mr. Lubar and Ms. Yano are partners of Morgan Lewis." The Plaintiff objected that the request was not "reasonably calculated to lead to the discovery of admissible evidence." [DE23, Exhibit A, p. 7, Response to Request No. 6.] East Chicago is entitled to discover and assess the very agreements which create the legal relationship upon which the Plaintiff's entire remand argument is based, that Mr. Lubar's and Ms. Yano's domicile must be considered because they are partners of the Plaintiff. (See [DE23, 24 and 28, generally] and Section II.A. of this Reply Brief.) The Plaintiff's citizenship is not determined by consulting the citizenship of random individuals who are not partners or who may have been partners at some irrelevant point in time. It is determined by consulting the citizenship of the firm's *partners*, and those partners must be classified as such at the time removal was sought – on May 12, 2008. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990). The terms of these agreements and the partners' signatures on the agreements are the only non-hearsay proof that Mr. Lubar and Ms. Yano are indeed partners; any assertion of that relationship, whether oral or documentary, is based upon and made only because of the existence of these

agreements and their terms. Moreover, the terms of that legal relationship are not available to East Chicago other than by discovery of those agreements and the Plaintiff has opposed producing all information as to the actual terms of the agreements. [DE23, Exhibit A, Response to Request No. 6 and Exhibit D, pp. 25-29, 34-37]

The partnership agreements also are relevant to issues other than as the legal document which establishes the allege partner status of Mr. Lubar and Ms. Yano, such as Mr. Lubar's intent given his age and the potential for mandatory retirement. With respect to Mr. Lubar, the Plaintiff offered the self-serving and unsupported argument that, even assuming Mr. Lubar's retirement age is established in the partnership agreement, this would have no effect on his domicile. [DE 34, p. 5] Of course, that is the very purpose of discovery, to determine the truth of such assertions. As East Chicago demonstrated in its Motion To Compel, Mr. Lubar has had a residence in New York for many years. He returned to New York numerous times in 2007 and 2008 and he was even in New York on May 11, 2008, the day before East Chicago filed its Notice of Removal. [DE23, Exhibit E, ML38-39, 48-51, 53-54, 58-59, 61, 63, 90-91, 101-102.] Mr. Lubar's intent as of May 12, 2008 is integral to determining his domicile, particularly if his voluntary or involuntary retirement was approaching.

The Plaintiff's reliance upon on *M & R Amusements Corp. v. Blair*, 142 F.R.D. 304 (N.D. Ill. 1992) for the proposition that relevant discovery should be disallowed simply because the information sought is available from another source is misplaced. First, *M & R's* holding has been called into question on this point of law. A subsequent district court has rejected *M& R Amusement*, recognizing the court failed to cite to any controlling authority from the Supreme Court or Seventh Circuit in reaching its conclusion. The attorney who was a witness to relevant evidence was

compelled to testify. *Kaiser v. Mutual Life Ins. Co. of New York*, 161 F.R.D. 378 (S.D.Ind. 1994) Second, the holding in *M & R Amusement* cannot legitimately be compared to the Plaintiff's desire here to withhold the very documents upon which its Motion To Remand is based, particularly given the *Frederick* and *White* cases. The plaintiff's attorney in *M & R Amusement* was not presented as a witness in the case and the actual witness had not even been questioned. Conversely, the Plaintiff here has refused to make either Mr. Lubar or Ms. Yano available for deposition and has objected to even allowing East Chicago to obtain any information as to the terms of the agreement, even to the point of not allowing Ms. D'Agostino to identify if there is a mandatory retirement age or what that age is. [DE23, Exhibit D, pp. 25-29, 34-37] Finally, the actual terms of the partner agreements and the **mutual** recognition of and agreement to the terms of the same by the actual partners, including Mr. Lubar and Ms. Yano, are not established elsewhere, least of all any specific terms such as a mandatory retirement policy or terms related to of-counsel or contract lawyer status. To put it bluntly, the only actual true evidence of the terms of a contract are the actual terms of the contract, the very reason why lawyers often object on the basis that "the document speaks for itself." Any other evidence of the terms of a contract is just a witness' hearsay repetition of the document, an interpretation, an opinion or a misrepresentation.

East Chicago also made the reasonable request for "[a]ll documents which reflect an ownership or occupancy interest in real property held by Mr. Lubar and Ms. Yano, respectively, between January 1, 2002 and the present date. [DE23, Exhibit A, p. 7, Request No. 7] Such documents are highly relevant to the issue of Mr. Lubar's and Ms. Yano's place of domicile, respectively, the inquiry at issue for their citizenship. *Vlandis v. Kline*, 412 U.S. 441, 454 (1973). The Plaintiff objected to producing all documents responsive to Request No 7, including title

documents, mortgage agreements, leases, full tax returns with real estate schedules, which would show specific information as to property held potentially as residences such as the circumstances of ownership, duration, *etc.* There is no basis for producing some, but not all, responsive documents, particularly when those not produced may contain relevant information which those produced do not, such as duration or termination dates. Even material which might seem personal, such as tax information, is discoverable, particularly when the party responding to discovery has placed the personal subject area directly at issue. *Poulos*, 959 F.2d at 74-75.

