IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MORGAN, LEWIS & BOCKIUS LLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CV 2748 |
| | ) | Judge Pallmeyer |
| CITY OF EAST CHICAGO, | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendant. | ) | |

**MOTION FOR PROTECTIVE ORDER**

Plaintiff Morgan, Lewis & Bockius LLP ("Morgan Lewis"), by its undersigned attorneys, hereby moves the Court, pursuant to Rule 26 of the Federal Rules of Civil Procedure, for entry of a protective order prohibiting the disclosure of the information sought by the Interrogatory issued to Morgan Lewis by Defendant, the City of East Chicago ("East Chicago"), on August 1, 2008. In support of its motion, Morgan Lewis states as follows:

**INTRODUCTION**

1. This lawsuit is about East Chicago's breach of its contractual obligations to compensate Morgan Lewis for over three-million dollars in unpaid legal fees and costs. (Docket #13, Ex. A, ¶¶1, 6.) Because it has no defense, East Chicago wishes to delay adjudication of the merits of the case as long as possible. This, of course, is consistent with the strategy of denying Morgan Lewis payment that East Chicago already has employed for well over a year.

2. In its latest digression from the merits, East Chicago has issued the following Interrogatory to Morgan Lewis:

>For each person who was a partner of the Plaintiff as of May 12, 2008, state the person's name and place of domicile. (Interrog. No. 1, attached hereto as Ex. A.)

The Interrogatory serves no purpose other than to harass Morgan Lewis. It is, among other things, irrelevant and unduly burdensome. But this comes as no surprise. As counsel for Morgan Lewis discussed at the July 31, 2008 hearing on Morgan Lewis's Motion to Remand, East Chicago will continue to demand additional discovery on the Motion to Remand until the Court orders otherwise.

3. There comes a time when enough is enough, and in recognition of this limitation, Morgan Lewis respectfully requests that the Court enter a protective order prohibiting disclosure of the information sought in the Interrogatory.

## ARGUMENT

4. Although the scope of discovery is broad, it is not unlimited. *Byers v. Ill. State Police*, 2002 WL 1264004, at *6 (N.D. Ill. June 3, 2002); *see also McClain v. T.P. Orthodontics*, 2008 WL 2477578, at *1 (N.D. Ill. June 16, 2008) ("Discovery under Rule 26…is not an invitation to the proverbial fishing expedition."). Rule 26(b)(1) of the Federal Rules of Civil Procedure restricts discovery to matter that is relevant and nonprivileged. Fed. R. Civ. P. 26(b)(1). Additionally, Rule 26(b)(2)(C)(i) prohibits discovery that is duplicative or that can be obtained from a less burdensome source; Rule 26(b)(2)(C)(ii) prohibits discovery of information a party has had "ample opportunity" to obtain; and Rule 26(b)(2)(C)(iii) prohibits discovery if its burden outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(i)-(C)(iii). Furthermore, under Rule 26(c), a protective order is appropriate where "good cause" exists "to protect a party…from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). These limitations, which the Court has broad discretion to enforce, *see Sattar v.*

*Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998), govern the additional information sought by East Chicago's most recent Interrogatory.

**I.   THE INFORMATION SOUGHT BY EAST CHICAGO'S INTERROGATORY IS IRRELEVANT TO THE DISPOSITION OF THE MOTION TO REMAND.**

5.    First and foremost, the information sought by East Chicago's Interrogatory is irrelevant to the disposition of the Motion to Remand.  *See* Fed. R. Civ. P. 26(b)(1). The Interrogatory seeks information regarding the domicile of each and every Morgan Lewis partner.  Yet, only the domicile of Charles Lubar ("Mr. Lubar") and the domicile of Lisa Yano ("Ms. Yano"), the two Morgan Lewis partners whose "stateless" status destroys diversity jurisdiction, are relevant to the Motion to Remand.  Counsel for East Chicago is well aware of this fact, since counsel for Morgan Lewis stipulated at the deposition of Clare D'Agostino ("Ms. D'Agostino") that Morgan Lewis is relying solely on Mr. Lubar and Ms. Yano's status for purposes its Motion to Remand (D'Agostino Dep. at 22, attached hereto as Ex. B), and since Morgan Lewis has at no time during the course of the proceedings on the Motion to Remand raised the domicile of any of its other partners as a basis for challenging diversity jurisdiction.  Furthermore, East Chicago has no basis for arguing that the domicile of each Morgan Lewis partner is relevant as a matter of law.  As the Court agreed at the July 31, 2008 hearing on the Motion to Remand, the law is settled—strange though it may be—that a limited liability partnership with partners who are U.S. citizens domiciled abroad is "stateless" for diversity purposes, and thus is not subject to diversity jurisdiction.  Because the information sought by the Interrogatory is irrelevant, the Court should enter an order prohibiting the disclosure of that information.

