IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DIVISION OF ILLINOIS

| | |
|---|---|
| **MORGAN, LEWIS & BOCKIUS LLP,**<br>    **Plaintiff,** | )<br>)<br>) |
| v. | )    No. 08-cv-2748<br>)<br>)    Judge: Rebecca R. Pallmeyer |
| **CITY OF EAST CHICAGO,**<br>    **Defendant.** | )    Magistrate Judge:<br>)    Sidney I. Schenkier |

**RESPONSE OF THE DEFENDANT, CITY OF EAST CHICAGO, IN
OPPOSITION TO THE PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

The Defendant, City of East Chicago, ("East Chicago"), by its attorneys, Eichhorn & Eichhorn, LLP, states as follows for its Response in opposition to the Plaintiff's August 11, 2008 Motion For Protective Order, [DE44], ("motion"):

1.  The Plaintiff's motion seeks a protective order "prohibiting the disclosure of the information sought by the Interrogatory issued to Morgan Lewis by East Chicago on August 1, 2008. [DE44, Preamble, p. 1, and "Wherefore" clause, p. 2] It appears from the Plaintiff's motion, however, that the Plaintiff is asking the Court not merely to limit "disclosure of the information," but rather, for permission to not respond at all, in violation of Fed.R.Civ.P. 26(b)(1), d(1) and (2) and 33(a)(2), (b)(1)-(3). [DE44, generally] In any event, the Plaintiff's motion must be stricken for its failure to comply with Fed.R.Civ.P. 26(c)(1) and L.R. 37.2.

2.  The Plaintiff also makes several assertions for why it should be excused from answering East Chicago's Interrogatory. Each of these assertions is meritless.[1]

3.  Parties are permitted discovery as to any non-privileged matter which is relevant to any party's claims or defenses, in this instance, the Plaintiff's claim that this Court lacks diversity

---

[1] As it has on previous occasions, the Plaintiff inappropriately argues the merits of its claims and makes false accusations as to East Chicago's motives in the midst of addressing discovery and procedural matters. [DE44, ¶¶1-3]

of citizenship subject matter jurisdiction. Fed.R.Civ.P. 26(b)(1). [DE14, 15] Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id*. Even material which might seem personal such as tax information is discoverable, particularly when, as here, the party responding to discovery has placed the subject area at issue in the case. *See*, *Poulos v. Naas Food, Incorporated*, 959 F.2d 69, 74-75 (7th Cir. 1992), (holding that the plaintiff waived any alleged privilege as to his income tax returns by seeking lost income.) Place of domicile is not even considered personal information. Fed.R.Civ.P. 5.2.

4.  East Chicago's Interrogatory is clearly relevant to the Plaintiff's Motion To Remand. [DE44, ¶5] In relevant part, 28 U.S.C. § 1332(a)(1) states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy . . .is between citizens of different states." A simple three-step test exists as a result to determine under §1332(a)(1) if a controversy is between Citizens of different States: 1) determine if the plaintiff and defendant are both U.S. Citizens; 2) determine if the plaintiff and defendant are both Citizens of one or more of the fifty (50) States; and 3) if 1) and 2) are satisfied, determine if there is any overlapping States. *See, Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *Sadat v. Mertes,* 615 F.2d 1176, 1180 (7th Cir. 1980). As a partnership, the Plaintiff's citizenship is determined by consulting the citizenship of its partners, in this case including at least the States of Illinois, New York, California, New Jersey, Pennsylvania, Massachusetts, Florida, Texas and Minnesota, but not including the State of Indiana. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990), (finding that the parties were not diverse because one of the defendant's limited partners, like the plaintiff, was a Citizen of the State of Louisiana); *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is *the citizenship of each of its members*."),

*(emphasis added)*; *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881, n. 1 (7th Cir. 2004), ("[F]or diversity purposes, 'limited liability companies are citizens *of every state of which any member is a citizen.*'"), (*emphasis added, and citing to Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003)). Citizenship is synonymous with domicile, which is defined as a person's "true, fixed, and permanent home and place of habitation." *Vlandis v. Kline*, 412 U.S. 441, 454 (1973). Diversity of citizenship between the parties to an action is proved by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936), (noting that a defendant can meet its burden by supporting its allegations of jurisdiction with "competent proof"); *see also, Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993), (explaining that a defendant must offer evidence which proves "to a reasonable probability that jurisdiction exists.")

