IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MORGAN, LEWIS & BOCKIUS LLP,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-cv-2748 |
| | ) | |
| **CITY OF EAST CHICAGO,** | ) | Judge: Rebecca R. Pallmeyer |
| | ) | Magistrate Judge: |
| Defendant. | ) | Sidney I. Schenkier |

### RESPONSE OF THE DEFENDANT, CITY OF EAST CHICAGO, IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXHIBITS IN FURTHER SUPPORT OF MOTION TO REMAND, [DE49]

The Defendant, City of East Chicago, ("East Chicago"), by its attorneys, Eichhorn & Eichhorn, LLP, states as follows for its Response in opposition to the Plaintiff's August 26, 2008 Motion For Leave To File Supplemental Exhibits In Further Support Of Motion To Remand, [DE49], ("motion"):

1. East Chicago removed this matter to the United States District Court for the Northern District of Illinois on May 12, 2008. [DE 1-2, 6, 9] The Plaintiff, Morgan, Lewis & Bockius LLP, filed a Motion To Remand, ("motion"), on June 5, 2008. [DE 14]

2. The Plaintiff failed to support its motion with affidavits or other testimony from either of the two relevant witnesses asserted in the motion, Mr. Charles Lubar and Ms. Lisa Yano. [DE 14, 15] The Plaintiff also objected to producing either of those witnesses for deposition. [DE 25, Exhibit C] After initially granting that objection, the Court ordered the Plaintiff to provide affidavits from Mr. Lubar and Ms. Yano, [DE 42, ¶ 4], and thereafter overruled the Plaintiff's objection and allowed East Chicago to depose these two witnesses. [DE 47]

3. East Chicago then deposed Mr. Lubar by telephone on August 19, 2008 while Mr. Lubar was present at the Plaintiff's office in New York City. (See attached Exhibit A, Lubar Dep., p. 5.) The deposition of Ms. Yano was scheduled to proceed by agreement on August 25, 2008. (See attached Exhibit B, communications between the parties and Yano deposition notice and subpoena.)

4. Then, the Plaintiff changed its mind on August 22, 2008 and objected to proceeding with Ms. Yano's deposition telephonically. Now it has this day withdrawn her from consideration with regard to the Plaintiff's motion altogether. [DE 49] Instead, one day before East Chicago's supplemental filings are due and less than two (2) days before the Court's hearing, the Plaintiff has filed a motion in which it argues new authority and affirmatively raises testimony from Mr. Lubar which it could have offered months ago, or even in the affidavit which it was ordered to file and did file on August 14, 2008. [DE 14, 15, 42, 47 and 49]

5. In light of these new filings by the Plaintiff at the eleventh hour, [DE 49], East Chicago requested an agreement as to a short extension of time to analyze the new authority which the Plaintiff raised in its August 26, 2008 motion, as well as the arguments and evidence asserted in that motion. (See attached Exhibit C, various communications between the parties' counsel.) The Plaintiff has argued the applicability of the new Third Circuit <u>Sliger</u> opinion in its motion and East Chicago has only one day to analyze this opinion and the authorities cited by the Third Circuit. This simply is not a sufficient amount of time to respond to this new development. East Chicago also now must not only address that testimony from Mr. Lubar which it intended to assert itself, but it also must address testimony which the Plaintiff could have offered months ago. At the same time, the Plaintiff has caused East Chicago's counsel to waste a substantial amount of time preparing for Ms.

Yano's deposition and analyzing and researching its eleventh hour objection to her telephonic deposition.

6. Finally, East Chicago timely requested the transcripts of the July 31, 2008 and the August 14, 2008 hearings for use with its Supplemental Brief. The transcripts were to be completed by today, but have not yet been received as of 5:00 p.m.

7. A short extension of time of the deadline established in DE 47 and a short continuance of the status hearing set for August 28, 2008, [DE 41], is appropriate and will not unfairly prejudice the Plaintiff or unduly delay these proceedings.

