# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MORGAN, LEWIS & BOCKIUS LLP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 08 C 2748 ) |
| CITY OF EAST CHICAGO, | ) Judge Rebecca R. Pallmeyer ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Morgan, Lewis & Bockius, LLP ("Morgan Lewis" or "the firm") filed this lawsuit in the Circuit Court of Cook County for recovery of its fees for legal services rendered to Defendant, the City of East Chicago, Indiana ("East Chicago"). Defendant removed the case to this court pursuant to the court's diversity jurisdiction. Contending that one of the firm's partners is a United States citizen who resides in the United Kingdom, Morgan Lewis has moved for an order remanding the case to state court. For the reasons set forth here, the motion is granted.

## BACKGROUND

The parties agree that for purposes of diversity jurisdiction, a limited liability partnership has the citizenship of all of its partners. *Carden v. Arkuma Assocs.*, 494 U.S. 185 (1990); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). They agree, further, that East Chicago is a citizen of Indiana and that none of Morgan Lewis's partners are Indiana residents. Morgan Lewis contends that the court nevertheless lacks diversity jurisdiction over this case because one of the firm's partners, Charles Lubar, resides permanently in the United Kingdom.[1] As such, the firm urges, Lubar is "stateless" for diversity purposes, and the court lacks subject matter jurisdiction over this case.

---

[1] Morgan Lewis originally contended that another partner, Lisa Yano, is a U. S. citizen domiciled in Japan, but has withdrawn its objection on this ground and asks the court to decide the case by focusing solely on Mr. Lubar's status.

It is well-established that the federal courts "are courts of limited jurisdiction. They possess only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Where a case removed from the state courts could not have been filed in this court originally, the court must remand. 28 U.S.C. § 1447(c); *Jones v. Gen. Tire & Rubber Co.*, 541 F.2d 660 (7th Cir. 1976); *Schmude v. Sheahan*, 198 F. Supp. 2d 964 (N.D. Ill. 2002). The law concerning diversity jurisdiction is also well-established. The Constitution requires only minimal diversity to support the exercise of the court's jurisdiction—that is, diversity of citizenship between any two parties on opposites sides of the litigation. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530-31 (1967). By statute, however, Congress has restricted the full measure of diversity jurisdiction permitted by the Constitution. 28 U.S.C. § 1332. As that statute has been interpreted by the Supreme Court, "complete diversity" is required, meaning that all parties on one side of the litigation must be diverse from all parties on the other side. *Carden*, 494 U.S. at 186 (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). Finally, '[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State.' *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

A United States citizen domiciled abroad lacks presence and is considered "stateless" for the purposes of §1332(a) and cannot satisfy diversity jurisdiction. *Id.* at 828-29. Thus, if any one partner is stateless, the partnership itself is stateless for purposes of diversity jurisdiction. *See id.*, 490 U.S. at 828-29 (a "stateless" person is not "a citizen of a State" or a "citizen or subject of a foreign state," so his/her presence on any one side of the litigation necessarily defeats diversity); *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731, 733 (7th Cir. 2003) ("One of [defendant law firm]'s partners is a U.S. citizen domiciled in Canada; she has no state citizenship, so the diversity jurisdiction is unavailable."); *Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 805 (7th Cir. 1997) ("for diversity purposes, an expatriate is deemed neither an alien nor a citizen of any State."); *see*

*also Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 (3d Cir. 2008); *Herrick Co. v. SCS Communications, Inc.*, 251 F.3d 315, 322-324 (2d Cir. 2001); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990) (a suit against a United States citizen domiciled abroad may not be premised on diversity). Thus, if Plaintiff has a partner domiciled in the United Kingdom, this court lacks diversity jurisdiction over the litigation.

Morgan Lewis asserts that one of its partners, Lubar, is a citizen of the United States who is domiciled in the United Kingdom. Mem. of Law in Supp. of Mot. to Remand, at 4-5. Lubar has lived and worked in the United Kingdom since 1971, continues to do so, and has the requisite intent to remain indefinitely. D'Agostino Decl. ¶ 3. Lubar is, thus, "stateless" for diversity jurisdiction purposes. The City of East Chicago has not effectively challenged this factual assertion. The City cites *Sadat v. Mertes*, 615 F.2d 1176 (7th Cir. 1980), but that case does not defeat the conclusion that Lubar's presence in this case destroys diversity. In *Sadat*, the plaintiff had dual U.S. and Egyptian citizenship; the court concluded that his allegiance was to the United States, though he was domiciled in Egypt. As a United States citizen domiciled abroad, Sadat, like Lubar here, was stateless for diversity purposes. 615 F.2d at 1180 ("settled precedent establishes that a citizen of the United States who is not also a citizen of one of the United States may not maintain suit under [diversity jurisdiction].") The *Sadat* court's inquiry concerning plaintiff's allegiance is not necessary here, where it is undisputed that Lubar is a citizen of the United States and of no other nation.

This court is bound by the law that directs a conclusion that Lubar's stateless status destroys diversity jurisdiction over the partnership of which he is a member. In a very recent similar case, also involving Lubar's partnership in Morgan Lewis, the Third Circuit Court of Appeals reached the same conclusion. In *Swiger v. Allegheny Energy, Inc.,* 540 F.3d 179 (3d Cir. 2008), a terminated employee brought state law claims against his former employer and its legal counsel, Morgan Lewis. In affirming an order granting defendants' motion to dismiss, the Third Circuit observed:

3

> Putting these principles together, that is, that the citizenship of the individual partners must be shown to be wholly diverse from that of the opposing party (or those of the opposing parties) and that American citizens living abroad cannot sue (or be sued) in federal court based on diversity jurisdiction, our sister circuits and other federal courts have concluded that if a partnership has among its partners any American citizen who is domiciled abroad, the partnership cannot sue (or be sued) in federal court based upon diversity jurisdiction.

540 F. 3d at 184 (citing, *inter alia*, *ISI Int'l.*, 316 F.3d at 733). In a concurring opinion, Judge McKee of the Third Circuit acknowledged that his colleagues had reached the correct result but suggested that "it would be more logical to treat 'stateless' partners in situations like this as 'jurisdictional zeroes,' rather than as citizens of the [opposing party]'s state." 540 F.3d at 186 (McKee, J., concurring). In Judge McKee's view, the ruling he joined "is inconsistent with both reality and common sense"; the rationale for affording a federal forum to litigants who might otherwise face local bias "is not undermined one iota merely because one of Morgan Lewis' many hundreds of partners has been residing in England . . . ." *Id.* at 186, 189. The court finds Judge McKee's observations compelling. *See also* Currie, D., *The Federal Courts and the American Law Institute*, 36 U.Chi. L. Rev. 1, 9-10 (1968) (cited in *Sadat*, 615 F.2d at 1180 n. 4 for the suggestion that "Americans abroad might reasonably be deemed foreign subjects"). Like the Third Circuit, however, this court is bound by precedent.

Morgan, Lewis' motion for remand (14) is granted.

ENTER:

Dated: October 29, 2008

_____
REBECCA R. PALLMEYER
United States District Judge

4