The Plaintiff relies upon *Aramburu v. Boeing Co.*, 885 F. Supp 1434, 1444 (D.Kan. 1995) to argue that an order requiring it to fully comply with East Chicago's production requests will merely produce duplicative information. East Chicago's Requests did not, however, compel the Plaintiff to sort through 1,700 personnel files that might contain relevant information, as was the case in *Aramburu*.[7] Request No. 7 was tailored specifically to Mr. Lubar and Ms. Yano and their real property interests; this discovery will provide evidence of their various places of residence and the circumstances of their occupation of those residences, which will provide evidence highly relevant to their place of domicile. For example, if Mr. Lubar had a lease in London which expired in 2008 which he did not renew, this would be highly relevant to his alleged intent to remain abroad as of May 12, 2008. The Plaintiff simply does not have the right to hand-pick what materials it is willing to let East Chicago have in order to respond to its Motion To Remand.

---

[7]The *Aramburu* Court determined that ordering production of the personnel files would excessively burden the defendant and produce only a negligible benefit to the plaintiff. Producing mortgages, leases and tax returns and other such documents for Mr. Lubar and Ms. Yano would impose no such burden upon the Plaintiff.

### III. CONCLUSION

East Chicago is entitled to full and non-evasive production of the documents which are responsive to its Requests For Production Nos. 1, 3-4, 6 and 7. The objections which the Plaintiff now makes are un-timely, insufficiently specific, without a proper legal basis and have been waived. The Plaintiff also has offered nothing to support its unfounded allegation that producing some e-mails, a voice-mail, a partnership agreement and documentation of Mr. Lubar's and Ms. Yano's various interests in real property would be expensive and burdensome.

WHEREFORE, the Defendant, City of East Chicago, requests that the Court enter an order which:  a) compels the Plaintiff, Morgan, Lewis & Bockius LLP, to produce the documents identified herein and in its Motion To Compel which are responsive to its Request For Production Nos. 1, 3, 4, 6 and 7, and permits East Chicago to supplement its Response to the Plaintiff's Motion To Remand and re-depose Ms. D'Agostino and depose Mr. Lubar and Ms. Yano; or, in the alternative, b) denies the Plaintiff's Motion To Remand and/or strikes the Affidavit of Ms. Clare D'Agostino, styled as a "Declaration."

Respectfully submitted,

**EICHHORN & EICHHORN, LLP**

By: s/Robert J. Feldt
  One of the attorneys for the Defendant,
  City of East Chicago

David C. Jensen
djensen@eichhorn-law.com
Robert J. Feldt
rfeldt@eichhorn-law.com
**EICHHORN & EICHHORN, LLP**
200 Russell Street, P.O. Box 6328
Hammond, IN 46320
219-931-0560

**CERTIFICATE OF SERVICE**

  I, Robert J. Feldt, hereby certify that on the __28th__ day of July, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

    F. Thomas Hecht
    Tina B. Solis
    UNGARETTI & HARRIS LLP
    3500 Three First National Plaza
    Chicago, IL 60602
    fthecht@uhlaw.com
    tbsolis@uhlaw.com


              s/Robert J. Feldt
              Robert J. Feldt

# EXHIBIT A TO THE JULY 28, 2008 REPLY BRIEF AS TO THE MOTION TO COMPEL OF THE DEFENDANT, CITY OF EAST CHICAGO

**Robert J. Feldt**

| | |
|---|---|
| From: | "Robert J. Feldt" <rfeldt@eichhorn-law.com> |
| To: | <sahorvath@uhlaw.com> |
| Sent: | Thursday, June 26, 2008 9:11 AM |
| Subject: | Morgan Lewis v. City of East Chicago |

Dear Mr. Horvath,

We probably should start looking at dates for the deposition of the Affiant. We will need to complete this deposition prior to July 4, 2008. Please provide available dates next week. I am available July 1, 2008, July 2, 2008 and July 3, 2008 and we should assume at least one half day for the deposition.

Very Truly Yours,

_____
Robert J. Feldt
Eichhorn & Eichhorn, LLP
200 Russell Street
P.O. Box 6328
Hammond, IN 46325
rfeldt@eichhorn-law.com
(219) 931-0560, ext. 136 - voice
(219) 931-5370 - facsimile trans.