II. **THE INFORMATION SOUGHT BY EAST CHICAGO'S INTERROGATORY IS UNREASONABLY CUMULATIVE AND DUPLICATIVE.**

6.　In addition to the fact that the information sought by the Interrogatory is irrelevant to the Motion to Remand, it also is unreasonably cumulative and duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). This is evident based on Morgan Lewis's response to East Chicago's "Request for Admission No. 2," which asked Morgan Lewis to admit that "Neither the Plaintiff nor any of the Plaintiff's partners are domiciled or have their principal place of business in the State of Indiana." (Req. for Adm. at 3, attached hereto as Ex. C.) In response to this request, Morgan Lewis unequivocally admitted that "none of its partners is domiciled in the State of Indiana." (*Id.*) Morgan Lewis's response to the Interrogatory simply will further confirm what it already has admitted—that none of its partners is an Indiana domiciliary. Because the information sought by the Interrogatory is unreasonably cumulative and duplicative, the Court should enter an order prohibiting the disclosure of that information. *See, e.g., Van Wagenen v. CONRAIL*, 170 F.R.D. 86, 87 (N.D.N.Y. 1997) (requests for admission seeking admission of truth of various sentences taken from document, the authenticity of which already had been admitted, were unreasonably cumulative and duplicative).

III. **EAST CHICAGO ALREADY HAS HAD AMPLE OPPORTUNITY TO OBTAIN THE INFORMATION SOUGHT BY THE INTERROGATORY.**

7.　Morgan Lewis also should be protected from disclosing the information sought by the Interrogatory because East Chicago already has had ample opportunity to obtain that information. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii). There is no reason East Chicago could not have submitted the Interrogatory with its initial discovery requests, which Morgan Lewis finished responding to over a month before the Interrogatory was

issued. Since that time, there have been no factual developments in the case warranting further discovery. Thus, independent of the reasons already discussed above, the Court should enter an order prohibiting disclosure of the information sought in the Interrogatory because East Chicago squandered its opportunity to obtain that information. *See, e.g., Green Constr. Co. v. Kansas Power & Light Co.*, 125 F.R.D. 121, 125 (D. Kan. 1990) (when owner of construction performance bonds had prior opportunity to discover histories of other bond claims, discovery of those histories was denied).

### IV. THE BURDEN OF RESPONDING TO THE INTERROGATORY OUTWEIGHS ITS BENEFIT.

8. Finally, the burden of responding to the Interrogatory outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii). At this point in the proceedings, the Court has more than enough information before it to make a final determination regarding the domiciles of Mr. Lubar and Ms. Yano. In response to East Chicago's First Requests for Production of Documents, Morgan Lewis produced Mr. Lubar and Ms. Yano's passports, driver's licenses, tax returns, bar registration statements, bank account statements, and various documents evincing their ownership of property in London, New York, and Tokyo. (Req. for Prod. at 3-7, attached hereto as Ex. D.) Morgan Lewis also produced Mr. Lubar's certificate of naturalization as a British citizen and Ms. Yano's certificate of alien registration. (*Id.*) Now, pursuant to the Court's order dated July 31, 2008 (Docket #41), Morgan Lewis also has produced the signature pages of Mr. Lubar and Ms. Yano's partnership agreements, an affidavit from Ms. D'Agostino attesting to the validity of the same, and affidavits from Mr. Lubar and Ms. Yano attesting to their status as Morgan Lewis partners who are United States citizens domiciled abroad. (*See* Docket #42.) Forcing Morgan Lewis to go through the process of collecting the information sought by

1193686-1                                     5

the Interrogatory will add nothing to the Court's ability decide the Motion to Remand. It merely will generate additional attorneys' fees, which Morgan Lewis has indicated its intent to pursue since the outset of the proceedings on the Motion to Remand. (*See* Docket #15 at 8). Because the burden of responding to the Interrogatory clearly outweighs its benefit, Morgan Lewis should not be required to disclose the information sought by the Interrogatory. *See, e.g., Coleman v. Am. Red Cross*, 23 F.3d 1091, 1098 (6th Cir. 1994) (plaintiff's request for documents unduly burdensome where it would have required defendant to search every file at its national headquarters).