    5.    The Plaintiff has itself demonstrated the relevancy of East Chicago's Interrogatory by suggesting that East Chicago did not consider all of its partners, albeit this suggestion is false. [DE15, p. 3] East Chicago reasonably concluded that, if none of the partners in the Chicago office were domiciled in the State of Indiana, there was no likelihood that a partner in an office several States away might be. The Plaintiff's suggestion is based upon an incorrect pleading standard; East Chicago was only obligated to plead diversity to a reasonable probability. *Gould*, 1 F.3d at 547. East Chicago was then entitled to establish complete diversity through discovery, which is the point of the Interrogatory. *See, Boustead v. Barancik*, 151 F.R.D. 102, 105-06 (E.D. Wis. 1993), *citing, Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, fn.13 (1978) (Exhibit B, Admission Response Nos. 1-2.) East Chicago is entitled to obtain the discovery to reject the notion which the Plaintiff has raised that East Chicago has not met its burden to establish diversity of citizenship,

[DE15, p. 3], regardless of the Plaintiff's contentions as to Ms. Yano and Mr. Lubar. The information is required for subject matter jurisdiction, and the Plaintiff no doubt will be required to disclose this information to the Seventh Circuit in the event of an appeal. The Plaintiff's request for remand is based upon the notion that Ms. Yano and Mr. Lubar define the citizenship of its hundreds of other partners; East Chicago is entitled to make a record of who these other people are should the Plaintiff's arguments fail.

6. The information sought by the Interrogatory also is not cumulative of East Chicago's Request For Admission No. 2. [DE44, ¶6] The Plaintiff only admitted that none of its partners is domiciled in Indiana. [DE44, Exhibit C] The Plaintiff's Response does not provide the affirmative information sought in the Interrogatory, the places of domicile of the persons claimed by the Plaintiff to be partners as of the date East Chicago's Notice Of Removal was filed. [DE44, Exhibits A and C] Likewise, the Plaintiff's "stipulation" that it is not relying upon anyone besides Ms. Yano and Mr. Lubar for its request for remand, [DE44, ¶5], does not supply the requested information.

7. The Plaintiff's complaint that it should be excused from answering the Interrogatory because East Chicago could have asked for this information is contradictory, [DE44, ¶¶6 and 7], makes no sense and has no support in the law. There is no order barring this Interrogatory, and Fed.R.Civ.P. 26(d)(1) rejects the Plaintiff's argument that East Chicago cannot issue discovery in the sequence of its own choosing. Rule 26(d)(1) rejects the notion that East Chicago has "squandered its opportunity," [DE44, ¶8], to ask such a simple question as it does in its Interrogatory, least of all in a case in its infancy.

8.      Finally, the Plaintiff has made no showing that providing the requested information poses any burden, least of all such a burden as to warrant denying East Chicago its right to discovery. [DE44, ¶8] It is the Plaintiff's obligation to show that this Interrogatory is too burdensome to answer and it has not supported this contention with any evidence whatsoever. [DE44, ¶8 and generally] To the contrary, the very basis asserted by the Plaintiff for Ms. Clare D'Agostino's competency to testify was her purported familiarity with the information sought by East Chicago's Interrogatory and the fact that she has compiled this information already in order to perform her job duties as its attorney. [DE35, pp. 2-4 and Exhibit A, pp. 11, 13-14, 77-79; DE42, Exhibit A, ¶¶ 3-4] Since the Plaintiff already has compiled the information, and seems to be in a hurry, [DE44, ¶¶1-3], there is good cause for requiring it to respond before the next status hearing date.

WHEREFORE, the Defendant, City of East Chicago, respectfully requests that the Court enter an order which denies the Motion For Protective Order, [DE44], of the Plaintiff, Morgan, Lewis Bockius LLP, and further, which orders the Plaintiff to respond to East Chicago's Interrogatory on or before August 21, 2008.

    Respectfully submitted,

    **EICHHORN & EICHHORN, LLP**

    By: s/Robert J. Feldt
       One of the attorneys for the Defendant,
       City of East Chicago

David C. Jensen
Robert J. Feldt
**EICHHORN & EICHHORN, LLP**
200 Russell Street
P.O. Box 6328
Hammond, IN 46325
219-931-0560

## CERTIFICATE OF SERVICE

I, Robert J. Feldt, hereby certify that on the __13th__ day of August, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

> F. Thomas Hecht
> Tina B. Solis
> UNGARETTI & HARRIS
> 3500 Three First National Plaza
> Chicago, IL 60602
> fthecht@uhlaw.com
> tbsolis@uhlaw.com

                                                  s/Robert J. Feldt
                                                  Robert J. Feldt