WHEREFORE, the Defendant, City of East Chicago, requests that the Court enter an order which denies the Plaintiff's motion or; in the alternative a) resets the August 27, 2008 deadline for the Defendant's supplemental filing to September 2, 2008 and b) resets the Court's August 28, 2008 status hearing for a date shortly after September 2, 2008.

Respectfully submitted,

**EICHHORN & EICHHORN, LLP**

By: s/Robert J. Feldt
  One of the attorneys for the Defendant,
  City of East Chicago

David C. Jensen
djensen@eichhorn-law.com
Robert J. Feldt
rfeldt@eichhorn-law.com
**EICHHORN & EICHHORN, LLP**
200 Russell Street
P.O. Box 6328
Hammond, IN 46320
219-931-0560

**CERTIFICATE OF SERVICE**

     I, Robert J. Feldt, hereby certify that on the __26th__ day of August, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

> F. Thomas Hecht
> Tina B. Solis
> UNGARETTI & HARRIS LLP
> 3500 Three First National Plaza
> Chicago, IL 60602
> fthecht@uhlaw.com
> tbsolis@uhlaw.com

                                        s/Robert J. Feldt
                                        Robert J. Feldt

# EXHIBIT A

```
 1              IN THE DISTRICT COURT OF THE UNITED STATES
                  FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                           EASTERN DIVISION

 3
     MORGAN, LEWIS & BOCKIUS LLP,    )
 4                                   )
                  Plaintiff,         )
 5                                   )
          -vs-                       ) No. 08 CV 2748
 6                                   )
     CITY OF EAST CHICAGO,           )
 7                                   )
                  Defendant.         )
 8

 9

10         Deposition of CHARLES G. LUBAR via telephone, taken

11   before DONNA L. POLICICCHIO, C.S.R., and Notary Public,

12   pursuant to the Federal Rules of Civil Procedure for the

13   United States District Courts pertaining to the taking of

14   depositions, at 200 Russell Street, Eighth Floor,

15   Hammond, Indiana, commencing at 2:00 o'clock p.m., on the

16   19th day of August, 2008.

17

18

19

20

21

22

23

24
```

DEFENDANT'S EXHIBIT A
Blumberg No. 5114

**MERRILL LEGAL SOLUTIONS**

311 S. Wacker Drive, Suite 300
Chicago, IL 60606

312.386.2000 Tel

www.merrillcorp.com/law

1           CHARLES G. LUBAR,
2   called as a witness herein, having been first duly
3   sworn, was examined upon oral interrogatories and
4   testified as follows:
5                    EXAMINATION
6   BY MR. FELDT:
7       Q   Sir, could you state and spell your name for
8   the record, please?
9       A   Charles Gordon Lubar, L-U-B-A-R.
10      Q   Mr. Lubar, where are you located right now?
11      A   I'm in my office in New York City.
12      Q   When you say your office, do you mean an
13  office of Morgan, Lewis & Bockius LLP?
14      A   That's correct.
15      Q   Okay.  What's the address there?
16      A   101 Park Avenue.
17      Q   All right.  Have you ever given a deposition
18  before?
19      A   Yes.
20      Q   Do you know how many times?
21      A   No, not really.  Maybe several, I think.
22      Q   Okay.  Do you also take depositions in your
23  practice?
24      A   No.  I am not a litigator.

# EXHIBIT B

Case 1:08-cv-02748   Document 51-3   Filed 08/26/2008   Page 1 of 9

## Robert J. Feldt

| | |
|---|---|
| From: | "Robert J. Feldt" <rfeldt@eichhorn-law.com> |
| To: | "Solis, Tina B." <tbsolis@uhlaw.com> |
| Cc: | "Horvath, Seth A." <sahorvath@uhlaw.com> |
| Sent: | Thursday, August 21, 2008 2:25 PM |
| Subject: | Re: Morgan Lewis v. City of East Chicago |

Dear Ms. Solis,

Thank you for your prompt response.