DEFENDANT'S EXHIBIT A

7/28/2008

## Robert J. Feldt

| | |
|---|---|
| **From:** | "Robert J. Feldt" <rfeldt@eichhorn-law.com> |
| **To:** | <sahorvath@uhlaw.com> |
| **Sent:** | Thursday, June 26, 2008 2:20 PM |
| **Subject:** | Fw: Morgan Lewis v. City of East Chicago |

FYI

Very Truly Yours,


---

Robert J. Feldt
Eichhorn & Eichhorn, LLP
200 Russell Street
P.O. Box 6328
Hammond, IN 46325
rfeldt@eichhorn-law.com
(219) 931-0560, ext. 136 - voice
(219) 931-5370 - facsimile trans.

----- Original Message -----
**From:** Robert J. Feldt
**To:** sahorvath@uhlaw.com
**Sent:** Thursday, June 26, 2008 9:11 AM
**Subject:** Morgan Lewis v. City of East Chicago

Dear Mr. Horvath,

We probably should start looking at dates for the deposition of the Affiant. We will need to complete this deposition prior to July 4, 2008. Please provide available dates next week. I am available July 1, 2008, July 2, 2008 and July 3, 2008 and we should assume at least one half day for the deposition.

Very Truly Yours,


---

Robert J. Feldt
Eichhorn & Eichhorn, LLP
200 Russell Street
P.O. Box 6328
Hammond, IN 46325
rfeldt@eichhorn-law.com
(219) 931-0560, ext. 136 - voice
(219) 931-5370 - facsimile trans.

## Robert J. Feldt

| | |
|---|---|
| From: | "Robert J. Feldt" <rfeldt@eichhorn-law.com> |
| To: | "Horvath, Seth A." <SAHorvath@uhlaw.com>; "David Jensen" <djensen@eichhorn-law.com> |
| Cc: | "Solis, Tina B." <tbsolis@uhlaw.com> |
| Sent: | Friday, June 27, 2008 6:03 PM |
| Subject: | Re: Morgan, Lewis, and Bockius v. City of East Chicago |

Dear Mr. Horvath,

This will confirm my voice mail message to you this morning, and my discussion this afternoon with Ms. Solis. While we appreciate that you were able to provide us with the attachments to your e-mail correspondence at this late hour today, Ms. Solis indicated that she could not confirm your Affiant's availability for deposition next week, and will not be able to do so until June 30, 2008 at the earliest. In light of your client's limited ability to confirm the deposition and the extent of your client's objections to written discovery, I do not think at this point that July 1, 2008 will be possible as a date for the deposition, but we will continue to keep July 2, 2008 and July 3, 2008 open.

Ms. Solis also has suggested that you may not be willing to make Ms. D'Agostino available for deposition at your offices in Chicago. In light of the fact that your client selected Ms. D'Agostino as a representative witness for the partnership and filed suit in Chicago, I ask that you reconsider, if in fact that is the Plaintiff's position.

Very Truly Yours,

Robert J. Feldt
Eichhorn & Eichhorn, LLP
200 Russell Street
P.O. Box 6328
Hammond, IN 46325
rfeldt@eichhorn-law.com
(219) 931-0560, ext. 136 - voice
(219) 931-5370 - facsimile trans.

----- Original Message -----
**From:** Horvath, Seth A.
**To:** rfeldt@eichhorn-law.com ; David Jensen
**Cc:** Solis, Tina B.
**Sent:** Friday, June 27, 2008 5:00 PM
**Subject:** Morgan, Lewis, and Bockius v. City of East Chicago

Mr. Feldt and Mr. Jensen:

The following documents are attached to this e-mail:

1) Morgan, Lewis & Bockius LLP's ("Morgan Lewis") Responses and Objections to the City of East Chicago's ("East Chicago") Requests for Admission, Supporting Interrogatory, and Supporting Request for Production;

2) Morgan Lewis's Responses and Objections to East Chicago's First Requests for

Production of Documents; and

3)   Documents Bates-labeled ML00001-ML00156, produced in response to East Chicago's First Requests for Production of Documents.

I am sending these documents to you via Federal Express as well.

Please contact me if you have any questions.

Seth A. Horvath
Ungaretti & Harris LLP
3500 Three First National Plaza
Chicago, Illinois 60602-4224
312-977-4443 (direct dial)
312-977-4405 (fax)
sahorvath@uhlaw.com

Information contained in this email transmission is privileged and
confidential. If you are not the intended recipient, do not read,
distribute or reproduce this transmission (including any
attachments). If you have received this email in error, please
notify the sender by email reply.

To ensure compliance with requirements imposed by the IRS, we
inform you that, unless otherwise expressly indicated, any U.S.
federal tax advice contained in this communication (including any
attachments) is not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.