## CONCLUSION

**WHEREFORE**, Morgan Lewis respectfully requests that the Court enter a protective order prohibiting the disclosure of the information sought by the Interrogatory issued to Morgan Lewis by East Chicago on August 1, 2008, and granting any further relief the Court deems just.

Dated: August 11, 2008 Respectfully submitted,

/s/ Tina B. Solis
One of the Attorneys for
MORGAN, LEWIS & BOCKIUS LLP

F. Thomas Hecht (ARDC #1168606)
Tina B. Solis (ARDC #6242461)
Seth A. Horvath (ARDC #6283110)
Ungaretti & Harris LLP
3500 Three First National Plaza
Chicago, Illinois 60602
Telephone (312) 977-4400
Facsimile (312) 977-4405

**SERVICE OF DOCUMENTS BY ELECTRONIC MEANS**

  I, Tina B. Solis, an attorney, certify that service of this document was accomplished pursuant to ECF on all Electronic Filing Users of record this 11th day of August 2008.

                /s/ Tina B. Solis

# EXHIBIT A

instance, explain the circumstances surrounding such disposition and identify the person directing or authorizing same, and the date thereof.

East Chicago also hereby requests that you provide timely supplements to the extent required by Fed.R.Civ.P. 26(E).

## INTERROGATORY NO. 1:

For each person who was a partner of the Plaintiff as of May 12, 2008, state the person's name and place of domicile.

**ANSWER:**

Respectfully submitted,

**EICHHORN & EICHHORN, LLP**

By: *[signature]*
One of the attorneys for the Defendant,
City of East Chicago

David C. Jensen, #18395
Robert J. Feldt, #14284
**EICHHORN & EICHHORN, LLP**
200 Russell Street
P.O. Box 6328
Hammond, IN 46325
219-931-0560

3

# EXHIBIT B

Case 1:08-cv-02748   Document 44-3   Filed 08/11/2008   Page 1 of 2

1        MR. FELDT:  I said requestion.  I'm not going to

2   ask her about people who are not at issue in the

3   motion as U.S. citizens domiciled or residing abroad

4   if they're not going to be raised.

5        MS. SOLIS:  That's fine.

6        MR. FELDT:  And all I'm saying is if you change

7   your mind and decide to assert them, you know, I

8   think I have the right to come back and ask the

9   questions.

10       MS. SOLIS:  We understand that request,

11  Mr. Feldt.  We are just relying on Mr. Lubar and

12  Ms. Yano for purposes of our motion.

13       MR. FELDT:  Okay.

14  BY MR. FELDT:

15       Q    I'm just going to run through some other

16  states then, Ms. D'Agostino, where I understand that

17  Morgan Lewis has offices.

18            So my first question is, does Morgan Lewis

19  have offices in Texas?

20       A    Yes.

21       Q    Does Morgan Lewis have partners who are

22  domiciled in the State of Texas?

23       A    Yes.

24       Q    Does Morgan Lewis have an office in

# EXHIBIT C

extent that the information and/or documents they seek is unreasonably cumulative, duplicative or obtainable from some other source that is more convenient, less burdensome or less expensive.

Subject to and without waiver of these General Objections, which are expressly incorporated by reference into each of the responses below, Morgan Lewis responds more specifically.

### SPECIFIC OBJECTIONS AND/OR RESPONSES
### (in addition to all General Objections)

### REQUEST FOR ADMISSION NO. 1

**Neither the Plaintiff nor any of the Plaintiff's partners are citizens of the State of Indiana.**

**OBJECTIONS AND/OR RESPONSE:** Morgan Lewis admits that none of Morgan Lewis' partners resides in the State of Indiana. Morgan Lewis can neither admit nor deny whether Morgan Lewis or any of its partners is a citizen of the State of Indiana.

### REQUEST FOR ADMISSION NO. 2

**Neither the Plaintiff nor any of the Plaintiff's partners are domiciled or have their principal place of business in the State of Indiana.**

**OBJECTIONS AND/OR RESPONSE:** Morgan Lewis admits that none of its partners is domiciled in the State of Indiana. Morgan Lewis admits that none of its partners, in his or her capacity as a Morgan Lewis partner, has his or her principal place of business in Indiana. Morgan Lewis admits that it is not domiciled in the State of Indiana and that it does not have its principal place of business in the State of Indiana.

### INTERROGATORY NO. 1

With regard to any of the foregoing Requests for Admission which you did not unconditionally admit, for each state:

# EXHIBIT D

more specifically.