Very Truly Yours,


_____
Robert J. Feldt
Eichhorn & Eichhorn, LLP
200 Russell Street
P.O. Box 6328
Hammond, IN 46325
rfeldt@eichhorn-law.com
(219) 931-0560, ext. 136 - voice
(219) 931-5370 - facsimile trans.

> ----- Original Message -----
> **From:** Solis, Tina B.
> **To:** Robert J. Feldt
> **Cc:** Horvath, Seth A.
> **Sent:** Thursday, August 21, 2008 1:59 PM
> **Subject:** RE: Morgan Lewis v. City of East Chicago
>
> Mr. Feldt:
>
> We respectfully disagree with your need to take Ms. Yano's deposition but, nonetheless, will produce her on Monday August 25th as previously scheduled. The procedure as set forth in your letter as to the logistics of the telephonic deposition are agreeable to us.
>
> Sincerely,
>
> Tina B. Solis
>
> _____
>
> **From:** Robert J. Feldt [mailto:rfeldt@eichhorn-law.com]
> **Sent:** Thursday, August 21, 2008 12:50 PM
> **To:** Solis, Tina B.
> **Cc:** Horvath, Seth A.
> **Subject:** Morgan Lewis v. City of East Chicago
>
> Dear Ms. Solis,
>
> Please see the attached materials. Please note that there is a typographical error in the subpoena; [DE42, Ex. B] should be [DE42, Ex. C].

DEFENDANT'S EXHIBIT B

Very Truly Yours,

_____
Robert J. Feldt
Eichhorn & Eichhorn, LLP
200 Russell Street
P.O. Box 6328
Hammond, IN 46325
rfeldt@eichhorn-law.com
(219) 931-0560, ext. 136 - voice
(219) 931-5370 - facsimile trans.

```
Information contained in this email transmission is privileged and
confidential. If you are not the intended recipient, do not read,
distribute or reproduce this transmission (including any
attachments). If you have received this email in error, please
notify the sender by email reply.

To ensure compliance with requirements imposed by the IRS, we
inform you that, unless otherwise expressly indicated, any U.S.
federal tax advice contained in this communication (including any
attachments) is not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.
```

## Robert J. Feldt

| | |
|---|---|
| **From:** | "Robert J. Feldt" <rfeldt@eichhorn-law.com> |
| **To:** | "Solis, Tina B." <tbsolis@uhlaw.com> |
| **Cc:** | "Horvath, Seth A." <SAHorvath@uhlaw.com> |
| **Sent:** | Thursday, August 21, 2008 12:50 PM |
| **Attach:** | 8-21-08letter.pdf |
| **Subject:** | Morgan Lewis v. City of East Chicago |

Dear Ms. Solis,

Please see the attached materials. Please note that there is a typographical error in the subpoena; [DE42, Ex. B] should be [DE42, Ex. C].

Very Truly Yours,

_____
Robert J. Feldt
Eichhorn & Eichhorn, LLP
200 Russell Street
P.O. Box 6328
Hammond, IN 46325
rfeldt@eichhorn-law.com
(219) 931-0560, ext. 136 - voice
(219) 931-5370 - facsimile trans.

# EICHHORN & EICHHORN, LLP

| DAVID C. JENSEN* | JOHN P. TWOHY* | LOGAN C. HUGHES* |
| PAUL A. RAKE | MICHAEL ROTH | MEGAN C. BRENNAN* |
| JOHN M. McCRUM | MATTHEW S. VER STEEG | MALLORY R. INSELBERG |
| ROBERT J. FELDT** | KIRK D. BAGROWSKI* | NICHOLAS G. BRUNETTE |
| GREGORY A. CRISMAN | | BRETT T. CLAYTON |
| ALYSSA STAMATAKOS | MICHAEL P. MULCHAY | MICHAEL D. KARRAS |
| DAVID J. BEACH | TRENTON W. GILL | CARLY A. BRANDENBURG |
| LOUIS W. VOELKER, III | KAROL A. SCHWARTZ | |