## SPECIFIC OBJECTIONS AND/OR RESPONSES
(in addition to all General Objections)

### REQUESTS FOR DOCUMENTS

1.  **All documents upon which Ms. Clare D'Agostino relied with regard to her Declaration of June 4, 2008.**

**OBJECTIONS AND/OR RESPONSE:** Morgan Lewis responds that Clare D'Agostino ("Ms. D'Agostino") relied on documents maintained by Morgan Lewis in the ordinary course of business, including information from various files and/or databases on residence and the information available on the Morgan Lewis website regarding Charles Lubar ("Mr. Lubar") and Lisa Yano ("Ms. Yano"). This information and documents relevant to the Motion to Remand will be produced.

2.  **All documents utilized as the basis for the representations about Mr. Lubar's citizenship, domicile or partnership in the *Swiger* matter, Civil Action No. 05-CV-5725, United States District Court for the Eastern District of Pennsylvania.**

**OBJECTIONS AND/OR RESPONSE:** Morgan Lewis will produce the first page of Mr. Lubar's 2005 United Kingdom tax return (ML00128); the first page of Mr. Lubar's 2004 United States tax return (ML00129); statements for bar dues paid by Mr. Lubar in 2004 and 2005 to the Maryland Bar; (ML00130-131); statements for bar dues paid by Mr. Lubar in 2004 and 2005 to the District of Columbia Bar (as an inactive member) (ML00132-133); a November 2005 statement from the Law Society regarding Mr. Lubar's registration as a Registered Foreign Lawyer (ML00134); Mr. Lubar's Washington, D.C. driver's license (ML00136); a June 2006 bank statement from Mr. Lubar's bank account with Coutts Bank, Geneva, Switzerland (ML00137); a July 2006 bank statement from Mr. Lubar's bank account with SunTrust Bank, Orlando, Florida,

1175436-2                                    3

which account is located in Washington, D.C. (ML00138-139); a 2004 interest statement from an account with Fleet National Bank, Scranton, Pennsylvania, relating to Mr. Lubar's payment of New York real estate tax (ML00147); a May 2006 statement from Mr. Lubar's Citigroup Global Markets, Inc. brokerage account (ML00140); January 2006 and March 2006 Chase mortgage loan statements for Mr. Lubar's apartment in New York, New York (ML00142-143); a June 2006 Citibank mortgage account statement for Mr. Lubar's apartment in New York, New York (ML00141); a July 2006 statement for payment of property maintenance fees for residential property owned by Mr. Lubar in London, United Kingdom (ML00144); a January 2006 statement for payment of property maintenance fees for Mr. Lubar's apartment in New York, New York (ML00145); a January 2005 statement regarding payment of real estate taxes for Mr. Lubar's apartment in New York, New York (ML00146); a 2004 United States tax return mortgage interest statement for Mr. Lubar's apartment in New York, New York (ML00148). Each of these documents is redacted so as not to reflect any confidential personal information.

3.  **All documents which refer to Mr. Lubar's citizenship and/or domicile.**

**OBJECTIONS AND/OR RESPONSE:** Morgan Lewis will produce all of the documents described in response to Request No. 2 (ML00128-48), as well as Mr. Lubar's United Kingdom passport (ML00001-0037); Mr. Lubar's United States passport (ML00038-00067); Mr. Lubar's certificate of naturalization as a British citizen (ML00155); Mr. Lubar's business card (ML00069); Mr. Lubar's letterhead (ML00070); a statement for bar dues paid in 2007 by Mr. Lubar to the Maryland Bar (ML00071); a statement for bar dues paid in 2008 by Mr. Lubar to the District of Columbia Bar (as an inactive member) (ML00075); Mr. Lubar's 2006 application for renewal as a Registered