————————————————————ATTORNEYS AT LAW————————————————————

HAMMOND OFFICE
200 RUSSELL STREET
POST OFFICE BOX 6328
HAMMOND, INDIANA 46325
TELEPHONE: (219) 931-0560
TELECOPIER: (219) 931-5370

INDIANAPOLIS OFFICE
9101 NORTH WESLEYAN ROAD
SUITE 401
INDIANAPOLIS, IN 46268
TELEPHONE: (317) 228-9670
TELECOPIER: (317) 228-9569

FREDERICK F. EICHHORN, JR.
WILLIAM H. EICHHORN
RETIRED

* ALSO ADMITTED IN ILLINOIS
** ALSO ADMITTED IN ILLINOIS & MINNESOTA

TOLL FREE NUMBER: (866) 931-0560

August 21, 2008

PLEASE REPLY TO: Hammond Office

VIA REGULAR U.S. MAIL
and E-MAIL TRANSMISSION

Ms. Tina B. Solis
**UNGARETTI & HARRIS LLP**
3500 Three First National Plaza
Chicago, IL 60602

    Re:    <u>Morgan Lewis Bockius, LLP v. City of East Chicago</u>
             Cause No. 1:08-cv-2748
             Our File No. 411.11197

Dear Ms. Solis:

    This will acknowledge my agreement with you to proceed with the deposition of Ms. Lisa Yano via a telephonic deposition with all parties calling a central telephone number at 8:00 a.m., prevailing time, on August 25, 2008. We are in receipt of Mr. Horvath's August 21, 2008 correspondence but must respectfully decline his request. It is my understanding that you also are agreeable to the court reporter being present with me at our offices in Hammond, Indiana and swearing in the witness via telephone. The court reporter which we have retained is Merrill Legalink, Chicago, Illinois. We would be most appreciative if you could confirm that this process is acceptable to you and your client in writing by return e-mail. The call-in information for this telephone deposition is as follows: dial in number: 877-322-9648; international dial in number: 954-797-0718; participant code: 741968. A copy of the notice of deposition/subpoena is enclosed. The exhibits for the deposition will the same as Ms. D'Agostino's deposition, along with the recent Affidavit tendered by Ms. Yano on August 11, 2008 which you filed on August 11, 2008. We also would appreciate your e-mail confirmation that you will provide these documents to her.

    Please contact me if you have any questions or comments.

    Very truly yours,

    **EICHHORN & EICHHORN, LLP**

    By: _/s/ Robert J. Feldt_
         Robert J. Feldt

RJF:brc
Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DIVISION OF ILLINOIS

| | | |
|---|---|---|
| MORGAN, LEWIS & BOCKIUS LLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-cv-2748 |
| | ) | |
| CITY OF EAST CHICAGO, | ) | Judge: Rebecca R. Pallmeyer |
| | ) | Magistrate Judge: |
| Defendant. | ) | Sidney I. Schenkier |

## NOTICE OF TELEPHONIC DEPOSITION

To:   Ms. Lisa Yano
      c/o F. Thomas Hecht/Tina B. Solis
      UNGARETTI & HARRIS LLP
      3500 Three First National Plaza
      Chicago, IL 60602

PLEASE TAKE NOTICE that on the 25th day of August, 2008, at the hour of 8:00 a.m., prevailing time, the undersigned will proceed to take the telephonic deposition of Ms. Lisa Yano at the offices of Eichhorn & Eichhorn, LLP, 200 Russell Street, Hammond, IN 46320 with a duly authorized court reporter. The deposition will continue without interruption until completed. The deponent is requested to bring the documents listed in the Subpoena attached hereto.