1175436-2                                        4

Foreign Lawyer (ML00072); a 2008 statement from the Law Society regarding Mr. Lubar's registration as a Registered Foreign Lawyer (ML00073); a June 24, 2008 e-mail from the Solicitors Regulation Authority confirming that Mr. Lubar is a Registered Foreign Lawyer (ML00074); a June 27, 2008 statement from the Solicitors Regulation Authority regarding Mr. Lubar's registration as a Registered Foreign Lawyer (ML00156); the cover sheet of Mr. Lubar's 2006 U.S. tax return (ML00076); the first page of Mr. Lubar's 2006 United States tax return (ML00077); Form 2555 of Mr. Lubar's 2006 United States tax return (ML00078-80); Form 1042-S of Mr. Lubar's 2007 United States tax return (ML00081); the first and second pages of Mr. Lubar's 2007 United Kingdom tax return (ML00082-83); September 2007 and May 2008 account statements from SunTrust Bank, Orlando, Florida which account is located in Washington, D.C. (ML00084-85); a March 2008 account statement for Leumi Bank, Jersey (ML00086); a March 2008 account statement from Citibank, New York, New York (ML00087); a January 2007 account statement from Coutts & Co. Bank, London, United Kingdom (ML00088); a June 2008 statement regarding Mr. Lubar's payment of rent for his apartment in London, United Kingdom (ML00096-97); a January 2008 gas bill for Mr. Lubar's apartment in London, United Kingdom (ML000103); an April 2008 electric bill for Mr. Lubar's apartment in London, United Kingdom (ML00104); a January 2008 tax bill for residential property owned by Mr. Lubar in London, United Kingdom (ML00100); April 2008 and June 2008 statements for Mr. Lubar's payment of property maintenance fees for residential property owned by Mr. Lubar in London, United Kingdom (ML00089, 00092-95); July 2007 and September 2007 statements for Mr. Lubar's payment of property maintenance fees for his apartment in New York, New

York (ML00090-91); April 2008 and May 2008 Citibank mortgage account statements for Mr. Lubar's apartment in New York, New York (ML00098-99); July 2007 and October 2007 gas and electric bills for Mr. Lubar's apartment in New York, New York (ML00101-102). Each of these documents is redacted so as not to reflect any confidential personal information.

4. **All documents which refer to Ms. Yano's citizenship and/or domicile.**

**OBJECTIONS AND/OR RESPONSE:** Morgan Lewis will produce the first page of Ms. Yano's United States passport (ML00105); Ms. Yano's Japanese driver's license (ML00107); Ms. Yano's Certificate of Alien Registration (ML00106); a statement for bar dues paid in 2008 by Ms. Yano to the California Bar (ML00109); a statement for bar dues paid in 2006 by Ms. Yano to the New York Bar (ML00111); a 2007 statement acknowledging Ms. Yano's change of attorney registration information for the New York Bar (ML00112); a 2008 statement from the New York State Unified Court System regarding Ms. Yano's registration as a member of the New York Bar (ML00110); Ms. Yano's Notice for Registration as Foreign Lawyer in Japan (ML00113-115); the Governmental Gazette providing notice of Ms. Yano's registration as a Foreign Lawyer; (ML00116); Ms. Yano's business card (ML00108); the first page of Ms. Yano's 2006 United States tax return (ML00117); an April 2008 bank account statement from Citibank (ML00118); a May 2008 consolidated bank and brokerage account statement from Citibank (ML00119); a May 2008 brokerage account statement from Fidelity Investments (ML00120); a May 2008 Citibank mortgage loan statement for residential property owned by Ms. Yano in Kanagawa-Ken, Japan (ML00121-123); a 2008 property registration statement for residential property owned by Ms. Yano in Kanagawa-Ken,

Japan (ML00125-127); a 2008 tax bill for Ms. Yano's condominium in Tokyo, Japan (ML00124). Each of these documents is redacted so as not to reflect any confidential personal information.

     **5.** **Any document related to or showing that any individual classified as or considered to be a partner with Morgan Lewis is a citizen or domiciliary of the State of Indiana, and for each such individual, provide all partnership documents.**

     **OBJECTIONS AND/OR RESPONSE:** Morgan Lewis responds by stating that there are no responsive documents to this request in Morgan Lewis' possession, custody, or control.

     **6.** **All partnership agreements which form the basis for Plaintiff's claims that Mr. Lubar and Ms. Yano are partners of Morgan Lewis.**

     **OBJECTIONS AND/OR RESPONSE:** Morgan Lewis objects to this request on the grounds that it is beyond the discovery authorized by the Court on issues related to the Motion to Remand. It is not reasonably calculated to lead to the discovery of admissible evidence. Morgan Lewis further responds by stating that information confirming Mr. Lubar and Ms. Yano's status as Morgan Lewis partners is publicly available on Morgan Lewis' website, on the Martindale-Hubbell Law Directory, and from various other similar sources. Morgan Lewis further responds by producing the letterhead of Mr. Lubar (ML00070) and the business card of Ms. Yano (ML00108), which acknowledge the status of each as "Partner."

     **7.** **All documents which reflect an ownership or occupancy interest in real property held by Mr. Lubar and Ms. Yano, respectively, between January 1, 2002 and the present date.**

     **OBJECTIONS AND/OR RESPONSE:** Morgan Lewis will produce the following documents regarding Mr. Lubar: January 2006 and March 2006 Chase