Respectfully submitted,

EICHHORN & EICHHORN, LLP

By: /s/ Robert J. Feldt
One of the attorneys for the Defendant,
City of East Chicago

David C. Jensen
Robert J. Feldt
**EICHHORN & EICHHORN, LLP**
200 Russell Street
P.O. Box 6328
Hammond, IN 46320
219-931-0560

## CERTIFICATE OF SERVICE

I, Robert J. Feldt, certify that on the  21st  day of August, 2008, a true and complete copy of the foregoing Notice Of Telephonic Deposition was served upon:

> Tina B. Solis
> UNGARETTI & HARRIS LLP
> 3500 Three First National Plaza
> Chicago, IL 60602
> tbsolis@uhlaw.com

by depositing a copy in the United States mail, first class postage prepaid, in a properly addressed envelope and by e-mail transmission.

_____
Robert J. Feldt

%AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | ILLINOIS |
|---|---|---|

MORGAN, LEWIS & BOCKIUS LLP

V.

CITY OF EAST CHICAGO

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 08-cv-2748

TO: LISA YANO
c/o F. Thomas Hecht/Tina B. Solis, UNGARETTI & HARRIS
3500 Three First National Plaza, Chicago, IL 60602

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case  telephonically.

| PLACE OF DEPOSITION  Telephonically at EICHHORN & EICHHORN, LLP (with Court Reporter) 200 Russell Street, Hammond, IN 46325 | DATE AND TIME  8/25/08  8:00 a.m. prevailing time |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Any and all documents responsive to the June 19, 2008 First Requests For Production Of Documents and Requests For Admission, Supporting Interrogatory, And Supporting Request For Production of the Defendants, City of East Chicago, and August 11, 2008 Declaration of Lisa Yano attached to the Plaintiff's August 11, 2008 Motion For Leave To File Supplemental Exhibits In Further Support Of Motion To Remand. [DE42, Ex. B]

| PLACE  Telephonically at EICHHORN & EICHHORN, LLP (with Court Reporter) 200 Russell Street, Hammond, IN 46325 | DATE AND TIME  8/25/08  8:00 a.m. prevailing time |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officers Signature and Title (Indicate if Attorney for Plaintiff or Defendant)  [signature]  Attorney for the Defendant | DATE  8/21/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David C. Jensen, Robert J. Feldt, EICHHORN & EICHHORN, LLP, 200 Russell Street, Hammond, IN 46325

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 8/21/08 | 200 Russell Street<br>Hammond, IN 46325 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| LISA YANO<br>c/o F. Thomas Hecht/Tina B. Solis | U.S. Regular Mail and<br>E-mail as PDF attachment |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Robert J. Feldt | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  8/21/08
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

200 Russell Street, Hammond, IN 46325

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT C

## Robert J. Feldt

| | |
|---|---|
| **From:** | "Robert J. Feldt" <rfeldt@eichhorn-law.com> |
| **To:** | "Solis, Tina B." <tbsolis@uhlaw.com>; "Horvath, Seth A." <sahorvath@uhlaw.com> |
| **Cc:** | "David Jensen" <djensen@eichhorn-law.com> |
| **Sent:** | Tuesday, August 26, 2008 3:26 PM |
| **Subject:** | Re: Morgan Lewis v. City of East Chicago |

Dear Ms. Solis,

I see that you already have filed your materials and that they clearly contain argument. However, assuming that you are not intending to file anything else, the schedule which I proposed can be shortened by the amount of time which I had alotted to you. Our response date now could be due September 2, 2008, assuming that we are not forced to waste more time objecting and potentially appearing for two hearings. If this is unacceptable to you, we will be compelled to file an objection and we will ask the Court for more time anyway in the alternative.

Very Truly Yours,


_____
Robert J. Feldt
Eichhorn & Eichhorn, LLP
200 Russell Street
P.O. Box 6328
Hammond, IN 46325
rfeldt@eichhorn-law.com
(219) 931-0560, ext. 136 - voice
(219) 931-5370 - facsimile trans.

----- Original Message -----
**From:** Solis, Tina B.
**To:** Robert J. Feldt ; Horvath, Seth A.
**Cc:** David Jensen
**Sent:** Tuesday, August 26, 2008 2:46 PM
**Subject:** RE: Morgan Lewis v. City of East Chicago

Mr. Feldt:

There is no need to delay this any further. We are only supplementing with the Third Circuit's decision and a few pages from Mr. Lubar's deposition, both of which you already have. There is no additional brief. So we will will not agree to any further extension. The record is complete and there no reason to move the ruling date.

Sincerely,

Tina Solis

**From:** Robert J. Feldt [mailto:rfeldt@eichhorn-law.com]
**Sent:** Tuesday, August 26, 2008 2:27 PM
**To:** Solis, Tina B.; Horvath, Seth A.
**Cc:** David Jensen
**Subject:** Re: Morgan Lewis v. City of East Chicago


DEFENDANT'S EXHIBIT C

8/26/2008

Dear Ms. Solis,

Thank you for your response and Mr. Horvath's letter. If you are going to ask the Court to supplement your filings, however, does it not make sense for me to supplement my response once? If you file something new today or tomorrow, with or without leave, I will need more time. It is my suggestion that we contact the Court early tomorrow and advise her of your intention and reset a new short schedule. For example, assuming that this is enough time, you could file whatever you are going to file by the end of Friday, August 29, 2008, and I could then file one supplement to my response by the end of Thursday, September 4, 2008. The status hearing could then be reset a day or two thereafter, Judge Pallmeyer's schedule permitting.

Very Truly Yours,


_____

Robert J. Feldt
Eichhorn & Eichhorn, LLP
200 Russell Street
P.O. Box 6328
Hammond, IN 46325
rfeldt@eichhorn-law.com
(219) 931-0560, ext. 136 - voice
(219) 931-5370 - facsimile trans.

----- Original Message -----
**From:** Solis, Tina B.
**To:** Robert J. Feldt ; Horvath, Seth A.
**Sent:** Tuesday, August 26, 2008 2:01 PM
**Subject:** RE: Morgan Lewis v. City of East Chicago

Mr. Feldt:

No we are not claiming any portion is confidential and/or subject to the protective order.

Tina Solis

---

**From:** Robert J. Feldt [mailto:rfeldt@eichhorn-law.com]
**Sent:** Tuesday, August 26, 2008 1:37 PM
**To:** Solis, Tina B.; Horvath, Seth A.
**Subject:** Morgan Lewis v. City of East Chicago

Dear Ms. Solis and Mr. Horvath,

I would still appreciate your written confirmation based upon our discussion yesterday that you are withdrawing Ms. Yano as a basis for remand. I also need to know if you are contending that any portion of Mr. Lubar's deposition transcript is confidential and/or subject to the protective order and, therefore, must be filed under seal.

Very Truly Yours,

Robert J. Feldt
Eichhorn & Eichhorn, LLP
200 Russell Street
P.O. Box 6328
Hammond, IN 46325
rfeldt@eichhorn-law.com
(219) 931-0560, ext. 136 - voice
(219) 931-5370 - facsimile trans.

Information contained in this email transmission is privileged and
confidential. If you are not the intended recipient, do not read,
distribute or reproduce this transmission (including any
attachments). If you have received this email in error, please
notify the sender by email reply.

To ensure compliance with requirements imposed by the IRS, we
inform you that, unless otherwise expressly indicated, any U.S.
federal tax advice contained in this communication (including any
attachments) is not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.

Information contained in this email transmission is privileged and
confidential. If you are not the intended recipient, do not read,
distribute or reproduce this transmission (including any
attachments). If you have received this email in error, please
notify the sender by email reply.

To ensure compliance with requirements imposed by the IRS, we
inform you that, unless otherwise expressly indicated, any U.S.
federal tax advice contained in this communication (including any
attachments) is not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.